*††13pgs*

FILED ORL BK DROPBOX
JUN '26 PM4:35

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

In re:

Homemakers Real Estate, LLC,

Debtor.

_____/

Case No. 6:25-bk-02685-GER
Chapter 11 (Voluntary)

Case No. 6:25-bk-05570-GER
Chapter 11 (Involuntary)

## FRANK AMODEO'S POST-HEARING BRIEF ON BANKRUPTCY RULE 1015(a), JURISPRUDENCE

At yesterday's hearing (June 9, 2026), I presented a request for relief predicated on Bankruptcy Rule 1015(a). The Rule resolves equities involving two Chapter 11 motions set for hearing on July 14, 2026:

> The court may consolidate two or more cases that are regarding or brought by or against the same debtor and that are pending in its district.

Fed. R. Bankr. P. 1015(a).[1]

My survey of jurisprudence reveals that in the forty-three years since the rule's adoption, there are only a handful of decisions that applied the rule.[2] None arose in this district. None arose in this circuit. I present five decisions that chart a course, which represents a universal view of the proper course of action: a court

---

[1] The Supreme Court restyled the rule effective December 1, 2024. The five decisions discussed below quote the former text: "If two or more petitions are pending in the same court by or against the same debtor, the court may order consolidation of the cases." The Committee Notes describe the 2024 changes as "stylistic only." 2024 Advisory Committee Note to Fed. R. Bankr. P. 1015.

[2] Two further decisions recognize the rule's target in passing while addressing duplicate voluntary filings. *See In re Hodurski*, 156 B.R. 353 (Bankr. D. Mass. 1993); *In re Kosenka*, 104 B.R. 40 (Bankr. N.D. Ind. 1989); Bboth observing that Rule 1015(a) typically applies when the same debtor is named in voluntary and involuntary petitions.



consolidating the two cases under the first-filed case, and the first petition's date controls the avoidance look-back period.

The pending motions fit that course precisely. Mr. Johnson's Rule 60 motions ask this court to vacate the June 27, 2025 dismissal of the voluntary Chapter 11. Homemakers, (No. 6:25-bk-02685)(Docs. 88, 89).[3] My motion asks this court to consolidate the restored voluntary case with the involuntary case. Homemakers, (No. 6:25-bk-05570)(Doc. 241). Vacatur places two petitions against Homemakers before the same court; Rule 1015(a) does the rest.

**Rule 1015(a) was written for one debtor named in both a voluntary and an involuntary petition — the exact posture of these cases.**

The Advisory Committee did not leave the rule's target to inference. The rule "applies to cases when the same debtor is named in both voluntary and involuntary petitions." *The Notes of the Advisory Committee on Rules—1983*. The same Note instructs that consolidation "implies a unitary administration of the estate and will ordinarily be indicated under the circumstances to which subdivision (a) applies." *Id.* The word "ordinarily" carries weight. The rule's text grants discretion — the court "may" consolidate — and the Note tells the court

---

[3] Not to be overlooked that a dismissal that would not have happened except for a misrepresented fact, leading to a judicial mistake of law. And it was an agreement between the debtor and selection creditor (rather than all creditors) which lead to the abbreviated and wrong record.

2

how the drafters expected that discretion to run: toward consolidation, as the ordinary result, whenever one debtor faces two petitions.

### Same, Same But Different

Consolidation under subdivision (a) differs from its two better-known cousins. Joint administration under subdivision (b) combines the dockets of related but separate debtors — spouses, partnerships and partners, affiliates — while keeping their estates apart. Substantive consolidation, an equitable doctrine outside the rule, merges the estates of separate debtors whose affairs have become inseparable. Subdivision (a) is neither. It takes two cases concerning one debtor — one set of assets, one body of creditors — and administers them as the single estate they always were.

**Of the handful of reported decisions in forty-three years that have discussed Rule 1015(a) to same-debtor petitions, and all agree that multiple petitions against the same debtor may (and should) be consolidated.**

On August 4, 2011, the Southern District of New York issued the most recent decision. *In re Awal Bank, BSC*, 455 B.R. 73 (Bankr. S.D.N.Y. 2011). A foreign bank administrator filed a Chapter 15 case, then a Chapter 11 case a year later; the defendant bank argued the avoidance look-back ran only from the later Chapter 11 petition. The court held the earlier petition date governed, adopting *In re Premier General Holdings'* conclusion that the power to preserve a filing date for look-back purposes "was inherent in a court's ability to consolidate cases under



Bankruptcy Rule 1015(a)." *Id.* at 90. The court added the observation every later reader should carry forward: "Consolidation under Rule 1015(a) is not purely administrative" — it "affects the substantive rights of the creditors of different estates." *Id.* (quoting the 1983 Advisory Committee Note).

One year earlier, the Western District of Texas had written the cornerstone opinion. *In re Premier General Holdings, Ltd.*, 427 B.R. 592 (Bankr. W.D. Tex. 2010). Judgment creditors filed an involuntary petition; the debtor answered with a voluntary Chapter 11 and moved to dismiss the involuntary case as moot. The court refused, canvassed every prior approach, and announced the governing rule:

> [T]he filing of a voluntary petition while an involuntary petition is pending ought to be treated as the functional equivalent of an admission by the debtor that an order for relief should be entered in the involuntary case, with the two matters then being consolidated under the first filed case, <u>thereby maximizing the look-back period for purposes of chapter 5 avoidance actions</u>, and <u>minimizing the possibility of wrongful transactions between the filing of the two cases.</u>

*Id.* at 599–600.

The court consolidated the cases, the first-filed case number controlled, and the avoidance reach-back ran from the earlier petition.

On January 16, 2009, the Western District of Virginia marked the rule's boundary. *In re Brown*, 399 B.R. 162 (Bankr. W.D. Va. 2009). A Chapter 13 debtor filed a second Chapter 13 petition covering the same debt while his first case remained open, hoping to resurrect an automatic stay he had forfeited. The

4

court dismissed the second petition as a bad-faith duplicate, yet acknowledged that "Bankruptcy Rule 1015(a) appears to contemplate that multiple cases may be pending against the same debtor," *id.* at 166, and noted that the 1983 Note aims the rule at the voluntary-involuntary configuration rather than at duplicate voluntary filings. *Brown* marks what the rule does not cover. The Homemakers cases sit inside what it does.

Two decades earlier, on December 19, 1988, the District of Nebraska confronted petitions two months apart. *In re Omaha Midwest Wholesale Distribs., Inc.*, 94 B.R. 160 (Bankr. D. Neb. 1988). Creditors filed an involuntary Chapter 7 on September 25, 1986; the debtor answered with a voluntary Chapter 11 on November 25, 1986. The court treated the voluntary petition as a conversion and held that "the date of the original Chapter 7 petition is the date the Chapter 11 case is deemed to have been commenced." *Id.* at 163. The first petition's date — not the second's — controlled the preference analysis.

The line begins on January 29, 1985, in the District of Wyoming. *In re Westover Hills Ltd.*, 46 B.R. 300 (Bankr. D. Wyo. 1985). A voluntary petition and an involuntary petition arrived the same day, about two hours apart. The court observed that "[f]ew courts have considered the situation in which nearly simultaneous voluntary and involuntary petitions are filed against the same debtor," *id.* at 305, and dismissed the involuntary petition because "[t]he rights of

no creditor or petitioner will be prejudiced if this court administers the case as a voluntary rather than as an involuntary one." *Id.* at 306. The two-hour gap created nothing that needed protection. *Westover Hills* teaches that the gap between the petitions decides the remedy: where nothing happened in the gap, dismissal is harmless.[4] But where something did occur the proper remedy is consolidation.

You cannot argue you are right until you know why you might be wrong, so I identify the one decision pulling the other way. In *In re Descorp, Inc.*, 1992 WL 29833, at *3 (E.D. Pa. 1992), a district court affirmed the dismissal of an involuntary petition after a voluntary filing — but only because the creditors showed no prejudice and the debtor consented to use the earlier filing date. *Premier* examined *Descorp*, traced its reasoning to obsolete Bankruptcy Act practice, and rejected it for carrying "the potential for inviting strategic behavior by debtors." 427 B.R. at 599. Even on *Descorp's* own terms, dismissal is available only where no rights sit in the gap — and here, more than half a million dollars in avoidance rights sit in the gap.

---

[4] *Westover Hills* drew on the only earlier decision touching the problem, *In re Lamb*, 40 B.R. 689 (Bankr. N.D.N.Y. 1984), where the two petitions sat in different districts and Rule 1014(b), not Rule 1015(a), supplied the mechanism. *Lamb* still announced the organizing principle: the first-filed "case will be the first case and should take precedence," because the estate's rights "generally will accrue at the time of filing" of the first petition. *Id.* at 692.



**The five decisions converge on a single principle: consolidation under the first-filed case preserves the earlier commencement date and returns the gap-period transfers to the estate's reach.**

The principle works like the surveyor's original stake. When two maps of the same land conflict, the surveyor returns to the first stake driven, and every boundary measures from there. Consolidation drives the estate's measuring stake back to the first petition, and every avoidance period measures from that point. The purpose is the Bankruptcy Code's oldest one: "Equality of distribution among creditors is a central policy of the Bankruptcy Code." *Begier v. IRS*, 496 U.S. 53, 58 (1990). A transferee who pulled assets out of the estate during the gap between two petitions holds an advantage over every other creditor; consolidation under the first-filed case dissolves that advantage.

The arithmetic here is concrete. Section 547(b)(4)(B) lets the estate avoid a transfer to an insider made "between ninety days and one year before the date of the filing of the petition." 11 U.S.C. § 547(b)(4)(B). Measured from the involuntary petition, the look-back reaches September 2, 2024. Measured from the first-filed voluntary petition, the look-back reaches May 5, 2024. Those four months hold at least $274,224.20 in diverted cash and at least $250,000 in net real estate — no less than $524,224.20 that the consolidated estate can recover and the unconsolidated estate cannot. Homemakers (No. 6:25-bk-05570)(Doc. 241)(Exs. D, E). That sum would substantially pay the non-insider unsecured creditors.

7

**The single-estate rule does not forbid consolidation; consolidation is the single estate.**

Mr. Timko objects that "[r]einstating this bankruptcy case and having two bankruptcy cases pending for one entity provides no relief, is nonsensical, and does nothing to benefit any party-in interest or creditor." (No. 6:25-bk-02685, Doc. 93). The objection gestures at the single-estate rule, which descends from *Freshman v. Atkins*, 269 U.S. 121, 122–24 (1925) (the pendency of a prior petition bars a second application for discharge of the same debts). This circuit has already confined that rule: a debtor may maintain a second case while the first remains pending, because the two estates comprise different assets and good-faith review polices any abuse. *In re Saylors*, 869 F.2d 1434, 1437–38 (11th Cir. 1989)(seminal case on how multiple bankruptcies may exist simultaneously).

Rule 1015(a) answers the objection more directly still. The rule presupposes the very condition Mr. Timko calls nonsensical — two cases pending for one debtor — and prescribes the cure: one consolidated case, one estate, one trustee, one set of deadlines. Mr. Timko has described the problem the Supreme Court's rulemaking supplied the solution four decades ago. His objection is an argument for granting the consolidation motion, not against it.

**Vacatur of the dismissal supplies the rule's only missing predicate, and the Rule 60 motions supply the vacatur.**

On May 5, 2025, Homemakers filed its voluntary Chapter 11 petition. Homemakers (No. 6:25-bk-02685)(Doc. 1). On June 27, 2025, this court dismissed that case. (Doc. 73). A Rule 59(e) motion saved the dismissal to remain in stasis until August 2025 when reconsideration was denied. On September 2, 2025, Tiered Capital, Inc. (and me by virtue of retroactivity) filed the involuntary Chapter 11 petition. (No. 6:25-bk-05570, Doc. 1). On May 21, 2026, this court denied dismissal and entered the order for relief. (Doc. 229). On June 8, 2026, this court directed the appointment of a Chapter 11 trustee. (Doc. 240).

Rule 1015(a) requires only that the two cases "are pending." An order granting Rule 60(b) relief restores the parties to the positions they occupied before the vacated order's entry; vacating the June 27, 2025 dismissal therefore returns case 02685 to what it was that morning — an open Chapter 11 pending in this court. At that moment, two petitions against Homemakers pend in the same court, the rule's single condition is satisfied, and the definitive line of authority sets the consolidated commencement date at May 5, 2025.

**Overlaps Manifest Injustice's Impairment of a Substantial Right**

The four-month extension also answers both this court's mootness inquiry and Rule 60(b)'s manifest injustice doctrine's need that a substantial right be impaired. A matter is moot only when the court can no longer "provide meaningful relief."

9

*Soliman v. United States ex rel. INS*, 296 F.3d 1237, 1242 (11th Cir. 2002). This court vacating the dismissal order and consolidating the 11s generates meaningful relief. The Eleventh Circuit considers both the loss of an opportunity to bring a cause of action or to have a merits hearing on a cause of action as the loss of a substantial right (i.e. a manifest injustice). E.g. *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396 (5th Cir. Unit A Jan. 1981) (factors 5–6); *United States v. Certain Real Property Located at Route 1, Bryant, Ala.*, 126 F.3d 1314 (11th Cir. 1997); *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 849–50 (11th Cir. 1996) (Examining manifest injustice in the context of excusable neglect). Here, exactly the type of injustice Rule 60(b) exists to correct. The lost rights are not so much dollar-denominated ($524,224.20), but the right to be heard at all. The earlier errors prevented the creditors (not to mention the debtor) from even having the opportunity to have the merits of those claims heard: that is, the loss of the 11 U.S.C. § 547 claims, the expiration of state causes of actions, etcetera. Relief that can be measured in dollars is still meaningful relief; but complete denial of an opportunity to be heard is manifest injustice. Here, vacatur, plus consolidation restores; state-law claims the gap would otherwise time-bar, and hands the newly appointed trustee avoidance rights that would otherwise be lost to innocent parties.

Rule 1015(c) completes the picture, authorizing the protective orders that "avoid unnecessary costs and delay" in the consolidated administration. Fed. R. Bankr. P. 1015(c).

**No creditor suffers prejudice; the only parties disadvantaged are the transferees who profited during the gap.**

*Premier* resolved the prejudice question in one sentence: "As both cases involve the same debtor, consolidation under Rule 1015(a) does not significantly or adversely affect the interests of creditors." 427 B.R. at 601. The two estates are the same estate, differing only in the property that moved between the filings. The creditors' claims survive intact; the deadlines reset in one case rather than two; the trustee's investigation widens rather than narrows.

*Westover Hills* does not counsel otherwise — it confirms the point. There, dismissal was harmless because the two-hour gap held nothing. Here, the fourteen-month gap holds more than half a million dollars in transfers, which is precisely the circumstance in which *Premier* holds that consolidation, not dismissal, protects the estate. *Brown* is equally distant: there a debtor abused duplicate filings to re-impose a forfeited stay; here a creditor invokes the rule to enlarge the recovery for every creditor. And the transferees who benefited during the gap hold no protectable interest in keeping what § 547 reaches. The law calls that recovery, not prejudice.

Rule 1015(a) asks one question: does the same debtor face two petitions pending in the same court? Vacatur of the June 27, 2025 dismissal makes the answer yes. The 1983 Advisory Committee Note makes consolidation the ordinary result. The decisional authority set the commencement date at the first filing. But See In re Giles, 641 B.R. 255 n.14 (Bankr. S,D. Fla. 2022)(Identifying that Rule 1015 requires both a voluntary and an involuntary petition). And this court writes on a clean slate — the first application of the rule in this district and in this circuit, on facts the rule's drafters named forty-three years ago.

## RELIEF REQUESTED

As applied to these facts, the rule and law authorizes and encourages this court to grant the Rule 60(b) in which I joined and consolidate the reopened 11 with the Involuntary 11.

Respectfully submitted this 10th day of June, 2026.

Frank L. Amodeo, Pro se
1311 Hoffner Avenue
Orlando, Florida 32809
(407) 406-1315
flahome32809@gmail.com

12

## CERTIFICATE OF SERVICE

I certify that on the 10th day of June, 2026, I filed the foregoing with the

Clerk of the Court, who will serve a notice of electronic filing on all counsel of

record.

Frank L. Amodeo