**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
**www.flmb.uscourts.gov**

In re:

HOMEMAKERS REAL ESTATE, LLC,                    Case No. 6:25-bk-05570-GER
                                                Chapter  11

      Debtor.

_____/

**NOTICE OF RULE 2004 EXAMINATION *DUCES TECUM***
**OF THE RECORDS CUSTODIAN OF WELLS FARGO, N.A.**
(Documents Only)

Lara Roeske Fernandez, the duly appointed Chapter 11 Trustee (the "**Trustee**") in this case, by and through her counsel, requests that the Records Custodian of Wells Fargo Bank, N.A. ("**Examinee**") produce and deliver on or before 5:00 p.m., July 27, 2026, to Rhys P. Leonard, Esquire at the law offices of Trenam, Kemker, Scharf, Barkin, Frye, O'Neill & Mullis P.A., 101 E. Kennedy Boulevard, Suite 2700, Tampa, Florida all of the documents as detailed in **Exhibit A** attached hereto and incorporated herein.

This request for production of documents is pursuant to Rule 2004, Federal Rules of Bankruptcy Procedure, and Local Rule 2004-1, Bankruptcy Rules for the United States Bankruptcy Court for the Middle District of Florida.  The scope of the request is as described in Bankruptcy Rule 2004.

PLEASE BE GOVERNED ACCORDINGLY.

Dated: July 6, 2026

                                        */s/ Rhys P. Leonard*
                                        RHYS P. LEONARD
                                        Florida Bar No.: 59176
                                        rleonard@trenam.com
                                        ANTHONY P. MARZOCCA
                                        Florida Bar No. 1068857
                                        amarzocca@trenam.com
                                        TRENAM, KEMKER, SCHARF, BARKIN,

FRYE, O'NEILL & MULLIS, P.A.
101 East Kennedy Boulevard, Suite 2700
Tampa, Florida 33602
Tel: (813) 223-7474 | Fax: (813) 229-6553
*Proposed Counsel to Chapter 11 Trustee*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on July 6, 2026, a true and correct copy of the foregoing was forwarded through the Court's CM/ECF Noticing System to all registered ECM/ECF recipients or by U.S. Mail to: Records Custodian of Wells Fargo Bank, N.A., c/o Corporation Service Company, Registered Agent, 1201 Hays Street, Tallahassee, FL 32301; Homemakers Real Estate, LLC, 2875 S. Orange Ave, Suite 500, #6409, Orlando, FL 32806; Office of the United States Trustee, George C Young Federal Building, 400 West Washington Street, Suite 1100, Orlando, FL 32801.

*/s/ Rhys P. Leonard*
Rhys P. Leonard

2

# UNITED STATES BANKRUPTCY COURT
Middle District of Florida

In re: Homemakers Real Estate, LLC,                Case No. 6:25-bk-05570-GER

                                                                 Chapter 11

                  Debtor.

### SUBPOENA FOR RULE 2004 EXAMINATION

To: <u>Records Custodian of Wells Fargo, N.A.</u>

               *(Name of person to whom the subpoena is directed)*

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure and Local Rule 2004-1.

| PLACE | DATE AND TIME |
|-------|---------------|
|       |               |

The examination will be recorded by this method: _____

☒ *Production:* **YOU ARE COMMANDED** to produce the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material at the time, date, and place set forth below (if different from that of the examination):

| PLACE | DATE AND TIME |
|-------|---------------|
| Trenam Law<br>101 E. Kennedy Boulevard, Suite 2700<br>Tampa, FL 33602 | July 27, 2026<br>5:00 p.m. EST |

*(Description of documents, electronically stored information, or objects)*

---

      The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: July 6, 2026     CLERK OF COURT         OR

                                          *Rhys P. Leonard*

_____       _____

     *Signature of Clerk or Deputy Clerk*           *Attorney's signature*

---

The name, address, email address, and telephone number of the attorney representing Lara Roeske Fernandez, Chapter 11 Trustee for the estate of Homemakers Real Estate, LLC, who issues or requests this subpoena, is: Rhys P. Leonard, Esq., Trenam Law, 101 E. Kennedy Boulevard, Suite 2700, Tampa, FL 33602, <u>rleonard@trenam.com</u>, (813) 223-7474. **Document production should be emailed to Jodi Payne at <u>jpayne@trenam.com</u>.**

---

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

LF-84 (rev. 12/01/21)

PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____.

[X]  I served the subpoena by delivering a copy to the named person as follows: Wells Fargo Bank, N.A., c/o Corporation Service Company, Registered Agent, 1201 Hays Street, Tallahassee, FL 32301 by U.S. First Class Mail on July 6, 2026; or

[ ]  I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____.

My fees are $ _____ for travel and $_____ for services, for a total of $_____.

    I declare under penalty of perjury that this information is true and correct.

Date: July 6, 2026

*Rhys P. Leonard*

_____
*Server's signature*


Rhys P. Leonard, Esq. | Trenam Law
*Printed name and title*



101 E. Kennedy Boulevard, Suite 2700, Tampa, FL 33602
*Server's address*


Additional information concerning attempted service, etc.:

LF-84 (rev. 12/01/21)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

. . .

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**EXHIBIT "A"**

### A.  INSTRUCTIONS

1. Each paragraph below shall operate and be construed independently; and, unless otherwise indicated, no paragraph limits the scope of any other paragraph.

2. Identify every document in this request that is withheld on any claim of privilege, work product or other immunity from production and for each such document state:
   a. the specific basis on which that document is being withheld;
   b. the date and subject matter of the document;
   c. the name and address of the author and/or originator of the document;
   d. the name and address of the recipient of the document.

3. The documents produced for inspection shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with the paragraphs set forth below.

4. The party under subpoena should furnish any additional or supplemental documents subject to this Schedule "A" which are created or discovered after the original production of documents.

5. This Schedule "A" is intended to cover all documents in the possession of the party under subpoena or subject to its custody or control, including information in the possession, custody or control of its attorneys, accountants, investigators, experts, employees, agents and any other persons employed on its behalf, and not merely such information as is known of its own personal knowledge.

6. Whenever appropriate, the singular form of a word should be interpreted in the plural.

### B.  DEFINITIONS

1. As used herein, "You" or "Your" or "WF" means Wells Fargo, N.A., including its agents, representatives, attorneys, expert witnesses, accountants, auditors, and all other persons acting or purporting to act on its behalf.

2. As used herein, "Debtor" means Homemakers Real Estate, LLC, including its agents, representatives, attorneys, expert witnesses, accountants, auditors, and all other persons acting or purporting to act on its behalf.

3. As used herein, "document" shall refer to all tangible items in your possession, custody, or control, including, but not limited to, correspondence, ESI, e-mails, electronic communication, memoranda, contracts, files, leases, agreements, closing statements, minutes, reports, records, notes, telephone messages, long distance telephone call records, invoices, bills, books, schedules, tabulations, accountants' work papers, diary entries, telegrams, telex communications, accountings, charts, cancelled checks, receipts, ledgers, audio or video tapes,

3

films or photographs, press releases, newspaper clippings, advertisements, formal notices, investigations, claims, settlements, orders, blueprints, sketches, drawings, surveys, test reports, printouts, data, information, discs, circuits, tangible items upon which or in which information is stored (including any form of electronic or computer database), preparatory or draft materials and all other writings or recordings of whatever nature, whether assertedly privileged or not.  The term "document" includes the original and any and all copies of the original, as well as drafts and copies which differ in any respect from the original.  Where executed copies exist, produce an executed copy and all executed and unexecuted copies which differ in any respect, other than execution, from the executed copy.

4.     The term "communication" means the conveyance of information or knowledge by writing, orally or otherwise and includes, without limitation, writings, letters, memoranda, reports, notes, telegrams, interoffice communication, text messages, voicemail, e-mail, audiotapes, videotapes, computer programs, and any form of electromagnetic storage.

5.     The term "thing" or "item" includes at least documents and all three-dimensional objects of any kinds, including, but not limited to, samples, prototypes, parts, objects, mark-ups, displays, exhibits, books, advertising, tape cartridges or cassettes or reels, computer disks, containers, wrappers, and representations.

6.     The term "electronically stored information" or "ESI" shall include all information stored in electronic form on computers or other media, including, without limitation: e-mail (including attachments which shall be kept with the email); instant messages; text messages; word-processing documents; spreadsheets; Power Points and other presentation documents; graphics, animations, images, audio, video, and audiovisual recordings; and other user, or machine created computer files or other digital information which is stored on computer networks, servers, computer systems, desktop computers, laptop computers, home computers, the Internet, an Intranet, archives, discs, CD's diskettes, drives, zip drives, tapes, cartridges, flash drives, and other external storage media, personal digital assistants, handheld wireless devices, cellular telephones, blackberries, pagers, and voicemail systems.  Electronically stored information should be produced in its native format, except that ESI may be produced in a reasonably usable form, *i.e.*, single page TIFFs that are searchable by electronic means.  In addition, ESI should be produced in a logically unitized format.  Logical unitization of documents requires the producing party to ensure, among other things, that a particular document captures all of its respective pages and that document relationships, such as a "parent" document (*e.g.*, a fax cover sheet) and "children" attachments (*e.g.*, a faxed letter and attachment to the letter), are preserved.

7.     As employed herein, the terms "refer to" and "relate to" mean, in whole or in part constituting, evidencing, concerning, regarding, containing, embodying, reflecting, describing, involving, identifying, stating, dealing with, or in any way pertaining.

8.     As employed herein, the terms "and" or "or" have both conjunctive and disjunctive meanings.

9.     As employed herein, the terms "any" and "all" mean "each" and "every."

10.     The term "present" shall mean the date on which the examination is scheduled and actually occurs.

11.     In producing documents requested herein, produce documents in full, without abridgment, abbreviation, or editing of any sort, except as is necessary to preserve a privilege or other recognized protection against discovery, in which case the method used for abridgement, abbreviation, or editing should make it clear that some portion of the document has been redacted, as well as the legal basis for the redaction.

12.     All documents should be segregated in accordance with the numbered paragraphs below.

13.     All documents requested herein that you withhold from production, in whole or in part, on the basis of a claim of privilege or statutory authority should be listed in accordance with the procedures described in the instructions above, and identified by:
   a. author(s);
   b. addressee(s);
   c. date;
   d. type of document;
   e. subject matter;
   f. number of pages;
   g. number of attachments or appendices;
   h. indicated or blind copies;
   i. all persons to whom shown or explained;
   j. present custodian;
   k. factual or legal basis for claimed privilege, or specific statutory authority which provides the claimed basis for non-production

14.     All documents or tangible items requested herein which have been destroyed, placed beyond your control, or otherwise disposed of should be listed in accordance with the procedures described in the instructions above, and identified by:
   a. author(s);
   b. addressee(s);
   c. date;
   d. type of document;
   e. subject matter;
   f. number of pages;
   g. number of attachments or appendices;
   h. indicated or blind copies;
   i. all persons to whom shown or explained;
   j. date of destruction or other disposition;
   k. reason for destruction or other disposition;
   l. person authorizing destruction or other disposition;
   m. person destroying or otherwise disposing of documents, and if not destroyed, person in possession of document otherwise disposed of which provides the claimed basis for non-production.

## C.  **DOCUMENTS TO BE PRODUCED**

With regard to each of the following requests for production, please produce the original or best copies of all documentation in your possession, custody, or control.

1.      Copies of the account opening documents maintained by the Debtor at Wells Fargo, for the account ending in 4164.

2.      Copies of any and all monthly or periodic account statements from March 1, 2021 through account closure for the bank account maintained by the Debtor at Wells Fargo ending in 4164.

3.      Copies of any cancelled checks, cashier's checks, deposit slips, withdrawal slips, wire instructions and/or wire remittances from March 1, 2021 through account closure for the bank account maintained by the Debtor at Wells Fargo ending in 4164.