**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

In re:

HOMEMAKERS REAL ESTATE, LLC,

     Debtor.

_____/

Case No. 6:25-bk-02685-GER
Chapter 11 (Voluntary)

Case No. 6:25-bk-05570-GER
Chapter 11 (Involuntary)

## RESPONSE OF HORTON S. JOHNSON TO PEDIXON LLC AND ZPD LLC'S MOTION TO STRIKE LATE-FILED DOCUMENTS (DOC. 97)

The Movant, Horton S. Johnson, by and through undersigned counsel, responds to the Motion to Strike Late Filed Documents (Doc. 97, the "Motion") filed by PEDixon LLC and ZPD LLC, and states:

1.　　The Motion asks the Court to strike the Movant's Notice of Filing the Complete Sworn Notary Complaint Against Janelle Morea (Doc. 96), filed June 10, 2026. Doc. 96 placed before the Court the sworn, verified Complaint Against a Florida Notary Public concerning Janelle Morea, the notary whose attestation appears on the recorded Trustee's Deed at issue in these cases.

2.　　Doc. 96 was not a gratuitous or freestanding submission. It was filed in direct response to representations that Mr. Timko himself made, on the record, at the June 9, 2026 hearing before this Court. Having placed the notary's conduct squarely in issue as part of his own argument, Mr. Timko cannot now be heard to complain that the Movant filed the very document that responds to it.

3.　　At the June 9, 2026 hearing, Mr. Timko defended the challenged transaction by pointing to the notary's affidavit — which he had filed as the sworn Declaration of Janelle Morea, Doc. 93, Ex. B — telling the Court: "we submit an affidavit of the notary claiming she acted at the behest of Mr. Amodeo and Mr. Flynn and Mr. Johnson." (Ex. A, Hr'g Tr. 17:19–21.) He characterized the Movant's position moments earlier by stating that "even though they used their own notary and Mr. Amodeo's niece and nephew signed as witnesses, they're claiming that my client somehow forged the notary" (Ex. A, Hr'g Tr. 15:17–21), and framed the dispute under Rule 60(d)(3) as one in which "they claim that the deed was forged" (Ex. A, Hr'g Tr. 16:24–25).

4.　　It was Mr. Timko, therefore, who put the authenticity of the notary's attestation and the forgery allegation before the Court. Doc. 96 does nothing more than place before the Court the complete, sworn Notary Complaint — verified by Martin C. Flynn, Jr. under penalty of perjury pursuant to Fla. Stat. § 92.525 — that responds to and rebuts the very representation Mr.

Timko advanced. A filing made in direct response to an opponent's own argument is not the kind of unfair, one-sided "late" submission the Motion describes.

5.       Nor was the record closed when Doc. 96 was filed. At the June 9, 2026 hearing the Court continued the matter and stated that it would determine whether the Motions to Vacate (Doc. 88 and Doc. 89) should proceed at or before the status conference set for July 14, 2026. Doc. 96 ensured that the complete sworn complaint already referenced on the Rule 60 record was, in fact, before the Court for that determination.

**WHEREFORE**, Horton S. Johnson respectfully requests that the Court deny the Motion to Strike (Doc. 97) as to Doc. 96, consider the sworn Notary Complaint on the record, and grant such further relief as is just and proper.

Respectfully submitted this 13th day of July, 2026.

**/s/ Matthew A. Leibert**
Matthew A. Leibert, Esq.
Florida Bar No. 0752266
5782A S. Semoran Blvd.
Orlando, FL 32822
Telephone: (407) 579-8355
Email: leibert@urbanthier.com
Counsel for Movant, Horton S. Johnson

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 13, 2026, a true and correct copy of the foregoing, together with Exhibit A, was filed with the Clerk of Court using the CM/ECF system, which will serve electronic notice on all counsel of record, including James A. Timko, Esq., counsel for PEDixon LLC and ZPD LLC.

/s/ Matthew A. Leibert
Matthew A. Leibert, Esq.