# EXHIBIT A

Excerpt of Transcript of June 9, 2026 Hearing

(Transcript Pages 15–17)

In re Homemakers Real Estate, LLC

Case No. 6:25-bk-02685-GER / Case No. 6:25-bk-05570-GER

have a state court case that's currently pending to deal with this.

Now, if it feels like we're having a little bit of deja vu, it's because throughout these proceedings they've been arguing to try to litigate these things on motion practice when they require state court -- you know, a state court case with full discovery and all these issues.

Again, it's a non-debtor dispute. The Court doesn't have federal jurisdiction over the dispute. There's a state court case pending.

So it's not just that they're asking to vacate the orders, but they want to set -- in the past it's been "We could have an evidentiary hearing in 30 days."

The forgery claim just recently claimed up. Apparently, even though they used their own notary and Mr. Amodeo's niece and nephew signed as witnesses, they're claiming that my client somehow forged the notary.

And then when you go into their cases, like their claims for why there should be -- the order should be vacated, they haven't really stated a claim under any of the claims that they're

making.  So under 12(b)(6) they should just be dismissed or denied.

For example, under Rule 60(b)(3) they claim the Court made a mistake applying the law to the facts that was before the Court.  But they're claiming that that was because the trust deed was forged.  Well, that was never raised before Your Honor.  So you couldn't have applied any facts to that issue because, as far as I knew at the time, that issue didn't exist -- or, well, the deed existed, but they didn't bring it before the Court.

If you'll recall, they first argued that they didn't sign the assignment in the first place.  Then they agreed they signed the assignment.  Now they're claiming that they signed the assignment under duress and they're sending my client civil theft -- civil theft letters.  So the story keeps on moving.

But I assure -- I assure Your Honor would not have made a mistake of applying law to facts that were never before the Court.  So right there, that claim goes away.

Rule 60(b)(3), they claim -- oh, sorry, 60(d)(3) they claim that the deed was forged, so

thereby, I guess my clients and myself and whoever else they named, committed a fraud on the Court. But to -- and I go through all the Eleventh Circuit cases in my -- in my response. But to show fraud on the Court, it has to be more than -- I mean, even fabricated evidence or perjury hasn't made the fraud on the court standard in courts in the Eleventh Circuit. It has to be an actual attack on the -- they call it the machinery of the court, or defiling of the court, like bribery -- bribing jurors, or things of that nature. And you have to show a plan and scheme to defraud the court.

Well, we agreed to the evidence that Homemakers agreed to. There's no plan or scheme even alleged in their document. And that certainly doesn't meet a fraud on the court standard if it does turn out the notary was done wrong. Again, we submit an affidavit of the notary claiming she acted at the behest of Mr. Amodeo and Mr. Flynn and Mr. Johnson.

And then the statement that I made -- I -- I made statements that were inconsistent in a -- in my response letter and at court.

I totally grant that I should have worded