**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
**www.flmb.uscourts.gov**

In re:

HOMEMAKERS REAL ESTATE, LLC,                    Case No. 6:25-bk-05570-GER
                                                Chapter   11

      Debtor.

_____/

**INITIAL STATUS REPORT OF CHAPTER 11 TRUSTEE**

Lara Roeske Fernandez, as the Chapter 11 Trustee of Homemakers Real Estate, LLC (the "Chapter 11 Trustee") files this Initial Status Report of Chapter 11 Trustee ("Report") pursuant to 11 U.S.C. §§ 1106(a)(3) and (4) and reports as follows:

**PRELIMINARY FINDINGS**

The appointment of the Chapter 11 Trustee appears to be the result of an equity/insider lender dispute. There is no dispute that there are 26 units that are the subject to three valid secured creditors, all of whom have been granted stay relief to pursue each of their respective foreclosure actions to final judgment. There is no dispute that the units are subject to homeowner association fees that have not been paid, remain outstanding, and need to be serviced, at a minimum on a go forward basis. And, finally, there is no dispute that the real estate taxes have not been paid and are held by third parties as well as the county. The Chapter 11 Trustee has discussed with the main secured creditors a structured sale of the units after stabilization. At this time, the Chapter 11 Trustee continues to gather facts around what "stabilization" entails; however, as of the filing of this Report, the three main secured creditors are open minded to this structure and have agreed to continue to explore this avenue.

1

The Chapter 11 Trustee has requested documentation and general information from: (a) the insider lender regarding, *inter alia*, an accounting of amounts due and owing, amounts received and backup documents; (b) the equity owner of the Debtor regarding proof of insurance and related information regarding the units; (c) the vacation rental services management company of the units; (d) bank statements of the Debtor; and (e) secured creditor information on the value of the units.[1]

## GENERAL BACKGROUND

1.      The Chapter 11 Trustee, in this Report, attempts to convey the facts that she has accumulated through her own due diligence in a light, most neutral as possible, simply as a fact and noting, where applicable, that the facts may be in dispute.

2.      Homemakers Real Estate, LLC ("Homemakers" or the "Debtor") is a Florida limited liability company that according to the Secretary of State for Florida has Horton S. "Woody" Johnson ("Mr. Johnson") as the registered agent and sole manager of Homemakers, with a registered address at 4964 S Orange Ave., Orlando, Florida 32806.

3.      As of the filing of this Report, Homemakers (according to the Official Records of Brevard County, Florida) currently owns in fee simple the interest in 26 condominium and townhouse units located in the Cape Crossing Resort & Marina in Merritt Island, Brevard County, Florida (the "Units") identified herein; however, the effectiveness of certain recorded items described below in paragraphs 9-12 may be in dispute.

4.      On September 14, 2023, Homemakers entered into the Loan Agreement, as guarantor, of a loan from PEDixon, LLC and ZPD, LLC (together, the "Lender") to Tiered Capital, Inc. ("Tiered Capital") that consolidated multiple unsecured notes between the parties (collectively, the "TC Loan"). At the time of the execution of the Loan Agreement, the outstanding

---

[1] As of the filing of this Report, the Chapter 11 Trustee started to receive documentation from all of the entities listed herein but the management company.

principal amount of the obligations was $10,325,000 with an additional $750,000 advanced at the time of the execution of the Loan Agreement.  As of the date of the Loan Agreement, all real estate taxes and HOA fees relating to the Units were to be paid up to date.  Pursuant to the Loan Agreement, the Lender was to collect $100,000 per month (funded from the rental income generated by the Units) to be applied to the TC Loan.

5.      As part of the consolidation of the loans and in connection with the Loan Agreement, on September 13, 2023, Homemakers entered into the Tiered Land Trust Agreement as a beneficiary of the land trust (the "Trust") controlled by Crescent Sound, Ltd. ("Crescent")[2] as trustee.

6.      On September 13, 2023, Homemakers and Crescent executed a Trustee's Deed conveying Homemakers' interest in and to the Units to Crescent. The Trustee's Deed required Crescent to hold the Units in accordance with the terms and conditions in the Trust.

7.      On December 20, 2023, counsel for the Lender sent notice to Mr. Johnson, Martin C. Flynn, Jr., and Yaniv Amar (the three individual guarantors on the TC Loan) that the TC Loan was in default.

8.      On January 9, 2024, Mr. Johnson executed an Assignment of Membership Units, conveying all right, title, and interest in and to all the issued and outstanding membership units of Homemakers to Crescent as trustee of the Trust (the "Assignment").

9.      On February 14, 2024, Homemakers and Crescent recorded the executed Trustee's Deed.

10.     On March 17, 2025, Homemakers, through Mr. Johnson, sought to revoke its grant and terminate the Trust because of the "improper formation and fraudulent purpose of the land

---

[2] Both Crescent and the Lender are controlled by Ken Dixon.

trust, and for other reasons which do not necessarily involve statutory cause." Homemakers purported to terminate Crescent as trustee of the Trust. Homemakers recorded this Revocation of the Tiered Land Trust on March 19, 2025.

11.    On April 8, 2025, Mr. Johnson executed and recorded a Declaration of Appointment of Successor Trustee that nominated and appointed Homemakers as the successor trustee of the Trust.

12.    On April 8, 2025, Homemakers executed and recorded a Trustee's Deed conveying the Units to itself as grantor, grantee, and successor trustee.

**First Bankruptcy Case (6:25-bk-02685-GER)**

13.    On May 5, 2025, Homemakers (through Mr. Johnson), filed a Chapter 11 voluntary petition.

14.    On May 8, 2025, the Lender moved to dismiss the voluntary bankruptcy action for lack of corporate authority, contending that the Assignment substituted the Trust as the sole member of the Debtor and argued that the petition for bankruptcy should have been filed by the Trust, not by Mr. Johnson.

15.    On June 27, 2025, the Court entered an order granting the Lender's motion to dismiss the voluntary Chapter 11 petition (the "First Dismissal Order"). In the First Dismissal Order the Court determined the Assignment vested the legal and equitable ownership of the Debtor with Crescent as trustee of the Trust, which made Crescent the only person who could authorize the Debtor to file a bankruptcy petition.

16.    Thereafter, Tiered Capital filed a motion for reconsideration that was ultimately denied on August 26, 2025.

**Second Bankruptcy Case – Operative Bankruptcy Case (6:25-bk-05770-GER)**

17.     On September 2, 2025, Tiered Capital filed a Chapter 11 involuntary petition for bankruptcy regarding Homemakers.

18.     On September 29, 2025, Homemakers (through Crescent as trustee of the Trust) moved to dismiss the involuntary petition.

19.     On May 21, 2026, the Court denied the motion to dismiss the Chapter 11 involuntary petition, entered an order for relief and directed the appointment of a chapter 11 trustee if Mr. Johnson and Mr. Dixon did not resolve the issue of ownership and control of Homemakers.

**Third Bankruptcy Case (6:26-bk-01776-GER)**

20.     On March 13, 2026, Homemakers (through Mr. Johnson) filed a Chapter 7 voluntary petition for bankruptcy.

21.     On May 26, 2026, in light of the entry of an order for relief in the involuntary chapter 11 case, the Court entered an order to show cause why the chapter 7 case should not be dismissed.

22.     On June 11, 2026, the Court dismissed the Chapter 7 voluntary petition.

**Secured Creditors' State Court Actions**

23.     The Carton Family Trust of 1992 Dated October 14, 1992 (the "Carton Trust"):  On July 15, 2025, in Case No. 05-2024-CA-038140-XXCA-BC) pending in Brevard County, Florida, the Carton Trust obtained a Uniform Final Judgment of Mortgage Foreclosure in the amount of $376,757.47, which continues to accrue statutory interest (the "Carton Trust Judgment").  The Carton Trust Judgment is secured by a Townhouse, unit 104.[3]

---

[3] The Chapter 11 Trustee notes Homemakers is not a borrower on or a guarantor of the obligation underlying the Carton Trust Judgment.  Rather, the borrower (Canaveral Crossroads, LLC) quitclaimed the unit to Homemakers in November 2020.  With the subsequent Trust and related recordings (see paragraphs 5-12), Homemakers either holds the legal and/or beneficial ownership interest to the unit.

24.     Tamamoi, LLC ("Tamamoi"):   On May 20, 2026, in Case No. 05-2024-CA-023943-XXCA-BC pending in Brevard County, Florida, Tamamoi obtained a Uniform Final Judgment of Mortgage Foreclosure in the amount of $3,378,797.64, which continues to accrue statutory interest (the "Tamamoi Judgment").   The Tamamoi Judgment is secured by Condominium units 206, 303, 305, 402, 404, 503, 504, and 505.[4]   On the same date, Tamamoi obtained a corrected order directing the sequestration of rental income in its favor.

25.     Mainstreet Community Bank of Florida ("Mainstreet"):   In Case No. 05-2025-CA-027661-XXCA-BC pending in Brevard County, Florida, Mainstreet is pursuing foreclosure of the units that secure its indebtedness.  As of the filing of this Report, the indebtedness is $3,611,594.47 in principal, with an estimated total of over $4,793,000.00 for loan 4380371 and $712,105.80 in principal, with an estimated total of over $920,000.00 for loan 4383834, all of which continue to accrue default interest, attorneys' fees and other related costs.  Mainstreet's indebtedness is secured by two separate loans consisting of 5 Townhouses units 101, 102, 101, 101, and 103 and ten Condominiums units 103, 104, 107, 202, 203, 205, 207, 307, 407, 507, and then with the smaller loan secured by two Townhomes units 101, 103.  At the time of this Report, Mainstreet has pending for hearing a verified motion for order to show cause for final judgment of foreclosure and a verified motion to sequester rents.

---

[4] The Chapter 11 Trustee notes Homemakers is not a borrower on or a guarantor of the obligation underlying the Tamamoi Judgment.  Rather, the borrower (Canaveral Crossroads, LLC) quitclaimed the units to Homemakers in November 2020.  With the subsequent Trust and related recordings (see paragraphs 5-12), Homemakers either holds the legal and/or beneficial ownership interest to the units.

## UNIT ANALYSIS

26.     As of the date of this Report, the below is a unit analysis summary based on the

Chapter 11 Trustee's review of public records, claims filed, hearing transcripts and the like.

| Mortgage Holder | Property Type | Unit # | Address | Outstanding Association Dues (Proof of Claim #) | Outstanding Property Taxes Brevard County Tax Collector | Assessed Valuation Brevard County Property Appraiser |
|---|---|---|---|---|---|---|
| Mainstreet Community Bank of Florida LOAN 1 | Townhome | 101 | 103 Parrotfish Lane, Unit 101 | $15,104.78 (Claim 6) | $10,697.44 | $333,250.00 |
| Mainstreet Community Bank of Florida LOAN 1 | Townhome | 102 | 103 Parrotfish Lane, Unit 102 | $15,104.78 (Claim 6) | $10,676.04 | $332,470.00 |
| Mainstreet Community Bank of Florida LOAN 1 | Condo | 103 | 202 Ivory Coral Lane, Unit 103 | $39,587.32 (Claim 7) | $13,967.33 | $466,000.00 |
| Mainstreet Community Bank of Florida LOAN 1 | Condo | 104 | 202 Ivory Coral Lane, Unit 104 | $24,496.38 (Claim 7) | $13,967.33 | $466,000.00 |
| Mainstreet Community Bank of Florida LOAN 1 | Condo | 107 | 202 Ivory Coral Lane, Unit 107 | $24,541.57 (Claim 7) | $13,421.41 | $446,080.00 |
| Mainstreet Community Bank of Florida LOAN 1 | Condo | 202 | 202 Ivory Coral Lane, Unit 202 | $10,593.37 (Claim 7) | $14,055.99 | $476,000.00 |
| Mainstreet Community Bank of Florida LOAN 1 | Condo | 203 | 202 Ivory Coral Lane, Unit 203 | $25,666.76 (Claim 7) | $14,241.45 | $476,000.00 |
| Mainstreet Community Bank of Florida LOAN 1 | Condo | 205 | 202 Ivory Coral Lane, Unit 205 | $24,496.38 (Claim 7) | $14,241.45 | $476,000.00 |
| Mainstreet Community Bank of Florida LOAN 1 | Condo | 207 | 202 Ivory Coral Lane, Unit 207 | $24,496.38 (Claim 7) | $13,695.49 | $456,080.00 |
| Mainstreet Community Bank of Florida LOAN 1 | Condo | 307 | 202 Ivory Coral Lane, Unit 307 | $24,496.38 (Claim 7) | $13,285.01 | $461,080.00 |
| Mainstreet Community Bank of Florida LOAN 1 | Condo | 407 | 202 Ivory Coral Lane, Unit 407 | $24,496.38 (Claim 7) | $13,832.54 | $461,080.00 |
| Mainstreet Community Bank of Florida LOAN 1 | Condo | 507 | 202 Ivory Coral Lane, Unit 507 | -- | $13,969.58 | $466,080.00 |
| Mainstreet Community Bank of Florida LOAN 1 | Townhome | 101 | 2709 Cutlass Point Lane, Unit 101 | $15,104.78 (Claim 6) | $12,478.84 | $398,250.00 |
| Mainstreet Community Bank of Florida LOAN 1 | Townhome | 101 | 2719 Cutlass Point Lane, Unit 101 | $15,104.78 (Claim 6) | $12,478.84 | $398,250.00 |
| Mainstreet Community Bank of Florida LOAN 1 | Townhome | 103 | 2719 Cutlass Point Lane, Unit 103 | $15,104.78 (Claim 6) | $12,486.12 | $398,510.00 |
| Mainstreet Community Bank of Florida $735k LOAN | Townhome | 101 | 211 Ivory Coral Lane, Unit 101 | $10,976.77 (Claim 6) | $12,316.39 | $398,250.00 |
| Mainstreet Community Bank of Florida $735k LOAN | Townhome | 103 | 211 Ivory Coral Lane, Unit 103 | $14,452.33 (Claim 6) | $12,295.28 | $397,470.00 |
| Carton Family Trust | Townhome | 104 | 2709 Cutlass Point Lane, Unit 104 | $17,778.84 (Claim 6) | $24,299.98 | $398,250.00 |
| Tamamoi, LLC | Condo | 206 | 202 Ivory Coral Lane, Unit 206 | $28,166.96 (Claim 7) | Blocked | $509,230.00 |
| Tamamoi, LLC | Condo | 303 | 202 Ivory Coral Lane, Unit 303 | $27,859.83 (Claim 7) | $21,203.09 | $481,000.00 |
| Tamamoi, LLC | Condo | 305 | 202 Ivory Coral Lane, Unit 305 | $27,859.83 (Claim 7) | Blocked | $481,000.00 |
| Tamamoi, LLC | Condo | 402 | 202 Ivory Coral Lane, Unit 402 | $27,930.19 (Claim 7) | Blocked | $481,000.00 |
| Tamamoi, LLC | Condo | 404 | 202 Ivory Coral Lane, Unit 404 | $27,930.19 (Claim 7) | Blocked | $481,000.00 |
| Tamamoi, LLC | Condo | 503 | 202 Ivory Coral Lane, Unit 503 | $27,916.34 (Claim 7) | $21,198.55 | $486,000.00 |

| Tamamoi, LLC | Condo | 504 | 202 Ivory Coral Lane, Unit 504 | $27,416.01 (Claim 7) | Blocked | $486,000.00 |
| Tamamoi, LLC | Condo | 505 | 202 Ivory Coral Lane, Unit 505 | $27,859.83 (Claim 7) | $21,424.71 | $486,000.00 |

## UNSECURED & SECURED CREDITOR ANALYSIS

27.     As of the date of this Report, at least eighteen (18) proof of claims have been filed in this case. The proof of claim deadline has not passed, with the Court setting July 30, 2026, as the general deadline for filing proofs of claim, and November 17, 2026, as the deadline for filing proofs of claim by governmental units.  While the Debtor (via Mr. Johnson) has filed bankruptcy schedules (Doc. Nos. 255, 272, 281), the veracity of those schedules has not been vetted or probed as the meeting of creditors has not occurred.  Given the circumstances surrounding the case to date, the Chapter 11 Trustee intends on raising this issue with the Court and requesting a separate order requiring each scheduled claimant to file a proof of claim.

## ALLEGED CAUSES OF ACTION AND OTHER DISPUTES

28.     Multiple parties have reached out to the Chapter 11 Trustee.  From conversations, emails and review of other pleadings, the following is a summary of the current issues.  This is not exhaustive nor necessarily the position of the Chapter 11 Trustee but is a list of potential issues and claims raised by various parties.

29.     The Trust was not properly formed and the documents in support of its existence were forged.

30.     The Lender was paid in full by December 2023 and/or the TC Loan is criminally usurious.

31.     The Lender has received net monthly rental income that is avoidable under state and federal bankruptcy avoidance powers.

32.   The current property manager of the Units is closely aligned with the Lender and is not cooperating with court orders.

33.   The Units carry substantial equity for orderly disposition, which would not be captured through piecemeal foreclosure of the property.

34.   Mr. Johnson gave up his membership through the Assignment and has no authority to act on behalf of Homemakers, including transferring ownership of the Units from the Trust back to Homemakers.

35.   Mr. Johnson improperly unwound the Trust and his actions are void.

## RECOMMENDATION

36.   The Chapter 11 Trustee makes the following recommendations, updates to the recommendation and general observations:

a.   Open a DIP account and immediately have all net monthly rental income generated by the Units deposited into the DIP account controlled by the Chapter 11 Trustee only.  The Chapter 11 Trustee did open a DIP account on or about July 7, 2026.  The Lender has agreed, and is coordinating with the Chapter 11 Trustee, to have the net monthly rental income deposited into the DIP account.

b.   Confirm proof of insurance and payment.  Mr. Johnson has been corresponding with the Chapter 11 Trustee regarding insurance, proof and payment.  The parties are working together to ensure this is current.  The Chapter 11 Trustee is also confirming what insurance the HOA has and what it covers, as well as the three secured creditors, if any.

c.  Service HOA obligations prospectively.  The HOA's counsel and counsel for the Chapter 11 Trustee are in the process of confirming which months payments have been made and to reconcile payments moving forward.

d.  Investigate and possibly change the vacation rental services management company of the Units to another management company operating other units at the Cape Crossing Resort & Marina.

e.  Request from four different real estate brokers and portfolio brokers proposals on the disposition of the Units under different scenarios and timeframes to maximize return to creditors and possibly equity.  The Chapter 11 Trustee has names of brokers that are generally familiar with the area, bankruptcy auctions, portfolio sales and the like.

f.  Retain an accountant who is familiar with drafting and filing monthly operating reports, other bankruptcy requirements and possible tax returns.  The Chapter 11 Trustee has tentatively discussed this with Larry Hyman, who is both a chapter 7 trustee himself and a CPA.

WHEREFORE, the Chapter 11 Trustee hereby files this Report and requests that the Court continue to authorize the Chapter 11 Trustee to perform her statutory duties and for any additional relief the Court may so grant.

Dated: July 13, 2026            Respectfully submitted,

*/s/ Lara Roeske Fernandez*
LARA ROESKE FERNANDEZ
Florida Bar No.:  0088500
lfernandez@trenam.com
TRENAM, KEMKER, SCHARF, BARKIN,
FRYE, O'NEILL & MULLIS, P.A.
101 East Kennedy Boulevard, Suite 2700
Tampa, Florida 33602

Tel: (813) 223-7474 | Fax: (813) 229-6553
*Chapter 11 Trustee*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 13, 2026, a true and correct copy of the foregoing was sent electronically via CM/ECF to all registered participants and by U.S. First Class Mail to: Homemakers Real Estate, LLC, 2875 S Orange Avenue, Suite 500 #6409, Orlando, FL 32806 and those parties on the Local Rule 1007-2 matrix attached.

*/s/ Lara Roeske Fernandez*
Lara Roeske Fernandez

Label Matrix for local noticing
113A-6
Case 6:25-bk-05570-GER
Middle District of Florida
Orlando
Mon Jul 13 09:57:30 EDT 2026

Anthony P. Marzocca, Esq.
Trenam, Kemker, Scharf, Barkin,
Frye, ONeill & Mullis, P.A.
101 East Kennedy Boulevard, Suite 2700
Tampa, Florida 33602-5150

Audrey May Aleskovsky, Trial Attorney
George C. Young Federal Building and
Courthouse
400 W. Washington Street, Suite 1100
Orlando, FL 32801-2210

Elizabeth Wulff
McMichael Taylor Gray, LLC
3550 Engineering Drive, Suite 260
Peachtree Corners, GA 30092-2871

Frank Amodeo
1311 Hoffner Ave.
Orlando, FL 32809-3515

Horton Johnson
c/o Matthew A. Leibert
5782A S. Semoran Blvd.
Orlando, Florida 32822-4819

IMQA Investments, Inc.
4409 Hoffner Ave. #348
Orlando, FL 32812-2331

J. Christopher Crowder, Esq.
Faro & Crowder, P.A.
700 N. Wickham Road
Suite 205
Melbourne, FL 32935-8840

Mainstreet Community Bank of Florida
c/o Justin M. Luna, Esq.
Latham Luna Eden & Beaudine LLP
201 S. Orange Ave., Suite 1400
Orlando, FL 32801-3483

Matthew A. Leibert, Esq.
C/O Horton Johnson
5782A S. Semoran Blvd.
Orlando, Florida 32822-4819

Phil A. DAniello, Esq.
Fassett, Anthony & Taylor, P.A.
1325 W. Colonial Drive
Orlando, FL. 32804-7133

TIERED CAPITAL, INC.
4409 Hoffner Avenue #348
Orlando, FL 32812-2331

WM Holdings Group LLC
14556 Saint Georges Hill Drive LLC
Orlando, FL 32828-8035

End of Label Matrix
Mailable recipients    12
Bypassed recipients     0
Total                  12