**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
**www.flmb.uscourts.gov**

In re:

HOMEMAKERS REAL ESTATE, LLC,                    Case No. 6:25-bk-05570-GER
                                                Chapter   11

       Debtor.

_____/

**NOTICE OF RULE 2004 EXAMINATION *DUCES TECUM***
**OF THE RECORDS CUSTODIAN OF GELLERRAGANS**
**D/B/A GELLERRAGANS CERTIFIED PUBLIC ACCOUNTANTS**
(Documents Only)

Lara Roeske Fernandez, the duly appointed Chapter 11 Trustee (the "Trustee") in this case, by and through her counsel, requests that the Records Custodian of GellerRagans d/b/a GellerRagans Certified Public Accountants ("**Examinee**") produce and deliver on or before 5:00 p.m., August 20, 2026, to Rhys P. Leonard, Esquire at the law offices of Trenam, Kemker, Scharf, Barkin, Frye, O'Neill & Mullis P.A., 101 E. Kennedy Boulevard, Suite 2700, Tampa, Florida all of the documents as detailed in **Schedule A** attached hereto and incorporated herein.

This request for production of documents is pursuant to Rule 2004, Federal Rules of Bankruptcy Procedure, and Local Rule 2004-1, Bankruptcy Rules for the United States Bankruptcy Court for the Middle District of Florida. The scope of the request is as described in Bankruptcy Rule 2004.

PLEASE BE GOVERNED ACCORDINGLY.

Dated: July 29, 2026

                      */s/ Rhys P. Leonard*
                      RHYS P. LEONARD
                      Florida Bar No. 59176
                      rleonard@trenam.com
                      ANTHONY P. MARZOCCA

Florida Bar No. 1068857
amarzocca@trenam.com
TRENAM, KEMKER, SCHARF, BARKIN,
FRYE, O'NEILL & MULLIS, P.A.
101 East Kennedy Boulevard, Suite 2700
Tampa, Florida 33602
Tel: (813) 223-7474
Fax: (813) 229-6553

*Counsel to Chapter 11 Trustee*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 29, 2026, a true and correct copy of the foregoing was forwarded through the Court's CM/ECF Noticing System to all registered ECM/ECF recipients or by U.S. Mail to: Records Custodian of GellerRagans, 110 North Orange Avenue, Orlando, FL 32801; Homemakers Real Estate, LLC, 10226 Curry Ford Road, Suite 107, PMB 1036, Orlando, FL 32809; Office of the United States Trustee, 400 West Washington Street, Suite 1100, Orlando, FL 32801.

*/s/ Rhys P. Leonard*
Rhys P. Leonard

# UNITED STATES BANKRUPTCY COURT
Middle District of Florida

In re: Homemakers Real Estate, LLC,                    Case No. 6:25-bk-05570-GER
                                                       Chapter 11
                     Debtor.

### SUBPOENA FOR RULE 2004 EXAMINATION

To: <u>Records Custodian of GellerRagans d/b/a GellerRagans Certified Public Accountants</u>
*(Name of person to whom the subpoena is directed)*

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure and Local Rule 2004-1.

| PLACE | DATE AND TIME |
|-------|---------------|
|       |               |

The examination will be recorded by this method: _____

☒ *Production:* **YOU ARE COMMANDED** to produce the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material at the time, date, and place set forth below (if different from that of the examination):

| PLACE | DATE AND TIME |
|-------|---------------|
| Trenam Law<br>101 E. Kennedy Boulevard, Suite 2700<br>Tampa, FL 33602 | August 20, 2026<br>5:00 p.m. EST |

*(Description of documents, electronically stored information, or objects)*

---

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: July 29, 2026        CLERK OF COURT                    OR

_____          _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

---

The name, address, email address, and telephone number of the attorney representing Lara Roeske Fernandez, Chapter 11 Trustee for the estate of Homemakers Real Estate, LLC, who issues or requests this subpoena, is: Rhys P. Leonard, Esq., Trenam Law, 101 E. Kennedy Boulevard, Suite 2700, Tampa, FL 33602, rleonard@trenam.com, (813) 223-7474. **Document production should be emailed to Jodi Payne at jpayne@trenam.com.**

---

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

LF-84 (rev. 12/01/21)

PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____.

[X] I served the subpoena by delivering a copy to the named person as follows: Records Custodian of GellerRagans, 110 North Orange Avenue, Orlando, FL 32801 by U.S. First Class Mail on July 29, 2026; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____.

My fees are $ _____ for travel and $_____ for services, for a total of $_____.

     I declare under penalty of perjury that this information is true and correct.

Date: July 29, 2026

          *Rhys P. Leonard*

          _____
          *Server's signature*

          Rhys P. Leonard, Esq. | Trenam Law_____
          *Printed name and title*

          101 E. Kennedy Boulevard, Suite 2700, Tampa, FL 33602
          *Server's address*

Additional information concerning attempted service, etc.:

LF-84 (rev. 12/01/21)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

. . .

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

---

**SCHEDULE "A"**

## A. INSTRUCTIONS

1.      Each paragraph below shall operate and be construed independently; and, unless otherwise indicated, no paragraph limits the scope of any other paragraph.

2.      Identify every document in this request that is withheld on any claim of privilege, work product or other immunity from production and for each such document state:
      a.      the specific basis on which that document is being withheld;
      b.      the date and subject matter of the document;
      c.      the name and address of the author and/or originator of the document;
      d.      the name and address of the recipient of the document.

3.      The documents produced for inspection shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with the paragraphs set forth below.

4.      The party under subpoena should furnish any additional or supplemental documents subject to this Schedule "A" which are created or discovered after the original production of documents.

5.      This Schedule "A" is intended to cover all documents in the possession of the party under subpoena or subject to its custody or control, including information in the possession, custody or control of its attorneys, accountants, investigators, experts, employees, agents and any other persons employed on its behalf, and not merely such information as is known of its own personal knowledge.

6.      Whenever appropriate, the singular form of a word should be interpreted in the plural.

## B. DEFINITIONS

1.      As employed herein, the term "Debtor" shall refer to Homemakers Real Estate, LLC, including its members, employees, attorneys, agents, or any other person or entities subject to its control.

2.      As employed herein, the term "You" refers to GellerRagans d/b/a GellerRagans Certified Public Accountants, including its members, employees, attorneys, agents, or any other person or entities subject to its control.

3.      As employed herein, the term "Affidavit" refers to the Affidavit of Stephanie Adams of GellerRagans in Support of Creditor Claims Validation (dated February 2, 2026) attached hereto as Exhibit 1.

3

4.      As used herein, "document" shall refer to all tangible items in your possession, custody, or control, including, but not limited to, correspondence, ESI, e-mails, electronic communication, memoranda, contracts, files, leases, agreements, closing statements, minutes, reports, records, notes, telephone messages, long distance telephone call records, invoices, bills, books, schedules, tabulations, accountants' work papers, diary entries, telegrams, telex communications, accountings, charts, cancelled checks, receipts, ledgers, audio or video tapes, films or photographs, press releases, newspaper clippings, advertisements, formal notices, investigations, claims, settlements, orders, blueprints, sketches, drawings, surveys, test reports, printouts, data, information, discs, circuits, tangible items upon which or in which information is stored (including any form of electronic or computer database), preparatory or draft materials and all other writings or recordings of whatever nature, whether assertedly privileged or not.  The term "document" includes the original and any and all copies of the original, as well as drafts and copies which differ in any respect from the original.  Where executed copies exist, produce an executed copy and all executed and unexecuted copies which differ in any respect, other than execution, from the executed copy.

5.      The term "communication" means the conveyance of information or knowledge by writing, orally or otherwise and includes, without limitation, writings, letters, memoranda, reports, notes, telegrams, interoffice communication, text messages, voicemail, e-mail, audiotapes, videotapes, computer programs, and any form of electromagnetic storage.

6.      The term "thing" or "item" includes at least documents and all three-dimensional objects of any kinds, including, but not limited to, samples, prototypes, parts, objects, mark-ups, displays, exhibits, books, advertising, tape cartridges or cassettes or reels, computer disks, containers, wrappers, and representations.

7.      The term "electronically stored information" or "ESI" shall include all information stored in electronic form on computers or other media, including, without limitation: e-mail (including attachments which shall be kept with the email); instant messages; text messages; word-processing documents; spreadsheets; Power Points and other presentation documents; graphics, animations, images, audio, video, and audiovisual recordings; and other user, or machine created computer files or other digital information which is stored on computer networks, servers, computer systems, desktop computers, laptop computers, home computers, the Internet, an Intranet, archives, discs, CD's diskettes, drives, zip drives, tapes, cartridges, flash drives, and other external storage media, personal digital assistants, handheld wireless devices, cellular telephones, blackberries, pagers, and voicemail systems.  Electronically stored information should be produced in its native format, except that ESI may be produced in a reasonably usable form, *i.e.*, single page TIFFs that are searchable by electronic means.  In addition, ESI should be produced in a logically unitized format.  Logical unitization of documents requires the producing party to ensure, among other things, that a particular document captures all of its respective pages and that document relationships, such as a "parent" document (*e.g.*, a fax cover sheet) and "children" attachments (*e.g.*, a faxed letter and attachment to the letter), are preserved.

8.      As employed herein, the terms "refer to" and "relate to" mean, in whole or in part constituting, evidencing, concerning, regarding, containing, embodying, reflecting, describing, involving, identifying, stating, dealing with, or in any way pertaining.

4

9.      As employed herein, the terms "and" or "or" have both conjunctive and disjunctive meanings.

10.      As employed herein, the terms "any" and "all" mean "each" and "every."

11.      The term "present" shall mean the date on which the examination is scheduled and actually occurs.

12.      In producing documents requested herein, produce documents in full, without abridgment, abbreviation, or editing of any sort, except as is necessary to preserve a privilege or other recognized protection against discovery, in which case the method used for abridgement, abbreviation, or editing should make it clear that some portion of the document has been redacted, as well as the legal basis for the redaction.

13.      All documents should be segregated in accordance with the numbered paragraphs below.

14.      All documents requested herein that you withhold from production, in whole or in part, on the basis of a claim of privilege or statutory authority should be listed in accordance with the procedures described in the instructions above, and identified by:
    a.  author(s);
    b.  addressee(s);
    c.  date;
    d.  type of document;
    e.  subject matter;
    f.  number of pages;
    g.  number of attachments or appendices;
    h.  indicated or blind copies;
    i.  all persons to whom shown or explained;
    j.  present custodian;
    k.  factual or legal basis for claimed privilege, or specific statutory authority which provides the claimed basis for non-production

15.      All documents or tangible items requested herein which have been destroyed, placed beyond your control, or otherwise disposed of should be listed in accordance with the procedures described in the instructions above, and identified by:
    a.  author(s);
    b.  addressee(s);
    c.  date;
    d.  type of document;
    e.  subject matter;
    f.  number of pages;
    g.  number of attachments or appendices;
    h.  indicated or blind copies;
    i.  all persons to whom shown or explained;

j.  date of destruction or other disposition;
k.  reason for destruction or other disposition;
l.  person authorizing destruction or other disposition;
m. person destroying or otherwise disposing of documents, and if not destroyed, person in possession of document otherwise disposed of which provides the claimed basis for non-production.

## C.  **DOCUMENTS TO BE PRODUCED**

With regard to each of the following requests for production, please produce the original or best copies of all documentation in your possession, custody, or control.  For each of these requests, if no other timetable is specified the applicable time is from January 1, 2022 to the present.

1.  Any and all corporate tax returns for the Debtor, including all schedules. This includes tax returns filed with any local or state government, as well as the federal government.

2.  All documents provided to You (as detailed in paragraph 5 of the Affidavit).

3.  All documents supporting the assertions made in paragraph 13 of the Affidavit.

4.  All documents supporting the assertions made in paragraph 14 of the Affidavit.

5.  All documents supporting the assertions made in paragraph 15 of the Affidavit.

6.  All documents supporting the assertions made in paragraph 16 of the Affidavit.

7.  All reports prepared by You relating to the Debtor and/or the Debtor's financial records.

# EXHIBIT 1

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

In re:

**HOMEMAKERS REAL ESTATE, LLC,**

                    Debtor.           Case No. 6:25-bk-05570-GER
                                           Chapter 11

---

## AFFIDAVIT OF STEPHANIE ADAMS

### IN SUPPORT OF CREDITOR CLAIMS VALIDATION

**STATE OF FLORIDA**           )
                            )   ss.
**COUNTY OF ORANGE**      )

I, STEPHANIE ADAMS, being duly sworn, depose and state as follows:

## I. IDENTITY AND QUALIFICATIONS

1.     I am a Certified Public Accountant licensed in the State of Florida. I am employed by GellerRagans, a certified public accounting firm located at 110 N. Orange Avenue, Orlando, Florida 32801.

2.     I am competent to testify to the matters stated herein based on my professional experience as a certified public accountant and the preparation of the referenced tax returns using information and records provided by Homemakers Real Estate, LLC (*"Homemakers"* or the *"Debtor"*).

3.     GellerRagans has provided tax preparation services to Homemakers Real Estate, LLC for tax years 2022 through 2024.

## II. HOMEMAKERS BOOKS AND RECORDS

4.     In my capacity as a Certified Public Accountant at GellerRagans, I have had direct access to the books and records maintained in Quickbooks for Homemakers Real Estate, LLC for the years 2022, 2023, 2024, and 2025.

5.     The financial records of Homemakers provided to GellerRagans include, but are not limited to: QuickBooks accounting records, bank statements, accounts receivable and payable ledgers as maintained in Quickbooks, loan documentation, balance sheets, and income statements.

6.     These records were consistently provided to GellerRagans throughout the period from 2022 through 2023 and continuing thereafter. The records were provided by Horton Johnson, whom I understood to be the Manager of Homemakers Real Estate, LLC, or by individuals acting at his direction.

7.     In my professional opinion, the financial records provided to GellerRagans for Homemakers Real Estate, LLC were sufficient for purposes of preparing Homemakers' income tax returns, based on the information supplied, without performing an audit, review, or other verification procedures.

## III. TAX RETURN PREPARATION

8.     GellerRagans prepared federal income tax returns for Homemakers Real Estate, LLC for tax years 2022, 2023, and 2024.

9.     GellerRagans reconciled records provided by Homemakers for the purpose of preparing the tax returns for Homemakers Real Estate, LLC.

10.     To my knowledge, the tax returns prepared by GellerRagans for Homemakers Real Estate, LLC were accurate based on the records provided, and such returns were reviewed, signed and filed.

## IV. CREDITOR CLAIMS REFLECTED IN BOOKS AND RECORDS

11.     In preparing Homemakers' tax returns, I was provided information by Homemakers regarding certain company debts and obligations as reflected in the records used for tax reporting purposes.

12.     Based on the records provided for tax preparation, Homemakers Real Estate, LLC had outstanding debts and liabilities to various creditors.

13.     Specifically, the books and records of Homemakers Real Estate, LLC reflect amounts owed to **IMQA Investments, Incorporated**. The financial records consistently showed this debt throughout the relevant period from 2023 and thereafter.

14.     The books and records of Homemakers Real Estate, LLC also reflect amounts owed to **WM Holdings Group, LLC**. The financial records consistently showed this debt throughout the relevant period from 2022-2023.

15.     The books and records of Homemakers Real Estate, LLC also reflect amounts owed to **CTO Holdings, Inc.** The financial records consistently showed this debt throughout the relevant period for 2024.

16.     The books and records of Homemakers Real Estate, LLC also reflect amounts owed to **Horton Johnson**, individually. The financial records consistently showed this debt throughout the relevant period from 2022-2023 and thereafter.

17.     The debts to IMQA Investments, Incorporated, WM Holdings Group, LLC, CTO Holdings, Inc., and Horton Johnson were reflected in the liability accounts in Homemakers' QuickBooks records and were included in the balance sheets that GellerRagans reconciled for tax return preparation purposes.

## V. CONSISTENCY AND RELIABILITY OF RECORDS

18.     The books and records of Homemakers Real Estate, LLC were consistently presented to GellerRagans over the tax period from 2022 through 2023 and beyond.

19.     In preparing the tax returns and relying solely on information provided by Homemakers for tax reporting purposes, nothing came to GellerRagans' attention that was inconsistent with the recorded liabilities.  Consistent with professional standards on a tax preparation engagement, no procedures were performed to identify errors or irregularities.

20.     In my professional opinion, the records maintained by Homemakers and provided to GellerRagans were sufficient for purposes of preparing the Homemakers' income tax returns

for 2022 through 2024, based on the information supplied by the client and without performing any audit, review, or assurance procedures.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this __2__ day of ____February____, 2026.

_Stephanie J Adams_
STEPHANIE ADAMS, CPA
GellerRagans
110 N. Orange Avenue
Orlando, Florida 32801

---

## NOTARY ACKNOWLEDGMENT

**STATE OF FLORIDA** )

           ) ss.

**COUNTY OF** _Orange_ )

The foregoing instrument was acknowledged before me this _2_ day of _February_, 2026, by STEPHANIE ADAMS, who is personally known to me or who has produced _____ as identification.

_Amy J Heaton_
Notary Public, State of Florida
My Commission Expires: __3-19-29__

AMY J HEATON
Notary Public - State of Florida
Commission # HH 653974
My Comm. Expires Mar 19, 2029
Bonded through National Notary Assn.