**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
**www.flmb.uscourts.gov**

In re:

HOMEMAKERS REAL ESTATE, LLC,                    Case No. 6:25-bk-05570-GER
                                                Chapter   11

      Debtor.

_____/

**AMENDED[1] APPLICATION TO EMPLOY LARRY S. HYMAN, C.P.A., P.A.**
**AS ACCOUNTANT TO THE CHAPTER 11 TRUSTEE**

<div style="border:1px solid">

**NOTICE OF OPPORTUNITY TO OBJECT AND REQUEST FOR HEARING**

If you object to the relief requested in this paper you must file a response with the Clerk of Court at 400 W. Washington Street, Suite 5100, Orlando, FL 32801 within fourteen (14) days from the date of the attached proof of service, plus an additional three days if this paper was served on any party by U.S. Mail.

If you file and serve a response within the time permitted, the Court will either notify you of a hearing date or the Court will consider the response and grant or deny the relief requested in this paper without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, and the Court may grant or deny the relief requested without further notice or hearing.

You should read these papers carefully and discuss them with your attorney if you have one. If the paper is an objection to your claim in this bankruptcy case, your claim may be reduced, modified, or eliminated if you do not timely file and serve a response.

</div>

     Lara Roeske Fernandez, as Chapter 11 Trustee ("Trustee") for the bankruptcy estate of

Homemakers Real Estate, LLC (the "Debtor"), by and through her undersigned counsel, hereby

files this Application to Employ Larry S. Hyman, C.P.A., P.A. as Accountant to the Chapter 11

Trustee, pursuant to Rule 2014 of the Federal Rules of Bankruptcy Procedure, and 11 U.S.C. §§

327, 330.  In support of this Application, the Trustee states the following:

     1.     This case was filed on September 2, 2025, as an involuntary petition against the

---

[1] Amended to add a negative notice legend.

Debtor.

2.      The Trustee was appointed as Chapter 11 Trustee for the Debtor on June 12, 2026. (Doc. No. 252.)

3.      The Trustee seeks to employ Larry S. Hyman, C.P.A., P.A., which maintains an accounting office at 2303 W. North A Street, Tampa FL 33609.

4.      The Trustee has selected Larry S. Hyman, C.P.A., P.A. because the partners and associates are well-qualified to provide accounting services to the Trustee.

5.      The services of Larry S. Hyman, C.P.A., P.A. will not duplicate those of Trustee but are necessary in order to carry out the functions and duties of the Trustee.  The accounting services to be performed by Larry S. Hyman, C.P.A., P.A. include preparation of monthly operating reports and preparation of tax returns.

6.      Subject to the Court's approval, Larry S. Hyman, C.P.A., P.A., will charge the current hourly rates set forth below.

    a.  Larry S. Hyman, CPA                $435.00

    b.  Other Professionals               $275.00

    c.  Clerical                          $125.00

7.      Except as otherwise herein indicated and in the attached verified statement and to the best of the Trustee's knowledge, Larry S. Hyman, C.P.A., P.A.:  (a) does not hold or represent an interest adverse to the estate; and (b) does not represent, nor does it have any connection with, the Debtor, the creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee.

WHEREFORE, the Trustee for the Debtor, respectfully requests that this Court enter an order approving the employment of Larry S. Hyman and Larry S. Hyman, C.P.A., P.A. as

accountant to the Trustee, allowing them to be paid a reasonable fee for their services upon further application and Order of this Court, and granting such further relief as this Court deems just and proper.

Dated:  July 30, 2026.                    Respectfully submitted,

                                          */s/ Rhys P. Leonard*
                                          RHYS P. LEONARD
                                          Florida Bar No.: 59176
                                          rleonard@trenam.com
                                          ANTHONY P. MARZOCCA
                                          Florida Bar No. 1068857
                                          amarzocca@trenam.com
                                          TRENAM, KEMKER, SCHARF, BARKIN,
                                          FRYE, O'NEILL & MULLIS, P.A.
                                          101 East Kennedy Boulevard, Suite 2700
                                          Tampa, Florida 33602
                                          Tel: (813) 223-7474 | Fax: (813) 229-6553
                                          *Counsel to Chapter 11 Trustee*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 30, 2026, a true and correct copy of the foregoing was furnished by CM/ECF to all registered CM/ECF recipients and by U.S. Mail, postage paid to: Homemakers Real Estate, LLC, 10226 Curry Ford Road, Suite 107, PMB 1036, Orlando, FL 32809; and those parties on the attached matrix.

                                          */s/ Rhys P. Leonard*
                                          Rhys P. Leonard

3

Label Matrix for local noticing
113A-6
Case  6:25-bk-05570-GER
Middle District of Florida
Orlando
Wed Jul 29 15:40:06 EDT 2026

650 85th LLC
14556 Saint Georges Hill Dr.
Orlando, FL 32828-8035

A. Marine, Inc.
19589 NE 10th Ave.
Miami, FL 33179-3501

ATCF II Florida-A LLC
PO Box 69239
Baltimore, MD 21264-9239

Brevard County Tax Collector
PO Box 2500
Titusville, FL 32781-2500

Brevard County Tax Collector
1605 N. Courtenay Pkwy.
Merritt Island, FL 32953-4338

Brian Horowitz, Esquire
5019 Saint Dennis Court
Belle Isle, FL 32812-1080

CAPE CROSSING CONDOMINIUM ASSOCIATION, INC.
c/o Faro & Crowder, P.A.
700 N. Wickham Road
Suite 205
Melbourne, FL 32935-8840

COMMUNITY RED CO
8724 SW 72 ST NO 382
MIAMI, FL 33173-3512

CTO Holdings
4409 Hoffner Ave. #348
Orlando, FL 32812-2331

CTO Holdings Inc.
4409 Hoffner Avenue
Orlando, FL 32812-2331

Cape Crossing Condominium Association
c/o Beacon Management + Consulting
333 17th Street, Suite F
Vero Beach, FL 32960-5636

Cape Crossing Townhomes Homeowners Associati
c/o Faro & Crowder, P.A.
700 N. Wickham Road
Suite 205
Melbourne, FL 32935-8840

Cape Crossing Townhomes Owners Association
c/o Beacon Management + Consulting
333 17th Street, Suite F
Vero Beach, FL 32960-5636

Cape Crossing Vacation Rentals
4409 Hoffner Ave. #348
Orlando, FL 32812-2331

Carton Family Trust
c/o McMichael Taylor Gray, LLC
3550 Engineering Dr., Suite 260
Peachtree Corners, GA 30092-2871

Elizabeth Wulff
McMichael Taylor Gray, LLC
3550 Engineering Drive, Suite 260
Peachtree Corners, GA 30092-2871

FIG 20, LLC FBO SEC PTY
PO Box 12225
Newark, NJ 07101-3411

Florida Department of Revenue
5050 W. Tennessee St.
Tallahassee, FL 32399-0100

Frank L. Amodeo
1311 Hoffner Ave
Orlando, FL 32809-3515

Holly Bluff, Inc.
2280 Hontoon Rd.
Deland, FL 32720-4309

Homemakers Real Estate, LLC
10226 Curry Ford Road
Suite 107, PMB 1036
Orlando, FL 32825-8735

Horton Johnson
10226 Curry Ford Road
Suite 107 PMB 1036
Orlando, FL 32825-8735

Horton S. Johnson Revocable Trust
10226 Curry Ford Rd.
Suite 107, PMB 1036
Orlando, FL 32825-8735

IMQA Investments Incorporated
4409 Hoffner Avenue, #348
Orlando, FL 32812-2331

KEYS FUNDING LLC - 2024
PO Box 67513
Newark, NJ 07101-8009

Michael McPhillips - Interested Party
c/o Phil A. D'Aniello
1325 West Colonial Dr
Orlando, FL 32804-7133

Petitioning Creditor
TIERED CAPITAL, INC.
4409 Hoffner Avenue #348
Orlando, FL 32812-2331

Tamamoi LLC
Lindsey Savastano
McMichael Taylor Gray, LLC
3550 Engineering Drive, Suite 260
Peachtree Corners, GA 30092-2871

Tamamoi, LLC
Elizabeth Wulff
McMichael Taylor Gray, LLC
3550 Engineering Drive, Suite 260
Peachtree Corners, GA 30092-2871

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(d)CTO Holdings, Inc.
4409 Hoffner Avenue
Orlando, FL 32812-2331

(d)Elizabeth Wulff
McMichael Taylor Gray, LLC
3550 Engineering Drive, Suite 260
Peachtree Corners, GA 30092-2871

(d)Horton Johnson
10226 Curry Ford Rd.
Suite 107, PMB 1036
Orlando, FL 32825-8735

End of Label Matrix
Mailable recipients    29
Bypassed recipients     3
Total                  32

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
**www.flmb.uscourts.gov**

In re:

HOMEMAKERS REAL ESTATE, LLC,                    Case No. 6:25-bk-05570-GER
                                                Chapter   11

      Debtor.

_____/

**RULE 2014 VERIFIED STATEMENT IN SUPPORT OF**
**APPLICATION TO EMPLOY LARRY S. HYMAN, C.P.A., P.A.**
**AS ACCOUNTANT TO THE CHAPTER 11 TRUSTEE**

I, Larry S. Hyman, in accordance with F.R.B.P. 2014, make the following verified statements in support of the Application to Employ Larry S. Hyman, C.P.A., P.A. as Accountant to the Chapter 11 Trustee:

1.      I am a certified public accountant licensed to practice public accountancy in the State of Florida.  I practice with the firm of Larry S. Hyman, C.P.A., P.A. and maintain an accounting office at 2303 W. North A Street, Tampa, FL 33609.  I separately also serve as a member of the Region 21 Tampa, Florida panel of Chapter 7 Trustees.

2.      In support of the Application, I disclose the following:

a.      Unless otherwise stated, this Verified Statement is based upon facts of which I have personal knowledge.

b.      In preparing this Verified Statement, I have reviewed the list of all creditors of the Debtor, interested parties, and a list of all entities and businesses owned, in whole or in part, directly or indirectly, by the Debtor.  I have conducted a detailed search of my internal records maintained in the regular course of business.  The facts stated in this Verified Statement as to the relationship between Larry S. Hyman, C.P.A., P.A. and the

1

Debtor, the Debtor's creditors, the Trustee, the United States Trustee, attorneys to the key interested parties, other persons employed by the Office of the United States Trustee, and those persons and entities who are defined as disinterested persons in Section 101(14) of the Bankruptcy Code, are based on the results of my detailed search of internal records. Based upon such search, Larry S. Hyman, C.P.A., P.A. does not represent any entity or have any connection in any matter involving or adverse to the estates or which would constitute a conflict of interest or impair the disinterestedness of Larry S. Hyman, C.P.A., P.A. with respect to its employment herein, and states the following with respect to the Debtor:

     i.     No person at Larry S. Hyman, C.P.A., P.A. holds a direct or indirect equity interest in the Debtor or any of its entities or businesses.

     ii.     No person at Larry S. Hyman, C.P.A., P.A. is or has served as an officer, director or employee of the Debtor or any of its entities or businesses.

     iii.     No person at Larry S. Hyman, C.P.A., P.A. is in control of the Debtor or any of its entities or businesses, or is a relative of a director, officer or person in control of the Debtor or any of its entities or businesses.

     iv.     No person at Larry S. Hyman, C.P.A., P.A. is a general or limited partner of a partnership in which the Debtor or any of its entities or businesses is also a general or limited partner.

     v.     No person at Larry S. Hyman, C.P.A., P.A. is or has served as an officer, director or employee of a financial advisor that has been engaged by the Debtor or any of its entities or businesses in connection with the offer, sale or issuance of a security of the Debtor or any of its entities or businesses.

vi.      No person at Larry S. Hyman, C.P.A., P.A. has represented a financial advisor of the Debtor or any of its entities or businesses in connection with the offer, sale or issuance of a security of the Debtor or any of its entities or businesses.

vii.      No person at Larry S. Hyman, C.P.A., P.A. has any other interest, direct or indirect, that may be affected by the proposed representation.

c.      To the best of my knowledge, information, and belief, insofar as I have been able to ascertain after reasonable inquiry, neither I, nor Larry S. Hyman, C.P.A., P.A., nor any of Larry S. Hyman, C.P.A., P.A.'s partners, principals, employees, agents or affiliates, have any connection with the Debtor, creditors, the United States Trustee, or any other party with an actual or potential interest in these Chapter 11 cases, or its respective attorneys or accountants.  Specifically:

i.      Larry S. Hyman, C.P.A., P.A. is not employed by, and has not been employed by, any entity in matters related to the Debtor's case.

ii.      I am the trustee in other unrelated bankruptcy cases and I have been employed as an accountant in other unrelated bankruptcy cases.  Larry S. Hyman, C.P.A., P.A. has undertaken a detailed search to determine, and to disclose, whether it is providing or has provided, services to any significant creditor, equity security holder, insider or any other party in interest in such unrelated matters.

3.      If, at any time during the period of the proposed employment, I discover any facts bearing on the matters described herein, I will supplement the information contained in this Verified Statement.

4.      Larry S. Hyman, C.P.A., P.A. neither holds nor represents any interest adverse to the estates and is a "disinterested person" within the scope and meaning of Section 101(14) of the Bankruptcy Code.

5.      The fees and costs to be incurred by Larry S. Hyman, C.P.A., P.A. in the course of its representation of the Trustee in this case shall be subject in all respects to the application and notice requirement of 11 U.S.C. §§ 330 and 331 and Rule 2014 and 2016 Federal Rules of Bankruptcy Procedure.

6.      Larry S. Hyman, C.P.A., P.A. has agreed to accept as compensation such sums as may be allowed by the Court on the basis, among others, of the professional time spent, the rates charged for such services, the necessity of such services to the administration of the estate, the reasonableness of the time within which the services were performed in relation to the results achieved, and the complexity, importance and nature of the problems, issues or tasks addressed. Larry S. Hyman, C.P.A., P.A. has agreed to log and provide this Court with time entries reflecting the work performed for the Trustee

7.      No promises have been received by Larry S. Hyman, C.P.A., P.A., nor any principal or employee thereof, as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:   07/29/2026                                .

_____
Larry S. Hyman, C.P.A.

4