**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| In re: | ) |
| | ) Case No. 6:25-bk-05570-GER |
| HOMEMAKERS REAL ESTATE, LLC, | ) Chapter 11 |
| | ) |
| Debtor. | ) |

**CREDITOR HORTON S. JOHNSON'S MOTION TO DISQUALIFY
PEDIXON LLC AND ZPD LLC FROM PARTICIPATON FOR WANT
OF SUBJECT MATTER JURISDICTION DUE TO USURY**

COMES NOW debtor, HORTON JOHNSON, by and through undersigned counsel, and hereby informs this Honorable Court that the US Bankruptcy Court for the middle District of Florida lacks subject matter jurisdiction over the PEDixon, LLC and ZPD, LLC debts because of Criminal Usury through Section 687.071(7) and 11 U.S.C. Section 205(b)(1).

The Florida legislature removed the debtors asserted claims from this court's subject matter jurisdiction due to the Usury statutes and case law. The debtors, PEDixon LLC and ZPD LLC seek to enforce loan and loan guaranty obligations arising from an extension of credit that violates Fla. Stat. § 687.071. The Florida Legislature has unambiguously declared that such loans "shall not be an enforceable debt in the courts of this state." *Fla. Stat. §* 687.071(7).

A guaranty of an unenforceable debt is itself unenforceable.[1] Because the Florida legislature has forbidden Florida courts from enforcing debts that violate § 687.071, the loans underlying the debtors' claims are unenforceable as a matter of law. *Fla. Stat*. § 687.071(7).

---

[1] *Arbor Club, Inc. v. Omega Constr. Co*., 565 So. 2d 357, 359 (Fla. 4th DCA 1990)("Generally speaking, the liability of a surety is coextensive with that of its principal.").

1

Consequently, this court lacks jurisdiction to consider the PEdixon LLC and ZPD LLC claims and has no authority to grant them any relief they seek. 11 U.S.C. (b)(1) then disallows the claim in Bankruptcy Court as unenforceable against the Debtor.

**Governing Law**

Florida Statute § 687.071 provides:

*"Unless otherwise specifically allowed by law, any person making an extension of credit to any person, who shall willfully and knowingly charge, take, or receive interest thereon at a rate exceeding 25 percent per annum... commits a misdemeanor of the second degree."*

Fla. Stat. § 687.071(7) provides:

*"No extension of credit made in violation of any of the provisions of this section shall be an enforceable debt in the courts of this state."*

The statute is unambiguous: if the effective interest rate exceeds 25% per annum, the debt is not enforceable in the courts of this state. *Jersey Palm-Gross, Inc. V. Paper*, 658 So. 2d 531, 533 (1995) (an extension of credit that violates § 687.071 is void and requires forfeiture of "principal and interest"); *See Wilenski v Fields*, 208 So. 2d 1 (Fla, 1968); *Mindlin v. Davis*, 74 So.2d 789 (Fla. 1954) (the debt is void not voidable).

As set forth in the creditors' filings, the creditors' records, the creditors made eleven loans totaling $11,225,000 in principal and received over $7 million ($7,095,248.33) in cash, and more than $19 million in in-kind payments (at fair market value) (See Exhibits A and B).

Applying the position most favorable to PEdixon LLC and ZPD LLC,  the lenders' own internal records (Exhibit "B") reveals a pattern of credit extensions, that, throughout 2024 and 2025, violated § 687.071.[2] (Exhibit "B").

**2024:**

- Effective principal balance: $8,150,000
- Interest billed and collected: $2,634,653.62[3]
- **Effective interest rate: 32.33%**

**2025:**

- Effective principal balance: $5,150,000
- Interest billed and collected: $1,498,825.83
- **Effective interest rate: 29.10%**

Both years exceed the 25% threshold[4] of § 687.071(2).[5] The debt cannot

be enforced in any Florida court.[6]

### This Court Lacks Subject Matter Jurisdiction

Section 687.071(7) is a jurisdictional bar. It does not merely provide a defense to

enforcement[7] — it declares that extension of credit that violates any part of  § 687.071,

"shall not be an enforceable debt in the courts of this state."

---

[3] Borrowers and the guarantors argue that the billed and collected interest was higher, but to avoid dispute, these calculations are based on the lenders' records.

[4] Plaintiffs knew the of the  25% threshold**.** Beginning in January 2024, Plaintiffs began charging nearly 25% stated interest— the precise threshold of § 687.071(2). Interestingly, plaintiffs charged late fees and then credited those same late fees back to the stated default rate; thereby, bringing the stated interest collected below the 25% maximum. Conduct which demonstrates PEDixon's awareness that any amount above 25% would violate the statute.

Plaintiffs, however, charged and collected other less obvious interest: origination fees, renewal fees, excess professional fees, post-closing maintenance costs, and forbearance fees, and interest payments from third parties. Unlike late fees, these less obvious interest charges were not credited back to the billing and collections. PEDixon's conduct reveals it knew the limits of § 687.071(2) and was collecting more than that limit through the other less obvious interest fees.

[5] In January 2024, Plaintiffs claim an assignment of 100% of the membership units of Homemakers Real Estate, LLC to Crescent Sound, Ltd. as Trustee of the Tiered Land Trust as payment for a six-month forbearance. *In re Homemakers Real Estate, LLC* 6:25-bk-02685, (June 2025)(Doc. 69 at 9-10)(Decl. of Ken Dixon).. Those membership units were valued at $8,750,000 (Homemakers beneficial interest in the Tiered Land Trust was $6,750,000 and receivables were $2,000,000). This forbearance results in an effective interest rate of 139.69%. (Fla. Stat. § 687.03 (defines interest to include consideration received for) "any loan, advance of money, line of credit, forbearance to enforce the collection of any sum of money") — establishing that forbearance payments constitute interest under Florida law.

[6] No Usury Savings Clause. None of the eleven loan documents contains a usury savings clause that would cap total charges at the lawful maximum or provide a mechanism to apply excess charges to principal or refund them, or demonstrate intent to comply with § 687.071. Without a proper savings clause, there is not even the illusion of compliance with § 687.071. An illusion that would not protect the debt in this case anyway but would at least have provided an ephemeral veil for argument. The debt is void and unenforceable.

[7] Florida Statute § 687.071(7) is framed not as a litigant-controlled defense, but as a direct and mandatory limitation on judicial authority. The Legislature did not condition the statute's operation on pleading, proof,

3

The Legislature has determined that courts of this state shall not enforce debts that violate Fla. Stat. § 687.071(7). This court therefore lacks subject matter jurisdiction over PEdixon LLC and ZPD LLC's claims, lawsuits, counterclaims, and affirmative defense based on the debt.

Subject matter jurisdiction cannot be defaulted[8], time-barred,[9] waived,[10] or estopped.[11] Even if all the parties consent to a court hearing a matter, the court cannot hear the matter when the court lacks jurisdiction. *See Insurance Co. of Ireland v. Compagnies des Bauxites de Guinee*, 486 U.S. 694, 702 (1982)(("No action of the parties can confer subject matter jurisdiction upon a [ ] court."); *Paulucci v. Gen. Dynamics Corp*, 842 So. 2d 797,801 (Fla. 2003) .Only the legislature, not the parties, can grant the court subject matter jurisdiction. (Id.) This court has an independent duty to determine whether it has subject matter jurisdiction before proceeding further with any other matter in this action. *See Steel Co. v. Citizens for a Better Environment*, 532 U.S. 83, 94-95 (1998) ("The requirement that jurisdiction be establish as a threshold matter… is inflexible and without exception."); *Capron v. Noorden*, 6 U.S. (2 Cranch) 126,127 (1864).

WHEREFORE, Horton Johnson respectfully request that this court:

1.      Examine its subject matter jurisdiction and

---

waiver, or election by a party. Instead, it categorically commands that no court in this state shall enforce any extension of credit made in violation of the criminal usury provisions of Chapter 687. The statute therefore operates at the level of judicial competence, not party strategy.

[8] *United States v. Cotton*, 535 U.S. 625, 630 (2002)("Subject-matter jurisdiction…can never be forfeited or waived."); *Cypress Fairway Condo v. Berger*, 813 So. 2d 957, 959 (Fla. 4th DCA 2002)(raised "for [the] first time on appeal").

[9] *Arbaugh v. Y.H. Corp.*, 516 U.S. 500, 506 (2006)(Addressing federal courts but equally applicable to Florida courts. "The objection that a [ ] court lacks subject-matter jurisdiction may be raised at any stage in the litigation even after trial and the entry of judgement."); *Lovett v. Lovett*, 93 Fla. 611 (1927)("taken advantage of at any time").

[10] *Kontrick v. Ryan*, 540 U.S.443, 445 (2004)("A litigant may raise a court's lack of subject matter jurisdiction at any time in the same civil action, even initially at the highest appellate instance."); *English v. McCrary*, 348 So. 2d 293, 296 (Fla. 1977)("cannot be waived").

[11] *Paulucci v. Dynamics Corp.* 842 So. 2d 797, 801 (Fla. 2003)(not subject to "estoppel").

2.      Disallow the claims of PEDIXON LLC and ZPD LLC due to criminal usury and

3.      Grant such other relief as the court deems appropriate or fair.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 12, 2026, a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system, which will serve electronic notice on all counsel of record, including Jeffrey Ainsworth, Esq., counsel for PEDIXON LLC and ZPD LLC.

    /s Matthew Leibert
/s/ Matthew Leibert, Esquire
Florida Bar No. 0752266
5782 S. Semoran Blvd.
Orlando, FL 32822
Telephone: (407) 245-8352
Email: Leibert@urbanthier.com
Counsel for Horton S. Johnson