UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE:

HOMEMAKERS REAL ESTATE, LLC,

Debtor.

CASE No. 6:25-bk-05570-GER
Chapter 11

**RESPONSE TO FRANK L. AMODEO'S MOTION FOR SANCTIONS UNDER**
**FEDERAL RULE OF BANKRUPTCY PROCEDURE 9011**

James A. Timko and Dean, Mead, Egerton, Bloodworth, Capouano & Bozarth (collectively "Dean Mead"), hereby files this Response to Frank L. Amodeo's Motion for Sanctions Under Federal Rule of Bankruptcy Procedure 9011 (the "Motion") (Doc No. 290), and respectfully states:

**PERTINENT BACKGROUND[1]**

Amodeo seeks Rule 9011 sanctions, not from the parties to the litigation (Pedixon, LLC ("Pedixon") and ZPD, LLC ("ZPD")), but from their counsel.[2] He claims that by Dean Mead relying on documents that were signed by Horton Johnson and an affidavit from a notary that states the relevant documents were notarized at Johnson's or Amodeo's behest, that Dean Mead presented knowingly false documents to this Court. The two documents at issue consist of that

---

[1] Amodeo filed two motions seeking 9011 sanctions. The Motion and a second motion is the related case no. 25-bk-02685-GER. Dean Mead is filing a separate response in that case for clarity's sake.

[2] There is a reason for this. The Motion was filed prior to Dean Mead's withdrawal. Amodeo, individually or through his proxies, has continually attacked Pedixon's and ZPD's counsel. This includes meritless sanction letters and even Florida Bar complaints and lawsuits against prior counsel. Amodeo and his proxies even filed a complaint against their former employee – the notary who is a subject of the Motion. Amodeo has attacked Homemakers' prior counsel in this bankruptcy case in testimony and filings before this Court. That counsel has over forty-years of experience.

certain Assignment of Membership Interests signed by Horton Johnson (the "Assignment") and a certain Trust Deed.[3]

The issue presented in this case was whether the petitioning creditors complied with section 303 of the Bankruptcy Code and whether the filing of this involuntary bankruptcy case was in good faith. The Assignment and the Trust Deed was not at issue in those proceedings.

Johnson and Amodeo made several attempts to make the existence of the Land Trust, the Trust Deed, and the Assignment at issue in this case. Each time, the Court held that those issues were not relevant for the purposes of determining whether the involuntary bankruptcy petition met the requirements of the Bankruptcy Code.[4]

Prior to the filing of this involuntary bankruptcy case, the Court already made determinations regarding the Assignment and the existence of the Land Trust in the previously dismissed voluntary bankruptcy case (Case No. 25-bk-02685-GER (the "Voluntary Case")). The Assignment was the basis for a Motion to Dismiss the Voluntary Case due to Johnson's lack of authority to file the bankruptcy petition. During the dismissal proceedings, Homemakers and Johnson did not affirmatively challenge the Assignment or raise issues with the notarization of any documents. Indeed, Homemakers informed the Court it did not need to conduct discovery or an evidentiary hearing and that the Court could rely on the documents attached to its Response to the Motion to Dismiss. Those documents included a copy of the Assignment and did not include the Trust Deed.

---

[3] Dean Mead was not involved in documenting the underlying transaction and has no personal knowledge as to the preparation or execution of the documents.

[4] These attempts are reflected throughout the docket. Johnson's counsel even brought demonstrative exhibits regarding the Trust Deed to the evidentiary hearing regarding the involuntary petition. The Court would not hear the irrelevant argument.

The Court then required the parties to provide supplemental briefing. The Court ultimately determined that Johnson did not have corporate authority to commence the Voluntary Case. As stated in the Dismissal Order, the existence of the assignment of Johnson's membership interest in Homemakers and the existence of the Land Trust was not in dispute:

> Movant and Debtors agree that prior to the Petition Date, Mr. Johnson, assigned all of his right, title and interest in 100% of Debtor's membership interests (the "Membership Units") to the Land Trust. The parties also agree that Crescent Sound Ltd., was the trustee of the Land Trust on the Petition Date.

(Doc. No. 73, Dismissal Order, Pg. 2). As a result of Homemakers acknowledging the existence of the Land Trust, it acknowledged the Trust Deed.

Later, in the Voluntary Case, after the Court entered its Order for Relief in this case (Doc. No. 269) and appointed a chapter 11 trustee, Johnson filed certain Motions to Vacate this Court's Order dismissing the Voluntary Case. (Vol. Case Doc. No.'s 88 and 89). Johnson asserted that the Dismissal Order should be vacated under Rule 60. In the Omnibus Response (Vol. Case Doc. No. 93), Dean Mead's clients asserted that the Motions to Vacate should be denied because the Motions to Vacate did not present a basis for relief under Rule 60. While not central to the Omnibus Response, documents were attached to the Omnibus Response to dispel or at least establish there was a factual dispute with respect to several claims made by Johnson that the documents were a forgery due to an insufficient notarization. These included an affidavit of the notary, an employee of entities related to Homemakers, Tiered Capital, and Sherwood Construction, Inc., who was under the supervision of Johnson and Amodeo. In that affidavit, the notary testified that she would only notarize documents when instructed by her employer to do so. Furthermore, the notary stated she did not take instructions to notarize documents from counsel for Pedixon and ZPD and only from Amodeo, Johnson, and their business partners.

3

On July 14, 2026, the Court announced its ruling in the Voluntary Case that it would deny the Motions to Vacate for failure to state a claim.

On July 21, 2026, the Court entered its Order denying the Motions to Vacate (Doc. No. 107). The Court did not refer to the affidavit of the notary or any of the factual disputes in its ruling. The Court relied on Johnson's failure to state a claim under Rule 60.

## ARGUMENT

**Amodeo Did Not Properly Notice the Motion.**

On May 5, 2026, Amodeo served Dean Mead with a letter and proposed motion for Rule 9011 sanctions (the "Safe Harbor Letter"). The Motion is different than the proposed motion that Mr. Timko was served with. The Motion refers to statements made in the Omnibus Response to the Motions to Vacate (Vol. Case Doc. No. 93) filed a month after Dean Mead was served with the Safe Harbor Letter. By definition, Amodeo could not be claiming that Dean Mead made sanctionable statements of facts in a Court filing before the filing occurred and he failed to timely serve Dean Mead with the Safe Harbor Letter as to the Omnibus Response.

**There is No Basis For Rule 9011 Sanctions.**

On July 13, 2026, Amodeo filed the Motion. He claims that despite Homemakers submitting and relying on the Assignment in the Motion to Dismiss proceedings, Homemakers agreement that the Tiered Trust was established, no issue regarding the Trust Deed being litigated in this case, the parties previously conducting business subject to the Land Trust, Johnson never denying he signed the Trust Deed, Dean Mead's clients never directly relying on or submitting the Trust Deed to the Court, and the notary signing an affidavit stating that Amodeo and Johnson authorized the notarization of the documents, that Dean Mead should have known that the

4

Assignment and Trust Deed were forgeries and made unsupportable arguments to this Court.[5]  This argument is absurd.

Rule 9011 sanctions are warranted when: (1) the papers are frivolous, legally unreasonable, or without factual foundation, or (2) the pleading is filed in bad faith or for an improper purpose. In re Mroz, 65 F.3d 1567, 1573 (11th Cir. 1995). When confronted with a motion for sanctions, the court must conduct a two-step inquiry: first, determine whether the party's claim is objectively frivolous in view of the law or facts; and second, if it is, determine whether the person signing the document should have been aware that it was frivolous. Id.,  In re Edgewood Food Mart, 664 B.R. 893 (Bankr. N.D. Ga. 2024). The court's inquiry is limited to the merits of the pleading gleaned from the facts and law known or available to the attorney at the time of filing — the court must avoid using the wisdom of hindsight. In re Mroz, 65 F.3d 1567 (11th Cir. 1995). A pleading is factually frivolous where the party has absolutely no evidence to support its position. Id. A pleading is legally frivolous where it is clear under existing precedents that there is no chance of success and no reasonable argument to extend, modify, or reverse the law as it stands. In re Edgewood Food Mart, 664 B.R. 893, 900 (Bankr. N.D. Ga. 2024). The failure of proof at trial alone is not necessarily sufficient to support sanctions, but the lack of evidence to support factual assertions or legal theories is an important element in the analysis. Mroz, 65 F.3d at 1573.

For the improper purpose prong, the inquiry focuses on why the nonmovant filed the pleading. Because direct evidence of a party's subjective purpose is rarely available, this too is an objective inquiry: the court looks to objectively ascertainable circumstances that support an inference that the non-movant's purpose for filing was improper. In re Edgewood Food Mart, 664

---

[5] The legal effect or deficiencies in the notarizations is a disputed issue and will likely be determined in this Court or in the various state court proceedings Johnson has threatened or has filed. Just because Amodeo, a two-time felon who is subject to a guardianship Order states something is true and not subject to challenge does not make it so.

5

6616115.v1

B.R. 893, 901 (Bankr. N.D. Ga. 2024). The reasonableness of a pre-filing inquiry may depend on several factors: the time available to the signer for investigation, whether the signer had to rely on a client for information as to the underlying facts, and whether the paper was based on a plausible view of the law. Mroz, 65 F.3d at 1573. Rule 9011 does not impose a continuing obligation after the filing of a pleading to evaluate its position or obtain more information as a case develops. Id. at 1574.

Amodeo's Motion fails under all of the above factors. The Assignment and the existence of the Land Trust were established by an Order of this Court well before this case was filed. With respect to the Omnibus Response, any reliance on the existence of the Assignment is based on the document itself, Homemakers own claims that the Assignment occurred and the Court's Dismissal Order. Any claims about the notarization of the Assignment are supported by an affidavit of the notary. Any claims that the Trust Deed was not properly notarized is clearly in dispute and there is substantial evidence supporting the existence of the Land Trust (the parties agreement the Land Trust existed, the parties acting under the Land Trust, this Court's ruling, the recorded document, etc.). Indeed, the Land Trust was never challenged until Amodeo and his followers lost on the Motion to Dismiss and began flailing about filing multiple motions, an involuntary bankruptcy petition, lawsuits, bar complaints against prior counsel, and a complaint against their former employee – the notary.[6]

As to the Trust Deed, Homemakers already agreed that the Tiered Trust was established and whether or not the Trust Deed was properly notarized or is some sort of forgery was never

---

[6] As this Court is aware, while Johnson filed a state court complaint for declaratory relief to address the status and existence of the Land Trust, Amodeo and his cronies have attempted to raise issues regarding the Land Trust multiple times in this Court and those efforts were denied because it was not directly relevant to the proceedings before the Court. The Motion is an extension of those efforts.

6616115.v1

litigated in this case and was irrelevant for determining if the involuntary bankruptcy petition met the requirements of section 303 of the Bankruptcy Code.

Further, the fact that there is legal support for the arguments made in the Omnibus Response to the Motions to Vacate is established by the Court's ruling in Dean Mead's clients' favor when it determined that Johnson failed to raise a basis for relief under Rule 60.

With respect to the claim of an improper purpose, Dean Mead's clients have the right to defend their rights under the Assignment and the Tiered Trust. These rights were established by Homemakers' agreement that the Tiered Trust existed, the Assignment was made, and this Court's Order dismissing this bankruptcy case.

**Mr. Amodeo has No Standing to File this Motion and He is Violating a Court Order.**

As an initial matter, Amodeo lacks the required standing to pursue the relief requested in the Motion. Amodeo claims that Dean Mead should be sanctioned for referring to the Assignment and the Trust Deed, even though Homemakers acknowledged the Assignment and Land Trust in the Voluntary Case. Amodeo claims that obtaining the dismissal of the Voluntary Case caused the estate millions of dollars in damages and Dean Mead should be sanctioned for successfully representing its clients. Presumably, Amodeo is seeking this sanction to be paid to the estate and not himself. Only the duly appointed chapter 11 trustee has standing to assert claims on behalf of the estate. See Parker v Wendy's International, Inc., 365 F.3d 1268, 1273 (11th Cir. 2004). As a result, Amodeo does not have standing to pursue the relief he is seeking.

Amodeo lacks standing for a second reason. In order to assert a claim for sanctions under Rule 9011, Amodeo must show that he is more than a party-in-interest in the bankruptcy case. He must show he has a direct pecuniary stake in the outcome of the underlying proceeding. Thakkar v Good Gateway, LLC, 636 B.R. 917, 921 (N.D. Ga 2022) (citing In re Westwood Cmty. Two

Ass'n, Inc., 293 F.3d 1332, 1335 (11th Cir. 2002)). Here, Amodeo cannot establish he is a party-in-interest in this bankruptcy case. Amodeo has filed an unsecured claim for $396.04 loans allegedly made to Homemakers. But, Amodeo is not allowed to make loans under his guardianship order. As we stand here today, the largest secured creditor, Main Street Bank, has obtained relief from the automatic stay and is moving ahead with its foreclosure of the estate's assets. As a result, Amodeo has no pecuniary stake in this case and the Motion should be denied.

**An Award of Attorney's Fees and Costs is Appropriate**

Rule 9011(c)(2)(C) states the Court may award attorneys' fees and costs to the prevailing party in opposing a Rule 9011 motion. Here, such an award is necessary because the Motion itself violates rule 9011, but also to deter Amodeo from filing similar meritless motions in the future, whether it is against Dean Mead, the chapter 11 trustee, or others. It should not be lost on anyone that Homemakers and Johnson, the parties with a direct stake in these matters, did not seek sanctions. There is no question the Motion was filed to harass Dean Mead and to litigate the Land Trust issues before this Court. Amodeo has established himself as a vexatious litigant who is going well beyond what the guardianship court allows him to do and he completely ignored the guardianship's court's Order prior to this Court striking his pleadings for violating the guardianship Order. Further, despite his attempts at being affable in Court, his lifetime pattern of conduct reflects a complete refusal to follow the law or orders of a court. Dean Mead respectfully requests that the Court issue a judgment for reasonable fees and costs.

DATED: August 12, 2026.

/s/ James A. Timko
JAMES A. TIMKO, ESQ.
Florida Bar No. 0088858
**DEAN, MEAD, EGERTON, BLOODWORTH,
CAPOUANO & BOZARTH, P.A.**
420 S. Orange Avenue, Suite 700

6616115.v1

9

Orlando, Florida 32801
Telephone: 407-841-1200
Facsimile : 407-423-1831
Email: jtimko@deanmead.com

9

6616115.v1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 12, 2026, I electronically filed the foregoing with the Clerk of Court through CM/ECF system which will send a Notice of Electronic Filing to all counsel of record and served this Response by regular mail to:

Frank L. Amodeo
1311 Hoffner Avenue
Orlando, FL 32809

/s/ James A. Timko
JAMES A. TIMKO, ESQ.

6616115.v1