**ORDERED.**

**Dated: August 20, 2026**

Grace E. Robson
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
www.flmb.uscourts.gov

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| Homemakers Real Estate, LLC, | ) | Case No. 6:25-bk-05570-GER |
| | ) | Chapter 11 |
| Debtor. | ) | |
| | ) | |

**ORDER DENYING MOTIONS TO DISQUALIFY**
**PEDIXON LLC AND ZPD LLC FROM PARTICIPATION**

THIS CASE came before the Court on August 19, 2026 at 9:30 a.m. to consider Motions[1] filed by Frank Amodeo and Horton Johnson ("Movants"). Movants argue that the Court does not have subject matter jurisdiction to hear Claim No. 67-1 filed by PEDIXON, LLC and Claim No. 68-1 filed by ZPD, LLC (collectively, the "Claims") because the Claims are unenforceable and amount to criminal usury. In support of their argument, Movants cite to section 687.071(7) of the Florida Statutes, which provides that "[n]o extension of credit made in violation of any of the provisions of this section shall be an enforceable debt in the courts of this state."

[1] *Motion to Disqualify PEDIXON and ZPD from Further Participation in These Bankruptcies for Want of Subject-Matter Jurisdiction over the Claims* (Doc. No. 242), *Frank L. Amodeo's Motion for an Evidentiary Hearing on this Court's Subject-Matter Jurisdiction over the Pedixon and ZPD Claims* (Doc. No. 306), and the *Motion to Disqualify PEDIXON LLC and ZPD LLC from Participation for Want of Subject-Matter Jurisdiction due to Usury* (Doc. No. 330) are collectively referred to as the "Motions." Movants also filed supplemental briefing and exhibits. *See Bench Memorandum on Deciding Subject-Matter Jurisdiction First and Disqualifying Pedixon, ZPD, and Crescent Sound from Participating* (Doc. No. 307); *Frank L. Amodeo's Supplement to the Motion to Disqualify Pedixon and ZPD for Want of Subject-Matter Jurisdiction, Addressing the Holly Bluff Closing* (Doc. No. 338); *Notice of Filing Expert Report of Gary A. Moll, MBA, CPA, ASA* (Doc. No. 339); *Notice of Filing Supplemental Exhibit in Support of the Motion for an Evidentiary Hearing on Subject-Matter Jurisdiction* (Doc. No. 341).

"[S]ubject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived."[2] Furthermore, courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."[3] Therefore, this Court must determine whether it has subject matter jurisdiction. While the Motions are styled as jurisdictional and disqualification challenges, they are in substance objections to the Claims. "Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11,"[4] including, but not limited to "allowance or disallowance of claims against the estate."[5] Allowance or disallowance of claims is governed by Section 502(b) of the Bankruptcy Code, and bankruptcy courts routinely apply state law, including state usury statutes, to determine the validity of a claim.[6] While the Court agrees that an extension of credit in violation of Florida law might support disallowance of the Claims because "such claim is unenforceable against the debtor . . . under any agreement or applicable law,"[7] that goes to the merits of the Claims and not to the Court's subject-matter jurisdiction to hear and determine whether to allow or disallow the Claims.

Because the Court finds that it has jurisdiction to determine the allowance or disallowance of the Claims as a "core proceeding," it is **ORDERED** that the Motions (Doc. Nos. 242, 306, and 330) are **DENIED**.

# # #

The Clerk's Office is directed to serve a copy of this Order on all interested parties.

---

[2] *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, 126 S. Ct. 1235, 1244, 163 L. Ed. 2d 1097 (2006) (quoting *United States v. Cotton*, 535 U.S. 625, 630, 122 S. Ct. 1781, 1785 152 L. Ed. 2d 860 (2002)).
[3] *Id.* (citing *Ruhrgas AG v. Marathon Oil Co*., 526 U.S. 574, 583, 119 S. Ct. 1563, 1569-70, 143 L. Ed. 2d 760 (1999)).
[4] 28 U.S.C. § 157(b)(1).
[5] 28 U.S.C. § 157(b)(2)(B).
[6] *Butner v. United States*, 440 U.S. 48, 55, 99 S. Ct. 914, 918, 59 L. Ed. 2d 136 (1979) ("Property interests are created and defined by state law. Unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding.").
[7] 11 U.S.C. § 502(b)(1).