**ORDERED.**

**Dated: August 27, 2026**

Grace E. Robson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| Homemakers Real Estate, LLC, | ) | Case No. 6:25-bk-05570-GER |
| | ) | Chapter 11 |
| Debtor. | ) | |
| | ) | |

**CASE MANAGEMENT ORDER**

THIS CASE came before the Court upon its own motion. At a status conference conducted on August 19, 2026 at 9:30 a.m., the Court stated that it would enter a case management order that would limit certain filings based on the appointment of a Chapter 11 trustee and the large volume of papers filed in this case. This Order details the Court's limitations on future filings in this case.

"A . . . court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'"[1] "Furthermore, trial courts are vested with 'formidable case-management authority'"[2] and, under section 105(a) of the Bankruptcy Code,[3] "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." This section grants the "inherent power to maintain order in the courts."[4]

Given the extensive motion practice to date in this case and the appointment of a Chapter 11 trustee, the Court finds it necessary to exercise its case-management authority to limit filings

[1] *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43, 111 S. Ct. 2123, 2132, 115 L. Ed. 2d 27 (1991)).
[2] *In re SCS Logistics, Inc.*, 669 B.R. 189, 193 (Bankr. S.D. Ohio 2025) (quoting *Columbia Gas Trans. Corp. v. Zeigler*, 83 F. App'x 26, 31 (6th Cir. 2003)).
[3] 11 U.S.C. § 105(a).
[4] *In re Ambotiene*, 316 B.R. 25, 35 (Bankr. E.D.N.Y. 2004) (string citing authority).

subsequent to an initial motion and response. In addition, the Court recognizes that, among other duties imposed by sections 704 and 1106 of the Bankruptcy Code,[5] the Chapter 11 trustee is assigned the responsibility to "examine proofs of claims and object to the allowance of any claim that is improper."[6] In order to effectively manage its docket and allow the Chapter 11 trustee to perform her responsibilities, the Court finds it necessary to proscribe all parties other than the Chapter 11 trustee from filing any papers relating to issues within the trustee's purview without prior authorization by the Court.[7]

Because implementing page limits and limiting the ability to file multiple documents in response to a request made with the Court is necessary to manage the docket in this case, it is **ORDERED** as follows:

1. Local Rule 7001-1(k)(3) shall apply to all relief sought in this case. The referenced Local Rule subsection provides:

> ***Page Limits.*** Absent leave of Court, all motions, responses, replies, and supporting memoranda must not exceed ten pages in length. Proofs of service, properly attached and identified exhibits, and the signature block of counsel are not considered for purposes of calculating page limits. If any paper violates this subsection (k), the Court may, *sua sponte* or upon motion of a party, strike the subject paper.

2. Furthermore, absent leave of Court, no replies are permitted to be filed.

3. Parties must seek leave of Court before filing an objection to a proof of claim or scheduled liability.

# # #

The Clerk's Office is directed to serve a copy of this Order on all interested parties.

---

[5] *See* 11 U.S.C. §§ 704, 1106.

[6] 11 U.S.C. § 704(a)(5). Section 704(a)(5) is made applicable by 11 U.S.C. § 1106(a)(1).

[7] *Trauner v. Huffman (In re Trusted Net Media Holdings, LLC)*, 334 B.R. 470, 475 (Bankr. N.D. Ga. 2005) ("[G]enerally the [t]rustee is the proper party to review and object to proofs of claim."); *Kowal v. Malkemus (In re Thompson)*, 965 F.2d 1136, 1147 (1st Cir. 1992), *as amended* (May 4, 1992) ("[A]bsent leave of court, the . . . trustee alone may interpose objections to proofs of claim. Leave to object is not generally accorded an individual creditor unless the . . . trustee refuses to object, notwithstanding a request to do so, and the bankruptcy court permits the creditor to object in the trustee's stead." (string citing authority)).