FILED ORL INTAKE - USBC
28 AUG 2026 AM 11:44

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
www.flmb.uscourts.gov

In re:

Homemakers Real Estate, LLC, Case No. 6:25-bk-05570-GER
Chapter 11

Debtor.
_______________________________/

# MOTION FOR LEAVE TO APPEAL

The order entered August 21, 2026 holds that a Florida statute that withdraws enforceability from an extension of credit speaks to the merits of a claim and not to the power of the court. (Doc. 344, at 2). That holding decides whether the question can be reached at all, and it decides it before any evidence bearing on the question has been taken. Leave to appeal should be granted so the district court can answer the question while an estate still exists to be protected.

## The facts the questions arise from.

Homemakers Real Estate, LLC entered this chapter 11 case by involuntary petition, and the order for relief was entered May 21, 2026. (Doc. 229). A chapter 11 trustee now administers the estate. PEDixon, LLC filed Claim No. 67-1 and ZPD, LLC filed Claim No. 68-1.

Three motions asked the court to determine that it lacked subject-matter jurisdiction over those claims because *Fla. Stat. § 687.071(7)* provides that no

extension of credit made in violation of that section "shall be an enforceable debt in the courts of this state." (Docs. 242, 306, 330). The court heard the motions on August 19, 2026, and denied all three by the order entered August 21, 2026. (Doc. 344).

The order reasons that the motions, though "styled as jurisdictional and disqualification challenges," are "in substance objections to the Claims," that allowance and disallowance is a core proceeding under *28 U.S.C. § 157(b)(2)(B)*, and that unenforceability under Florida law "goes to the merits of the Claims and not to the Court's subject-matter jurisdiction." (Doc. 344, at 2). The order does not address whether a statute addressed to the courts of a state, rather than to the parties before them, operates on the court's power.

A notice of appeal was filed August 26, 2026. (Doc. 352). The trustee has until September 20, 2026 to file a plan, and motions for relief from stay against the estate's real property are set for October 14, 2026. (Doc. 342, at 2).

**The questions presented.**

1. When a claimant holds no cognizable right to enforce its claim in the forum state, does the claimant have standing to present that claim in a federal bankruptcy case?

2. Does a live controversy remain where a controlling statute forecloses every remedy the claimant could obtain even if it prevailed on every contested question, and does a deprivation of that degree constitute constitutional mootness?

3. Whether a statute that addresses the power of a court to enforce a contract is a jurisdictional statute, or whether it speaks only to the merits of a claim.

4. Did the bankruptcy court err in treating the motions as objections to the Claims rather than as challenges to subject matter jurisdiction, and if so, should the court schedule a hearing on the objection to the Claims?

5. Should the bankruptcy court have bifurcated the proceeding in order to hold a separate and earlier hearing on the evidence necessary to determine Amodeo's factual challenge to jurisdiction?

6. Is the bankruptcy court's order subject to immediate review under the collateral order doctrine or, in the alternative, should leave to appeal be granted under 28 U.S.C. § 158(a)(3)?

**The relief sought.**

Leave to appeal the order entered August 21, 2026 to the United States District Court for the Middle District of Florida under *28 U.S.C. § 158(a)(3)*. In the alternative, an order directing that the notice of appeal be treated as a motion for leave under Fed. R. Bankr. P. 8004(d).

**Each question is a controlling question of law.**

A controlling question of law is a pure question the reviewing court can decide quickly and cleanly without studying the record. *McFarlin v. Conseco Services, LLC*, 381 F.3d 1251, 1258 (11th Cir. 2004). Whether *Fla. Stat. § 687.071(7)* operates on a court's power or on a claim's merits is such a question. It turns on the words of the statute and on nothing else. No fact in this case changes the answer.

The question is controlling because the answer disposes of the proceeding as the order framed it. If the statute withdraws the claims from the court's power,

there is nothing to allow or disallow. If it does not, the claims contest proceeds and the objections are heard on their merits. The order chose the second path without deciding the question that separates them.

**There is substantial ground for difference of opinion.**

Neither the Eleventh Circuit nor this district has decided whether a state statute that withdraws enforceability from a debt in every court of the state operates on a bankruptcy court's power over a claim founded on that debt, or only on the claim's merits. The order resolves the question by characterizing the motions rather than by construing the statute.

A bankruptcy court in Florida has read the same statute to bar a lender from recovering "the unpaid principal on a criminally usurious loan, whether by proof of claim, set-off, counterclaim or otherwise." *In re Omni Capital Group, Ltd.*, 157 B.R. 712, 717, 720 (Bankr. S.D. Fla. 1993). That reading places the proof of claim itself within the statute's reach. The order places the statute outside the question of reach altogether. Both cannot describe the same statute.

The district court applies the standards of *28 U.S.C. § 1292(b)* to a request for leave under section 158(a)(3). *In re Celotex Corp.*, 187 B.R. 746, 749 (M.D. Fla. 1995). Each of those standards is met here.

**Immediate review will materially advance the termination of the litigation.**

A trustee is administering this estate on a schedule that will not wait. The plan deadline is September 20, 2026. Stay-relief motions against the estate's real property are set for October 14, 2026. (Doc. 342, at 2). If PEDixon and ZPD participate as creditors through confirmation and distribution, the assets will be sold, encumbered, or distributed before a final judgment exists to appeal from.

A judgment reversed after the property of the estate has been dispersed returns nothing. Deciding the question now determines whether the claims contest proceeds at all, and it determines that while the determination can still matter.

Confirmation is on the same short horizon. The court allowed the trustee until September 20, 2026 to file a plan. (Doc. 342, at 2). A plan carries a disclosure statement with it, and a disclosure statement carries an objection period, approval, solicitation, and a confirmation hearing. Each of those steps arrives on a schedule measured in weeks.

PEDixon and ZPD would object at those steps, vote their claims at those steps, and take a distribution at the end of them. Every one of those steps assumes that PEDixon and ZPD hold claims this court has the power to allow. That assumption is what this appeal tests, and it will have been acted on many times over before a final judgment exists to test it.

**The motion is timely, and it is filed out of caution.**

The order was entered August 21, 2026. Fed. R. Bankr. P. 8002(a)(1) allows fourteen days. The notice of appeal was filed August 26, 2026, and this motion is filed within the same period. Fed. R. Bankr. P. 8004(a)(2).

The notice of appeal states that the order may be reviewable without leave under the collateral order doctrine. *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541 (1949). That question is presented and is not conceded. This motion is filed so that the answer to it does not decide the appeal. If the district court concludes that leave is unnecessary, the motion should be denied as moot.

**RELIEF REQUESTED**

Grant leave to appeal the Order Denying Motions to Disqualify PEDIXON LLC and ZPD LLC from Participation, entered August 21, 2026, to the United States District Court for the Middle District of Florida. In the alternative, direct that the notice of appeal filed August 26, 2026 be treated as a motion for leave under Fed. R. Bankr. P. 8004(d). A copy of the order is attached. Fed. R. Bankr. P. 8004(b)(1)(E).

Respectfully submitted this 28th day of August, 2026.

Frank L. Amodeo
*Pro se*
1311 Hoffner Avenue
Orlando, Florida 32809
(407) 406-1315
flahome32809@gmail.com

## CERTIFICATE OF SERVICE

I certify that on the 28th day of August, 2026, I filed this motion with the Clerk of the United States Bankruptcy Court for the Middle District of Florida, Orlando Division, and served a copy on Jeffrey S. Ainsworth, Branson Ainsworth PLLC, 1501 E. Concord Street, Orlando, Florida 32803, Jeff@bransonlaw.com, counsel for PEDixon, LLC and ZPD, LLC. The clerk's CM/ECF entry serves every registered participant in this case, and a copy has been sent by United States mail to any party entitled to service who is not a registered participant.

Frank L. Amodeo