FILED ORL INTAKE- USBC
28 AUG 2026 AM11:43

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
www.flmb.uscourts.gov

In re:

Homemakers Real Estate, LLC, Case No. 6:25-bk-05570-GER
Chapter 11

Debtor.
_______________________________/

# MOTION TO SUPPLEMENT THE RECORD ON APPEAL

The order on appeal holds that this court has the power to allow or disallow the claims of PEDixon, LLC and ZPD, LLC. (Doc. 344, at 2). PEDixon and ZPD first put this court's authority over this debtor in issue seventeen months ago, in the prior voluntary case, and the order entered the same day as the order on appeal rests on the disposition of that case. (Doc. 345, n.2). The district court cannot see the whole of the question on a record that stops at the caption of this case.

## The items belong to the prior voluntary case.

The items are on the docket of *In re Homemakers Real Estate, LLC*, Case No. 6:25-bk-02685-GER, in this court, before this judge, and involving this debtor and these claimants. They are listed below by docket number.

| | | |
|---|---|---|
| **12** | 05/08/2025 | Motion to Dismiss Case for Lack of Corporate Authority (PEDixon, LLC and ZPD, LLC) |
| **24** | 05/23/2025 | Response to Motion to Dismiss Bankruptcy Case for Lack of Corporate Authority (Debtor), with attachments |
| **35** | 06/03/2025 | Reply in Support of Motion to Dismiss Bankruptcy Case (PEDixon, LLC and ZPD, LLC) |

| | | |
|---|---|---|
| **58** | 06/11/2025 | Hearing Proceeding Memorandum, hearing held June 11, 2025 |
| **63** | 09/22/2025 | Transcript, hearing held June 11, 2025, on Initial Status Conference and Motion to Dismiss |
| **69** | 06/24/2025 | Supplement to Pleading in Support of Motion to Dismiss for Lack of Corporate Authority (PEDixon, LLC and ZPD, LLC) |
| **70** | 06/24/2025 | Supplement to Debtor's Response to Motion to Dismiss for Lack of Corporate Authority |
| **73** | 06/27/2025 | Order Dismissing Case |
| **88** | 03/26/2026 | Motion to Vacate Order Dismissing Case Under Fed. R. Civ. P. 60(b)(1) and 60(d)(3) (Horton Johnson) |
| **89** | 05/11/2026 | Motion to Vacate Order Dismissing Case Under Fed. R. Civ. P. 60(b)(3) Based on Newly-Disclosed Misrepresentation by Kenneth G. Dixon (Horton Johnson) |
| **93** | 06/02/2026 | Omnibus Response to Motions to Vacate (PEDixon, LLC and ZPD, LLC) |
| **94** | 06/05/2026 | Reply in Support of the Motions to Vacate and in Response to the Objection of PEDixon LLC and ZPD LLC |
| **95** | 06/09/2026 | Hearing Proceeding Memorandum, hearing held June 9, 2026 |
| **102** | 07/06/2026 | Motion for an Evidentiary Hearing on the Court's Subject-Matter Jurisdiction Over the Pedixon and ZPD Claims (Amodeo) |
| **104** | 07/14/2026 | Bench Memorandum on Deciding Subject-Matter Jurisdiction First and Disqualifying Pedixon, ZPD, and Crescent Sound From Participating (Amodeo) |
| **106** | 07/14/2026 | Hearing Proceeding Memorandum, hearing held July 14, 2026 |
| **107** | 07/21/2026 | Order Denying Motions (Related Docs. 88, 89) |
| **112** | 08/17/2026 | Transcript, hearing held July 14, 2026 |

**PEDixon and ZPD raised this court's authority first, and they raised it there.**

On May 8, 2025, PEDixon, LLC and ZPD, LLC moved to dismiss the voluntary case for lack of corporate authority. (Doc. 12, Case No. 6:25-bk-02685-GER). The debtor responded, PEDixon and ZPD replied, and each side supplemented. (Docs. 24, 35, 69, 70). The court heard the motion on June 11, 2025, and the transcript of that hearing is on that docket. (Docs. 58, 63). The case was dismissed on June 27, 2025. (Doc. 73).

The question in that litigation was whether this court had the authority to proceed against this debtor at the instance of these parties. The question on this appeal is whether this court has the power to allow the claims those same parties now assert. An appellate court asked to answer the second question should be able to read the first.

**The order entered with the order on appeal rests on that docket.**

The Order Denying Motion to Consolidate was entered August 21, 2026, the same day as the order on appeal. It denies consolidation for one stated reason, that the First Case remains dismissed and closed, and its footnote 2 cites the order at Doc. 107 of Case No. 6:25-bk-02685-GER. (Doc. 345, n.2). That order is not in this record.

**The same motions were filed in both cases on the same days.**

The Motion for an Evidentiary Hearing on the Court's Subject-Matter Jurisdiction Over the Pedixon and ZPD Claims was filed in the voluntary case on July 6, 2026, the day it was filed here. (Doc. 102, Case No. 6:25-bk-02685-GER; Doc. 306). The Bench Memorandum on Deciding Subject-Matter Jurisdiction First was filed in the voluntary case on July 14, 2026, the day it was filed here. (Doc. 104, Case No. 6:25-bk-02685-GER; Doc. 307). The two dockets carry one argument between them.

**The court may notice its own records.**

"A court may take judicial notice of its own records and the records of inferior courts." *United States v. Rey*, 811 F.2d 1453 (11th Cir. 1987). The prior voluntary case was filed in this court and decided by this judge. Nothing about noticing it is unusual, and nothing in it is disputed as to what it says.

**The rule permits the record to be settled and modified.**

Fed. R. Bankr. P. 8009(e)(2)(B) allows the bankruptcy court to correct an omission from the record, and Fed. R. Bankr. P. 8009(e)(3) directs all other questions about the form and content of the record to the court where the appeal is pending. Amodeo does not contend that these items were dropped from this record by accident. Amodeo contends that they are material to the questions the appeal presents and that the district court should have them. If this court concludes that the request belongs to the district court under Fed. R. Bankr. P. 8009(e)(3), Amodeo asks that the motion be denied without prejudice so the request may be renewed there.

**RELIEF REQUESTED**

Enter an order supplementing the record on appeal from the Order Denying Motions to Disqualify PEDIXON LLC and ZPD LLC from Participation, entered August 21, 2026 (Doc. 344), to include the eighteen items listed above from Case

No. 6:25-bk-02685-GER, or in the alternative take judicial notice of them and direct that they be transmitted with the record. If the court concludes that the request must be presented to the district court, deny the motion without prejudice to renewal there.

Respectfully submitted this 28th day of August, 2026.

Frank L. Amodeo
*Pro se*
1311 Hoffner Avenue
Orlando, Florida 32809
(407) 406-1315
flahome32809@gmail.com

## CERTIFICATE OF SERVICE

I certify that on the 28th day of August, 2026, I filed this motion with the Clerk of the United States Bankruptcy Court for the Middle District of Florida, Orlando Division, and served a copy on Jeffrey S. Ainsworth, Branson Ainsworth PLLC, 1501 E. Concord Street, Orlando, Florida 32803, Jeff@bransonlaw.com, counsel for PEDixon, LLC and ZPD, LLC. The clerk's CM/ECF entry serves every registered participant in this case, and a copy has been sent by United States mail to any party entitled to service who is not a registered participant.

Frank L. Amodeo