**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
www.flmb.uscourts.gov

FILED ORL INTAKE - USBC
28 AUG 2026 AM11:43

*In re:*

Homemakers Real Estate, LLC, Case No. 6:25-bk-05570-GER
Chapter 11

Debtor.
_______________________________/

## APPELLANT'S STATEMENT OF ISSUES TO BE PRESENTED ON APPEAL

Frank L. Amodeo, appellant, states the following issues to be presented on appeal under Fed. R. Bankr. P. 8009(a)(1)(A)(ii). The appeal is taken from the Order Denying Motions to Disqualify PEDIXON LLC and ZPD LLC from Participation, entered August 21, 2026 (Doc. 344), by notice of appeal filed August 26, 2026 (Doc. 352). The order rests on the determination that Fla. Stat. § 687.071(7), which provides that no extension of credit made in violation of that section "shall be an enforceable debt in the courts of this state," goes to the merits of Claim No. 67-1 and Claim No. 68-1 rather than to the court's subject-matter jurisdiction.

1. When a claimant holds no cognizable right to enforce its claim in the forum state, does the claimant have standing to present that claim in a federal bankruptcy case?

2. Does a live controversy remain where a controlling statute forecloses every remedy the claimant could obtain even if it prevailed on every contested question, and does a deprivation of that degree constitute constitutional mootness?

3. Whether a statute that addresses the power of a court to enforce a contract is a jurisdictional statute, or whether it speaks only to the merits of a claim.

4. Did the bankruptcy court err in treating the motions as objections to the Claims rather than as challenges to subject matter jurisdiction, and if so, should the court schedule a hearing on the objection to the Claims?

5. Should the bankruptcy court have bifurcated the proceeding in order to hold a separate and earlier hearing on the evidence necessary to determine Amodeo's factual challenge to jurisdiction?

6. Is the bankruptcy court's order subject to immediate review under the collateral order doctrine or, in the alternative, should leave to appeal be granted under 28 U.S.C. § 158(a)(3)?

Respectfully submitted this 28th day of August, 2026.

Frank L. Amodeo
Pro se
1311 Hoffner Avenue
Orlando, Florida 32809
(407) 406-1315
flahome32809@gmail.com

## CERTIFICATE OF SERVICE

I certify that on the 28th day of August, 2026, I filed this statement of issues with the Clerk of the United States Bankruptcy Court for the Middle District of Florida, Orlando Division, and served a copy on the appellees through counsel, Jeffrey S. Ainsworth, Branson Ainsworth PLLC, 1501 E. Concord Street, Orlando, Florida 32803, Jeff@bransonlaw.com. The clerk's CM/ECF entry serves every registered participant in this case.

Frank L. Amodeo