**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
**www.flmb.uscourts.gov**

In re:

HOMEMAKERS REAL ESTATE, LLC, Case No. 6:25-bk-05570-GER

Chapter 11

Debtor.
_______________________________________/

**CHAPTER 11 TRUSTEE'S EMERGENCY MOTION TO APPROVE COMPROMISE OF CONTROVERSY RESOLVING (I) UNAUTHORIZED POSTPETITION TRANSFER CLAIM AGAINST PEDIXON LLC AND ZPD LLC, (II) SPECIAL ASSESSMENT DEMAND BY CAPE CROSSING CONDOMINIUM ASSOCIATION, INC. AND (III) PROOF OF CLAIM 7-1 FILED BY CAPE CROSSING CONDOMINIUM ASSOCIATION, INC.**

**(Emergency Hearing Requested)**

**BASIS FOR EMERGENCY HEARING AND RELIEF**

In accordance with Rule 9013-1(d) of the Local Rules of the United States Bankruptcy Court for the Middle District of Florida, the Trustee respectfully requests that the Court conduct an emergency hearing on the Motion as soon as the Court's schedule permits (and no later than September 2, 2026). The Trustee requires immediate access to funds to pay a special assessment to replace the condominium building roof where 18 of the Debtor's Units are located. Without immediate approval of the Motion, the Debtor's estate will not have the funds to pay the special assessment. Absent the timely payment of the special assessment and replacement of the roof, the insurance coverage on the condominium building will lapse and this will diminish the value of the Debtor's Estate to the detriment of its creditors.

Lara Roeske Fernandez, the Chapter 11 Trustee (the "**Trustee**"), by and through undersigned counsel and pursuant to Bankruptcy Rule 9019, moves for the entry of an order approving a compromise by and between the Trustee, Pedixon LLC ("**Pedixon**"), ZPD, LLC (**"ZPD"**), and Cape Crossing Condominium Association, Inc. ("**CCCA**") (the "**Motion**") and in support states as follows:

## RELIEF REQUESTED

The Trustee requests approval to settle her unauthorized, post-petition transfer claim against Pedixon and ZPD on an emergency basis in order for the Trustee to use a portion of those recovered funds to pay a roof replacement special assessment demand by CCCA. In return for the Trustee's payment of the condominium roof replacement, CCCA will withdraw the Condo Association Claim.

## JURISDICTION

1. The statutory predicate for the relief requested in this Motion is Bankruptcy Rule 9019. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§157(b)(2)(A), (B), (C) and (O) and 1334. This is a core matter pursuant to 28 U.S.C. §§157(b)(2)(A), (B), (C) and (O).

## BACKGROUND

2. This case was filed on September 2, 2025 (the "**Petition Date**"), as an involuntary petition against Homemakers Real Estate, LLC ("**Debtor**").[1]

3. On May 21, 2026, this Court entered its Order (1) Denying Motion to Dismiss and Motion to Abstain, (2) Entering Order for Relief, and (3) Setting Deadlines (Doc. No. 229) (the "**Order for Relief**"), which provided, in part, a limited period of time for Kenneth G. Dixon and Horton S. Johnson to resolve the issue of ownership and control of the Debtor before the appointment of a Chapter 11 Trustee.

4. That resolution did not timely occur, and the Trustee was appointed on June 12, 2026, by Order Approving Appointment of Chapter 11 Trustee (Doc. No. 252).

---

[1] Previously, on May 5, 2025, a voluntary chapter 11 bankruptcy (Case No. 6:25-bk-02685-GER) was filed on behalf of the Debtor by Mr. Horton S. Johnson, but this Court determined that Mr. Johnson lacked the requisite corporate authority to put the Debtor into bankruptcy. *See* Case No. 6:25-bk-02685-GER, Doc. Nos. 73, 85.

5. The Debtor's primary assets are 18 condominium units (the **"Condominium Units"**) and 8 townhouse units located in the Cape Crossing Resort & Marina in Merritt Island, Brevard County, Florida (collectively, the "**Units**"). The Units are used as vacation rentals.

**Pedixon, ZPD, and the Postpetition Transfers**

6. In September 2023, the Debtor entered into a Loan Agreement, as guarantor, of a loan from Pedixon and ZPD (together, the "**Lender**") to Tiered Capital, Inc. that consolidated multiple unsecured notes between the parties (collectively, the "**TC Loan**"). Pursuant to the language in the Loan Agreement, the outstanding principal amount of the obligations was $10,325,000 with an additional $750,000 advanced at the time of the execution of the Loan Agreement. According to the Loan Agreement, all real estate taxes and HOA fees relating to the Units were to be paid up to date. Pursuant to the Loan Agreement, the Lender was to collect $100,000 per month (funded from the rental income generated by the Units) to be applied to the TC Loan.

7. As part of the consolidation of the loans and in connection with the Loan Agreement, the Debtor (i) entered into a Tiered Land Trust Agreement as a beneficiary of the land trust (the "**Trust**") controlled by Crescent Sound, Ltd. ("**Crescent**")[2] as trustee and (ii) executed a Trustee's Deed conveying the Debtor's interest in and to the Units to Crescent. The Trustee's Deed required Crescent to hold the Units in accordance with the terms and conditions in the Trust. After the Lender subsequently declared the TC Loan in default, Crescent recorded the executed Trustee's Deed.[3]

---

[2] Both Crescent and the Lender are controlled by Kenneth G. Dixon.

[3] The validity and enforceability of the Loan Agreement, TC Loan, the Trust and the Trustee's Deed is disputed. *The Motion does not resolve those disputed issues and the Trustee expressly reserves the right to object to the proofs of claim filed by the Lender (Proofs of Claim Nos. 67 and 68) and pursue other causes of action (besides the unauthorized, postpetition transfer claim) that the Debtor's estate may have against the Lender and/or Crescent. Likewise, Lender and Crescent reserve all defenses, and nothing contained in this Motion shall be construed as an*

8. Subsequent to the Debtor's guaranty of the September 2023 Loan Agreement, assorted Unit obligations became delinquent, including mortgage debt,[4] condominium and/or townhome association dues[5] and real estate taxes.[6] Despite these assorted non-payments, the records of the vacation rental management company operating the Units reflect that – from the Petition Date through the Order for Relief – the Lender received $359,804.66 in net monthly rental proceeds from the Units (the "**Postpetition Transfers**"). The Trustee asserts that Unit rental revenue is property of the Debtor's estate and that the Postpetition Transfers are avoidable as unauthorized postpetition transfers under 11 U.S.C. § 549. *See In re Ameriswiss Associates, Inc.*, 148 B.R. 349, 351-52 (Bankr. S.D. Fla. 1992) (rents from commercial office building held in land trust for benefit of chapter 11 debtor were property of the estate); *see also* 11 U.S.C. § 549(b); *In re Tax Reduction Institute*, 138 B.R. 325 (Bankr. D.C. 1991) (postpetition transfers received not for postpetition services but for prepetition claim are avoidable under 11 U.S.C. § 549(b)).

**CCCA Delinquent Dues and Special Assessment Demand**

9. CCCA filed Proof of Claim No. 7-1 for assorted delinquent condominium association dues totaling $445,810.10, for the Condominium Units (the "**Condo Association Claim**").

10. CCCA recently advised that the insurance policy covering the condominium building is not being renewed and will expire on September 15, 2026, unless there is a full roof replacement of the condominium building TPO (thermoplastic polyolefin) roofing.

---

*admission or waiver by Lender or Crescent, except to the extent necessary to give effect to the terms of the Settlement Agreement.*

[4] *See* Proofs of Claim Nos. 63, 64, 65, 66. Presently, 9 Units are the subject of foreclosure judgments, and the remaining 17 Units are the subject of a pending foreclosure action

[5] *See* Proofs of Claim Nos. 6, 7.

[6] *See* Proofs of Claim Nos. 8-62.

11. CCCA received a $204,000.00 estimate from Spacecoast Roofing LLC to replace the roofing and has noticed a Board of Directors Special Assessment Meeting for August 25, 2026, at 1:00 p.m., to vote on a proposed special assessment to pay for the roof replacement, with payment due by September 1, 2026 (the "**Special Assessment**"). The Special Assessment is needed – and CCCA does not otherwise have sufficient reserves – in part due to the failure over an extended period of time to receive association dues for the Debtor's Condominium Units.

12. The Debtor's estate also currently does not have sufficient funds on hand to pay the Special Assessment. The Trustee currently has $43,608.56 but these funds are net monthly rental revenue from the Units for June and July 2026, and constitute cash collateral to assorted secured creditors.

13. The Trustee asserts that complying with the Special Assessment so CCCA can timely replace the roof is imperative to prevent the condominium building's insurance coverage lapsing. If insurance coverage expires, it will diminish the value of the Units (and the Debtor's estate) to the detriment of the Debtor's creditors.

**Secured Creditors**

14. Mainstreet Community Bank of Florida, N.A. and Tamamoi LLC each assert mortgage liens against certain Condominium Units. *See* Claim Nos. 63, 64, and 65.

15. Additionally, Mainstreet Community Bank of Florida, N.A.; Tamamoi LLC; and The Carton Family Trust (collectively, hereinafter, the **"Secured Creditors"**), may assert an interest in the proceeds that are the subject of the Postpetition Transfers by virtue of their claim of lien against the Units and the rents generated therefrom. *See* Claim Nos. 63, 64, 65, and 66.

## SETTLEMENT TERMS

16. The Trustee and Lender have agreed to resolve the Trustee's unauthorized, postpetition transfer claim against Lender as to the Postpetition Transfers, on the terms set forth below:

a. Lender shall pay the Trustee a sum of $350,000.00; and

b. Lender shall waive the right to file a section 502(h) proof of claim for the settlement amount.

17. The Trustee and CCCA have agreed to resolve the Special Assessment and the Condo Association Claim on the terms set forth below:

a. The Trustee shall pay CCCA a sum of $204,000.00[7] for the condominium building roof replacement to resolve the Special Assessment;[8] and

b. CCCA shall withdraw the Condo Association Claim.

18. In consideration of Lender's agreement to voluntarily and expeditiously turn over approximately 97% of the Postpetition Transfers, enabling the Trustee to resolve the Special Assessment and prevent diminution of the Secured Creditors' collateral (i.e., the Condominium Units), the Lender's agreement to pay the settlement amount is conditional upon the execution of mutual releases, in the form(s) attached hereto as **Exhibit A**, by and between Lender and Crescent on the one hand and each of the Secured Creditors and CCCA on the other hand.

(collectively, the "**Settlement Agreement**").

19. Bankruptcy Rule 9019 (a) provides:

> On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States

[7] $204,000.00 represents the estimate provided and may be subject to adjustment based on final roofing invoice.
[8] A portion of the proposed settlement payment from Lender will serve as the funding source for the Trustee to pay the Special Assessment.

trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

20. Rule 9019(a) gives the Court broad authority in approving compromises or settlements. *In re Simmons*, 520 B.R. 136, 141 (Bankr. M.D. Fla. 2014); *In re Bicoastal Corp.*, 164 B.R. 1009, 1016 (Bankr. M.D. Fla. 1993). The determination of whether to approve a compromise is a matter committed to the sound discretion of the bankruptcy judge. *River City v. Herpel* (*In re Jackson Brewing Co.*), 624 F.2d 599, 602-603 (5th Cir. 1980). In exercising this discretion, the court should approve the proposed settlement if it is in the best interests of the estate. *Id.* In determining whether a proposed compromise is in the best interests of the estate, the Bankruptcy Court should consider the following factors: (1) the probability of success in the litigation; (2) the difficulties, if any, to be encountered in the matter of collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interests of the creditors and a proper deference to their reasonable views in the premises. *In re Justice Oaks II, Ltd.*, 898 F.2d 1544, 1549 (11th Cir.1990), *cert. denied*, 498 U.S. 959, 111 S. Ct. 387, 112 L. Ed. 2d 398 (1990). A court considering the approval of a settlement need only determine whether the settlement falls below the lowest point of the range of reasonableness. *See In re Arrow Air, Inc.*, 85 B.R. 886 (Bankr. S.D. Fla. 1988); *In re Martin*, 91 F.3d 389 (3rd Cir. 1996).

21. The Trustee asserts the Settlement Agreement satisfies the *Justice Oaks* factors and should be approved. The Trustee is recovering approximately 97% of the Postpetition Transfers without the cost and expense of initiating and prosecuting an adversary proceeding. The difficulties to be encountered in the matter of expense, inconvenience and delay necessarily attending to the litigation weigh in favor of compromise, with the costs to litigate the Postpetition Transfer claim to trial reducing any recovery. Furthermore, the estate's need for an immediate

influx of funds (that are neither a secured creditor's cash collateral nor subject to onerous debtor-in-possession financing terms) cannot be overstated, given the need to replace the condominium building roof by September 15, 2026, to prevent a lapse of insurance coverage.

22. Similarly, CCCA's agreement to withdraw the Condo Association Claim in return for the Debtor's estate paying the Special Assessment to replace the condominium building TPO roof represents a significant cost savings in the long term as the Condo Association Claim is a secured claim for an amount over $200,000.00 more than the roof replacement estimate.

23. As a result, the Trustee believes that the proposed Settlement Agreement is in the best interests of the estate and the Debtor's creditors.

**WHEREFORE**, Lara Roeske Fernandez, as Chapter 11 Trustee for the bankruptcy estate of Homemakers Real Estate LLC, respectfully requests the entry of an Order: (a) approving the Settlement Agreement pursuant to Bankruptcy Rule 9019; and (b) granting such other and further relief as is just and equitable.

Dated: August 31, 2026

Respectfully submitted,

*/s/ Rhys P. Leonard*

RHYS P. LEONARD
Florida Bar No.: 59176
rleonard@trenam.com
ANTHONY P. MARZOCCA
Florida Bar No. 1068857
amarzocca@trenam.com
TRENAM, KEMKER, SCHARF, BARKIN, FRYE, O'NEILL & MULLIS, P.A.
101 East Kennedy Boulevard, Suite 2700
Tampa, Florida 33602
Tel: (813) 223-7474 | Fax: (813) 229-6553
*Counsel to Chapter 11 Trustee*

**CERTIFICATE OF SERVICE**[9]

I HEREBY CERTIFY that on August 31, 2026, a true and correct copy of the foregoing was furnished by CM/ECF to all registered CM/ECF recipients, and by email to Office of the United States Trustee, Audrey.M.Aleskovsky@usdoj.gov and those parties having filed claims in this case that included email addresses:

Frank L. Amodeo (Claim 1)
Flahome32801@gmail.com

WM Holdings Group LLC (Claim 2)
mcflynnjr@gmail.com

CTO Holdings Inc. (Claim 3)
ctohinc@outlook.com

IMQA Investments Incorporated (Claim 4)
contact@investments.com

Horton Johnson (Claim 5)
wjohnsonbbf@gmail.com

Cape Crossing Townhomes Homeowners Association Inc. (Claim 6)
jcrowder@farolaw.com

Cape Crossing Condominium Association, Inc. (Claim 7)
jcrowder@farolaw.com

Keys Funding LLC – 2024 (Claims 8-9)
tburke@tcmfund.com

Brevard County Tax Collector (Claims 10-17, 20-27, 32-62)
Alicia.foley@brevardtc.com

ATCF II Florida-A LLC (Claim 18)
florida@alternacap.com

FIG 20, LLC FBO SEC PTY (Claim 19, 28)
AR@figadvisors.com

Community RED CO (Claims 29-31)
jpico@jplinv.com

Mainstreet Community Bank of Florida, N.A. (Claims 63-64)
jluna@lathamluna.com

Tamamoi LLC (Claim 65)
temamoillc@gmail.com

The Carton Family Trust (Claim 66)
carton@sbcglobal.net

Pedixon LLC (Claim 67)
jeff@bransonlaw.com

ZPD LLC (Claim 68)
jeff@bransonlaw.com

IPFS Corporation (Claim 70)
Lisa.chandler@ipfs.com

---

[9] Pursuant to the Order Granting Chapter 11 Trustee's Motion to (I) Require Certain Creditors with Scheduled Claims to File Proofs of Claim and (II) Extend Time for Certain Creditors to File Proofs of Claim (Doc. 320), the Bankruptcy Court required all creditors to file a proof of claim to participate in the Debtor's bankruptcy case and/or receive distributions from the Debtor's bankruptcy estate.

Tiered Capital, Inc. (Claim No. 71)
wjohnsonbbf@gmail.com

And by U.S. Mail, postage prepaid to those parties having filed claims in this case that did not include an email address:

Paul Rene, Jr. (Claim 69)
116 Magnolia Avenue, Suite 3E
Ocala, FL 34471

And by U.S. Mail, postage prepaid to:

Homemakers Real Estate, LLC
1026 Curry Ford Road, Suite 107
PMB 1036
Orlando, FL 32809

*/s/ Rhys P. Leonard*
Rhys P. Leonard

# EXHIBIT A

**Mutual Release by and Between**
**Pedixon LLC, ZPD, LLC, Crescent Sound, Ltd.and The Carton Family Trust**

In consideration of the mutual covenants, rights, and obligations set forth in the Settlement Agreement described in the Chapter 11 Trustee's Emergency Motion to Approve Compromise of Controversy Resolving (I) Unauthorized Postpetition Transfer Claim Against Pedixon LLC and ZPD LLC, (II) Special Assessment Demand by Cape Crossing Condominium Association, Inc. and (III) Proof of Claim 7-1 Filed by Cape Crossing Condominium Association, Inc. (the "**Motion**"), filed in the chapter 11 bankruptcy case styled *In re Homemakers Real Estate, LLC*, Case No. 6:25-bk-05570-GER, pending in the United States Bankruptcy Court, Middle District of Florida (the "**Bankruptcy Case**"), and effective upon entry of an order of the Bankruptcy Court approving the compromise described in the Motion, Pedixon LLC, ZPD, LLC, Crescent Sound, Ltd., and The Carton Family Trust (collectively, the "Parties"), hereby release, discharge, and agree to hold harmless each other and their respective representatives, agents, employees, attorneys, successors, directors, officers, parents, affiliates, assigns, and subsidiaries from any and all claims, defenses, set-offs, rights of recoupment, counterclaims, actions, causes of action, suits, controversies, liabilities, and demands in law or in equity, whether known or unknown, which the Parties ever had, now have, or may hereafter have from the beginning of the world to the date of this Agreement; *provided, however*, that nothing in this release shall discharge, waive, or impair any Party's rights or obligations arising under the Settlement Agreement. The Parties agree to assume the risk of any and all unknown, unanticipated, or misunderstood claims which are released hereby. The Parties expressly agree that the foregoing release and waiver is intended to be as broad and inclusive as permitted by the laws of the State of Florida.

| Pedixon LLC | The Carton Family Trust |
|---|---|
| ______________________________ | ______________________________ |
| By: ______________________ | By: ______________________ |
| As its ______________________ | As its ______________________ |
| Date ______________________ | Date ______________________ |

| ZPD LLC | Crescent Sound, Ltd. |
|---|---|
| ______________________________ | ______________________________ |
| By: ______________________ | By: ______________________ |
| As its ______________________ | As its ______________________ |
| Date ______________________ | Date ______________________ |

**Mutual Release by and Between**
**Pedixon LLC, ZPD, LLC, Crescent Sound, Ltd.and Tamamoi LLC**

In consideration of the mutual covenants, rights, and obligations set forth in the Settlement Agreement described in the Chapter 11 Trustee's Emergency Motion to Approve Compromise of Controversy Resolving (I) Unauthorized Postpetition Transfer Claim Against Pedixon LLC and ZPD LLC, (II) Special Assessment Demand by Cape Crossing Condominium Association, Inc. and (III) Proof of Claim 7-1 Filed by Cape Crossing Condominium Association, Inc. (the "**Motion**"), filed in the chapter 11 bankruptcy case styled *In re Homemakers Real Estate, LLC*, Case No. 6:25-bk-05570-GER, pending in the United States Bankruptcy Court, Middle District of Florida (the "**Bankruptcy Case**"), and effective upon entry of an order of the Bankruptcy Court approving the compromise described in the Motion, Pedixon LLC, ZPD, LLC, Crescent Sound, Ltd., and Tamamoi LLC (collectively, the "Parties"), hereby release, discharge, and agree to hold harmless each other and their respective representatives, agents, employees, attorneys, successors, directors, officers, parents, affiliates, assigns, and subsidiaries from any and all claims, defenses, set-offs, rights of recoupment, counterclaims, actions, causes of action, suits, controversies, liabilities, and demands in law or in equity, whether known or unknown, which the Parties ever had, now have, or may hereafter have from the beginning of the world to the date of this Agreement; *provided, however*, that nothing in this release shall discharge, waive, or impair any Party's rights or obligations arising under the Settlement Agreement. The Parties agree to assume the risk of any and all unknown, unanticipated, or misunderstood claims which are released hereby. The Parties expressly agree that the foregoing release and waiver is intended to be as broad and inclusive as permitted by the laws of the State of Florida.

Pedixon LLC

______________________________
By: ______________________________
As its ______________________________
Date ______________________________

Tamamoi LLC

______________________________
By: ______________________________
As its ______________________________
Date ______________________________

ZPD LLC

______________________________
By: ______________________________
As its ______________________________
Date ______________________________

Crescent Sound, Ltd.

______________________________
By: ______________________________
As its ______________________________
Date ______________________________

**Mutual Release by and Between Pedixon LLC, ZPD, LLC,**
**Crescent Sound, Ltd., and Mainstreet Community Bank of Florida, N.A.**

In consideration of the mutual covenants, rights, and obligations set forth in the Settlement Agreement described in the Chapter 11 Trustee's Emergency Motion to Approve Compromise of Controversy Resolving (I) Unauthorized Postpetition Transfer Claim Against Pedixon LLC and ZPD LLC, (II) Special Assessment Demand by Cape Crossing Condominium Association, Inc. and (III) Proof of Claim 7-1 Filed by Cape Crossing Condominium Association, Inc. (the "**Motion**"), filed in the chapter 11 bankruptcy case styled *In re Homemakers Real Estate, LLC*, Case No. 6:25-bk-05570-GER, pending in the United States Bankruptcy Court, Middle District of Florida (the "**Bankruptcy Case**"), and effective upon entry of an order of the Bankruptcy Court approving the compromise described in the Motion, Pedixon LLC, ZPD, LLC, Crescent Sound, Ltd., and Mainstreet Community Bank of Florida, N.A. (collectively, the "Parties"), hereby release, discharge, and agree to hold harmless each other and their respective representatives, agents, employees, attorneys, successors, directors, officers, parents, affiliates, assigns, and subsidiaries from any and all claims, defenses, set-offs, rights of recoupment, counterclaims, actions, causes of action, suits, controversies, liabilities, and demands in law or in equity, whether known or unknown, which the Parties ever had, now have, or may hereafter have from the beginning of the world to the date of this Agreement; *provided, however*, that nothing in this release shall discharge, waive, or impair any Party's rights or obligations arising under the Settlement Agreement. The Parties agree to assume the risk of any and all unknown, unanticipated, or misunderstood claims which are released hereby. The Parties expressly agree that the foregoing release and waiver is intended to be as broad and inclusive as permitted by the laws of the State of Florida.

Pedixon LLC

______________________________
By: ______________________________
As its ______________________________
Date ______________________________

Mainstreet Community Bank of Florida, N.A.

______________________________
By: ______________________________
As its ______________________________
Date ______________________________

ZPD LLC

______________________________
By: ______________________________
As its ______________________________
Date ______________________________

Crescent Sound, Ltd.

______________________________
By: ______________________________
As its ______________________________
Date ______________________________

**Mutual Release by and Between Pedixon LLC, ZPD, LLC,**
**Crescent Sound, Ltd., and Cape Crossing Condominium Association, Inc.**

In consideration of the mutual covenants, rights, and obligations set forth in the Settlement Agreement described in the Chapter 11 Trustee's Emergency Motion to Approve Compromise of Controversy Resolving (I) Unauthorized Postpetition Transfer Claim Against Pedixon LLC and ZPD LLC, (II) Special Assessment Demand by Cape Crossing Condominium Association, Inc. and (III) Proof of Claim 7-1 Filed by Cape Crossing Condominium Association, Inc. (the "**Motion**"), filed in the chapter 11 bankruptcy case styled *In re Homemakers Real Estate, LLC*, Case No. 6:25-bk-05570-GER, pending in the United States Bankruptcy Court, Middle District of Florida (the "**Bankruptcy Case**"), and effective upon entry of an order of the Bankruptcy Court approving the compromise described in the Motion, Pedixon LLC, ZPD, LLC, Crescent Sound, Ltd., and Cape Crossing Condominium Association, Inc. (collectively, the "Parties"), hereby release, discharge, and agree to hold harmless each other and their respective representatives, agents, employees, attorneys, successors, directors, officers, parents, affiliates, assigns, and subsidiaries from any and all claims, defenses, set-offs, rights of recoupment, counterclaims, actions, causes of action, suits, controversies, liabilities, and demands in law or in equity, whether known or unknown, which the Parties ever had, now have, or may hereafter have from the beginning of the world to the date of this Agreement; *provided, however*, that nothing in this release shall discharge, waive, or impair any Party's rights or obligations arising under the Settlement Agreement. The Parties agree to assume the risk of any and all unknown, unanticipated, or misunderstood claims which are released hereby. The Parties expressly agree that the foregoing release and waiver is intended to be as broad and inclusive as permitted by the laws of the State of Florida.

Pedixon LLC

________________________________
By: ____________________________
As its ____________________________
Date ____________________________

Cape Crossing Condominium Association, Inc.

________________________________
By: ____________________________
As its ____________________________
Date ____________________________

ZPD LLC

________________________________
By: ____________________________
As its ____________________________
Date ____________________________

Crescent Sound, Ltd.

________________________________
By: ____________________________
As its ____________________________
Date ____________________________