**ORDERED.**

**Dated: September 01, 2026**

Grace E. Robson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| Homemakers Real Estate, LLC, | ) | Case No. 6:25-bk-05570-GER |
| | ) | Chapter 11 |
| Debtor. | ) | |
| | ) | |

**ORDER (1) GRANTING IN PART MOTION TO SUPPLEMENT THE RECORD ON APPEAL AND (2) SETTING DEADLINE**

THIS CASE came before the Court upon the *Motion to Supplement the Record on Appeal* (Doc. No. 363) (the "Motion") filed by Creditor Frank L. Amodeo ("Mr. Amodeo"), wherein Mr. Amodeo requests to supplement[1] the record on appeal[2] with items from the previously dismissed case, *In re Homemakers Real Estate, LLC*, Case No. 6:25-bk-02685-GER (the "First Case").

Pursuant to the United States District Court for the Middle District of Florida's *Amended General Order Establishing Protocols for Processing Bankruptcy Appeals*,[3] "the presiding bankruptcy judge may review the parties' designations of the record, and, after notice and a hearing or the agreement of the parties, may direct a party to file an amended designation of the record.

---

[1] Mr. Amodeo filed *Appellant's Designation of Items to be Included in the Record on Appeal* (Doc. No. 364) on August 28, 2026.
[2] *See Notice of Appeal* (Doc. No. 352); *Amended Motion for Leave to Appeal* (Doc. No. 375).
[3] *In re Administrative Orders of the Chief Judge*, No. 3:21-mc-1-TJC (M.D. Fla. Oct. 29, 2024), https://www.flmd.uscourts.gov/sites/flmd/files/documents/flmd-amended-general-order-establishing-protocols-for-processing-bankruptcy-appeals-3-21-mc-1-tjc.pdf.

But in no event shall the bankruptcy judge limit a party's right to designate the record." Additionally, that order provides:

> A party seeking to supplement the record on appeal under Fed. R. Bankr. P. 8009(e)(2) shall file with the Clerk of the Bankruptcy Court or the Clerk of the District Court (a) a stipulation of the parties agreeing to supplementation of the record or (b) a motion to supplement the record on appeal.[4]

Generally, "the appellate record in a bankruptcy appeal is limited to papers, exhibits, transcripts, and docket entries from the underlying bankruptcy proceeding."[5]

The Court, having reviewed the Motion and the record, it is **ORDERED**:

1. The Motion (Doc. No. 363) is **GRANTED IN PART** as set forth herein.

2. Mr. Amodeo shall have **14 days from entry of this Order** to file: (a) notice(s) of filing of any documents from the First Case that have not yet been included in a pleading filed in this case; and (b) an amended designation.

# # #

The Clerk's Office is directed to serve a copy of this Order on all interested parties.

---

[4] *Id.*

[5] *See Cole v. Patton (In re Cole)*, No. 6:19-cv-699-ORL-40, 2019 WL 3413525, at *2 (M.D. Fla. July 29, 2019) (citing *Wolley v. Haynes & Boone, L.L.P. (In re SI Restructuring Inc.)*, 480 F. App'x 327, 328-29 (5th Cir. 2012)); *cf. Carmichael v. Balke (In re Imperial Petroleum Recovery Corp.)*, No. 13-30466, 2022 WL 90607, at *3 (Bankr. S.D. Tex. Jan. 7, 2022) ("In sum, Rule 8009 allows an appellant to designate as part of the record on appeal items the bankruptcy [court] was asked to consider (regardless of whether those items were admitted into evidence). With respect to items filed in related cases or adversary proceedings, such items must have been presented for the bankruptcy court's consideration in reaching the appealed decision. If an item was not presented to the bankruptcy court, it may nevertheless be included in the record on appeal if the appellant offers a sufficient explanation for failing to present the item to the court, or if the item's omission from the appellate record would prejudice the appellant. Critically, the Court must ensure that the record designated 'accurately discloses what occurred in the bankruptcy court.'" (citation omitted) (quoting Fed. R. Bankr. P. 8009(e)(1))).