**ORDERED.**

**Dated: September 02, 2026**

Grace E. Robson
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
**www.flmb.uscourts.gov**

In re:

HOMEMAKERS REAL ESTATE, LLC, Case No. 6:25-bk-05570-GER
Chapter 11

Debtor.
_______________________________________/

**ORDER[1] GRANTING CHAPTER 11 TRUSTEE'S EMERGENCY MOTION TO APPROVE COMPROMISE OF CONTROVERSY RESOLVING (I) UNAUTHORIZED POSTPETITION TRANSFER CLAIM AGAINST PEDIXON LLC AND ZPD LLC, (II) SPECIAL ASSESSMENT DEMAND BY CAPE CROSSING CONDOMINIUM ASSOCIATION, INC. AND (III) PROOF OF CLAIM 7-1 FILED BY CAPE CROSSING CONDOMINIUM ASSOCIATION, INC.**
(Doc. No. 372)

**THIS CASE** came before the Court on September 2, 2026, at 2:30 p.m. on the *Chapter 11 Trustee's Emergency Motion to Approve Compromise of Controversy Resolving (I) Unauthorized Postpetition Transfer Claim Against Pedixon LLC and ZPD LLC, (II) Special Assessment Demand by Cape Crossing Condominium Association, Inc. and (III) Proof of Claim 7-1 Filed by Cape Crossing Condominium Association, Inc.* (Doc. No. 372) (the "Motion")[2] filed by Lara R. Fernandez, as Chapter 11 Trustee for the estate of Homemakers Real Estate, LLC (the "Trustee"),

[1] The proposed order submitted to the Court was revised in Chambers.
[2] Capitalized terms not otherwise defined herein have the same meaning and definition as in the Motion.

and the *Objection to the Trustee's Emergency Motion to Approve Compromise of Controversy* (Doc. No. 377) (the "Objection") filed by Frank L. Amodeo.

The Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; venue is proper in this district pursuant to 28 U.S.C. § 1409; this is a core proceeding pursuant to 28 U.S.C. § 157(b); this Court may enter a final order consistent with Article III of the United States Constitution;[3] the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest; the relief requested in the Motion is a result of the Trustee's sound business judgment; the Trustee's notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and the Court having considered the Motion, the Objection and heard argument of counsel and other parties in interest; and the Court having determined—for the reasons stated orally and recorded in open court, which shall constitute the decision of this Court—that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; it is

**ORDERED**:

1. The Motion (Doc. No. 372) is **GRANTED**.

2. The Objection (Doc. No. 377) is **OVERRULED**.

3. The Lender shall (i) pay the Trustee a sum of $350,000.00 in accordance with the terms contained in the Motion to resolve the Trustee's claim to avoid and recover the Postpetition Transfers under sections 549 and 550 of the Bankruptcy Code, and (ii) waive the right to file a section 502(h) proof of claim for the settlement amount.

[3] *See Order of Reference of Cases Arising Under Title 11, United States Code, and Designating Bankruptcy Judges to Conduct Jury Trials and Act as Settlement Judges*, *In re Administrative Orders of the Chief Judge*, No. 3:21-mc-1-TJC (M.D. Fla. Oct. 29, 2024).

4. The Trustee shall pay CCCA a sum of $204,000.00 in accordance with the terms contained in the Motion for the condominium building roof replacement to resolve the Special Assessment and CCCA shall withdraw the Condo Association Claim.

5. The Trustee shall hold the balance of the settlement payment funds received from the Lender and shall not otherwise use those funds pending further order of this Court, with the Trustee and the Secured Creditors reserving their respective rights regarding whether the Secured Creditors' security interests attach to the recovery from the Lender on the Trustee's claim to avoid and recover the Postpetition Transfers.

6. The Lender and Crescent on the one hand and each of the Secured Creditors and CCCA on the other hand are authorized to and shall execute the mutual releases attached as Exhibit A to the Motion.

7. The parties are authorized and directed to consummate the compromise in accordance with the terms contained in the Motion.

8. The Court retains jurisdiction with respect to all matters arising from or related to the interpretation, enforcement and implementation of the compromise and this Order.

# # #

Attorney Rhys P. Leonard is directed to serve a copy of this Order on interested parties who do not receive service by CM/ECF and to file a proof of service within three days of entry of this Order.