**ORDERED.**

**Dated: September 11, 2026**

Grace E. Robson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re | ) |
| | ) |
| Homemakers Real Estate, LLC, | ) Case No. 6:25-bk-05570-GER |
| | ) Chapter 11 |
| Debtor. | ) |
| | ) |

**ORDER (1) GRANTING ORE TENUS MOTION FOR ORDER DIRECTING PARTIES TO JUDICIAL MEDIATION, (2) DIRECTING A JUDICIAL SETTLEMENT CONFERENCE, AND (3) APPOINTING THE HON. JASON A. BURGESS AS SETTLEMENT JUDGE**

THIS CASE came before the Court on September 2, 2026 at 2:30 p.m. (the "Hearing"). At the Hearing, Chapter 11 Trustee Lara Roeske Fernandez ("Trustee") made an *Ore Tenus Motion for Order Directing Parties to a Judicial Mediation* (Doc. No. 380) (the "Motion"). Based on the parties' agreement to participate in a judicial settlement conference as stated on the record during the Hearing and the Honorable Jason A. Burgess' consent to conduct the settlement conference, it is

**ORDERED:**

1. The Motion (Doc. No. 380) is **GRANTED**.

2. ***Judicial Settlement Conference***. Trustee, Pedixon LLC, and ZPD LLC (collectively, the "Parties") are directed to participate in a judicial settlement conference for

possible resolution of **all** issues between the Parties. The Settlement Judge (defined herein) may add or drop parties that must participate in the settlement process. Each party added to the settlement process by the Settlement Judge is also bound by the terms of this Order. Each party is authorized and directed to take all steps necessary or appropriate regarding scheduling, preparing, and participating in settlement conferences with the Settlement Judge.

3. ***Appointment of Settlement Judge***. Judge Burgess is appointed as a settlement judge (the "Settlement Judge") to assist in resolving disputes between the Parties. The Settlement Judge is being appointed because of a judicial position as, and to act in the specific capacity as, a United States Bankruptcy Judge. By serving as a settlement judge, the Settlement Judge performs judicial duties.[1] As such, the Settlement Judge and all persons assisting the Settlement Judge will have full, unqualified judicial immunity, as well as all other privileges, immunities, and protections of a United States Bankruptcy Judge and judiciary employees, regarding any matters arising from or related to the Settlement Judge's role as settlement judge.

4. ***Effects of Judicial Settlement Conference on Pending Matters***. This Order does not abate any deadlines. Any extension of applicable deadlines shall be requested by motion.

5. ***Time and Place of Judicial Settlement Conference***. The scope, location, time, and procedures for the judicial settlement conference will be determined by Judge Burgess, following such consultation with the Parties as he deems appropriate. **The Parties are directed to contact Judge Burgess' courtroom deputy to schedule the judicial settlement conference.**

---

[1] *See, e.g.*, 28 U.S.C. § 651; Code of Conduct for United States Judges, Canon 3(A)(4)(d); *see also Order of Reference of Cases Arising Under Title 11, United States Code, and Designating Bankruptcy Judges to Conduct Jury Trials and Act as Settlement Judges*, *In re Administrative Orders of the Chief Judge*, No. 3:21-mc-1-TJC (M.D. Fla. Oct. 29, 2024) ("Order of Reference") (authorizing bankruptcy judges to act as settlement judges and provided that "[t]o the extent necessary or appropriate to give effect to this aspect of the reference, all bankruptcy judges for the District are designated as possible judicial neutrals pursuant to 28 U.S.C. §§ 651-658"). Fed. R. Bankr. P. 7016, incorporating Fed. R. Civ. P. 16(c)(2)(I), applies to all matters that are the subject of this Order. Fed. R. Bankr. P. 9014(c)(1) ("At any stage of a contested matter, the court may order that one or more other Part VII rules apply.").

6. ***Waiver***. All parties participating in the settlement process will automatically:

a. waive and be unable to assert any claims or causes of action against the Settlement Judge or any Court employees assisting with the settlement process that arise from or relate to the settlement process; and

b. waive and be unable to seek to compel from the Settlement Judge or from any Court employees assisting with the settlement process any oral or written testimony, document production (including, without limitation, regarding any records, reports, summaries, notes, communications, or other documents received or made by the Settlement Judge or any Court employees while serving in such capacity), or other participation whatsoever in any litigation, judicial, arbitral, or other proceeding of any kind.

The Settlement Judge may, in the Settlement Judge's sole discretion, require that the parties sign an agreement memorializing the above understandings before agreeing to serve as a settlement judge.

7. Nothing contained in paragraph 6 prevents the Settlement Judge from reporting (i) the status, but not substance, of the judicial settlement conference effort to the Court; or (ii) whether a party failed to appear at the judicial settlement conference.

8. ***Submission Materials***. Each party must submit directly to the Settlement Judge such materials in form and content as the Settlement Judge directs. Prior to the judicial settlement conference, the Settlement Judge may talk with the participants to determine what materials would be helpful. The materials must not be filed with the Court. All documents created for the settlement process and statements by the parties, attorneys, the Settlement Judge, any court employees, or other participants that are presented or made during the settlement process will in all respects be privileged, not reported, not recorded, not placed into evidence, not made known to the Court, and not construed for any purpose as an admission.[2]

[2] *See* 28 U.S.C. § 652(d).

9. ***Statements Made at Judicial Settlement Conference***. No party is bound by any statement made or act taken during the settlement process unless a settlement is reached by the parties. If a settlement is reached, the settlement terms must be reduced to writing or recited and agreed to on the record.

10. ***Authority***. Every party participating in the judicial settlement conference is authorized to take all steps necessary or appropriate regarding scheduling, preparing, and participating in settlement conferences with the Settlement Judge and is directed to have a representative with full settlement authority appear at the judicial settlement conference.

11. ***Settlement Judge's Report***. Following the conclusion of the judicial settlement conference, the Court requests that the Settlement Judge file a written report identifying the parties in attendance and indicating whether any settlement was reached.

12. ***Retention of Jurisdiction***. The Court has and retains exclusive jurisdiction and power regarding all matters arising from or related to (i) this Order and (ii) the Settlement Judge's role as settlement judge.

# # #

Attorney Rhys P. Leonard is directed to serve a copy of this Order on interested parties who are non-CM/ECF users and file a proof of service within three (3) days of entry of the Order.