**ORDERED.**

**Dated: September 16, 2026**

Grace E. Robson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| Homemakers Real Estate, LLC, | ) | Case No. 6:25-bk-05570-GER |
| | ) | Chapter 11 |
| Debtor. | ) | |
| | ) | |

**ORDER DENYING MOTION OF HORTON S. JOHNSON FOR THE APPOINTMENT OF AN EXAMINER UNDER 11 U.S.C. SECTION 1104(c)**

THIS CASE came before the Court upon the *Motion of Horton S. Johnson for the Appointment of an Examiner Under 11 U.S.C. Section 1104(c)* (Doc. No. 378) (the "Motion") filed by Horton S. Johnson ("Mr. Johnson"). Mr. Johnson asserts that an investigation needs to be conducted regarding PEDixon LLC, ZPD, LLC, and Crescent Sound, Ltd., and requests the appointment of an examiner under 11 U.S.C. § 1104(c) or, in the alternative, 11 U.S.C. § 105(a) to conduct said investigation.

This case was filed as an involuntary petition against Homemakers Real Estate, LLC ("Debtor"). After a trial, the Court entered the *Order (1) Denying Motion to Dismiss and Motion to Abstain, (2) Entering Order for Relief, and (3) Setting Deadlines* (Doc. No. 229) (the "Order for Relief"), which provided for the appointment of a Chapter 11 trustee if Kenneth G. Dixon and Mr. Johnson were unable to resolve the issue of ownership and control of the Debtor. There was no

resolution, and Lara Roeske Fernandez ("Trustee") was appointed as the Chapter 11 trustee.[1] On August 28, 2026, the Court entered the *Case Management Order* (Doc. No. 359) which proscribes parties other than the Chapter 11 trustee from filing papers relating to issues within the trustee's purview without prior authorization of the Court.

Pursuant to 11 U.S.C. § 1104(c),

> *If the court does not order the appointment of a trustee under this section*, then at any time before the confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of an examiner to conduct such an investigation of the debtor as is appropriate, including an investigation of any allegations of fraud, dishonesty, incompetence, misconduct, mismanagement, or irregularity in the management of the affairs of the debtor of or by current or former management of the debtor, if—(1) such appointment is in the interests of creditors, any equity security holders, and other interests of the estate; or (2) the debtor's fixed, liquidated, unsecured debts, other than debts for goods, services, or taxes, or owing to an insider, exceed $5,000,000.[2]

The plain language of the statute provides that the appointment of an examiner is in the event that the appointment of a trustee is inappropriate. While Mr. Johnson, quoting *United States, ex rel. the Rural Utilities Service of the Department of Agriculture and the United States Trustee v. Schilling (In re Big Rivers Electric Corp.)*,[3] argues that the examiner "answers solely to the Court,"[4] that same case recognizes that "[t]he Bankruptcy Code expressly requires examiners to perform two duties normally required of trustees"[5] and that trustee and examiners constitute court fiduciaries and are "amenable to no other purpose or interested party."[6] If a trustee or an examiner are appointed by the court, they are required to, among other things,

> except to the extent that the court orders otherwise, investigate the acts, conduct, assets, liabilities, and financial condition of the debtor, the operation of the debtor's

[1] *Order Approving Appointment of Chapter 11 Trustee* (Doc. No. 252).
[2] 11 U.S.C. § 1104(c) (emphasis added).
[3] 355 F.3d 415 (6th Cir. 2004).
[4] *Id.* at 431-32 (quoting *In re Baldwin United Corp.*, 46 B.R. 314, 316 (Bankr. S.D. Ohio 1985)).
[5] *Id.* at 429 (citing 11 U.S.C. § 1106(b)).
[6] *Id.* at 432 (quoting *In re Hamiel & Sons, Inc.*, 20 B.R. 830, 832 (Bankr. S.D. Ohio 1982)).

business and the desirability of the continuance of such business, and any other matter relevant to the case or to the formulation of a plan.[7]

Given that a chapter 11 trustee has been appointed in this case, Trustee can and should conduct any investigation in this case as to the operation of Debtor's business, and there appears to be no authority for the Court to appoint an examiner as well,[8] it is

**ORDERED** that the Motion (Doc. No. 378) is **DENIED**.

# # #

Attorney Matthew A. Leibert is directed to serve a copy of this Order on interested parties who are non-CM/ECF users and file a proof of service within three (3) days of entry of the Order.

[7] 11 U.S.C. § 1106(a)(3). Pursuant to 11 U.S.C. § 1106(b), an examiner is to perform this duty as well.
[8] While Mr. Johnson asserts that 11 U.S.C. § 105(a) is a basis for appointing an examiner, 11 U.S.C. § 105(a) "does not allow the bankruptcy court to override explicit mandates of other sections of the Bankruptcy Code." *Law v. Siegel*, 571 U.S. 415, 421, 134 S. Ct. 1188, 1194, 188 L. Ed. 2d 146 (2014) (quoting 2 *Collier on Bankruptcy* ¶ 105.01[2] at 105-06 (16th ed. 2013)).