**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
www.flmb.uscourts.gov

In re:

HOMEMAKERS REAL ESTATE, LLC,

Case No. 6:25-bk-05570-GER

Chapter 11

Debtor.
_______________________________________/

**NOTICE OF OPPORTUNITY TO**
**OBJECT AND REQUEST FOR HEARING**

If you object to the relief requested in this paper you must file a response with the Clerk of Court at the George C. Young Federal Courthouse, 400 W Washington Street, Suite 5100, Orlando, Florida 32801 within thirty (30) days from the date of the attached proof of service, plus an additional three days if this paper was served on any party by U.S. Mail.

If you file and serve a response within the time permitted, the Court will either notify you of a hearing date or the Court will consider the response and grant or deny the relief requested in this paper without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, and the Court may grant or deny the relief requested without further notice or hearing.

**You should read these papers carefully and discuss them with your attorney if you have one. If the paper is an objection to your claim in this bankruptcy case, your claim may be reduced, modified, or eliminated if you do not timely file and serve a response.**

## OBJECTION TO CLAIM NO. 70 FILED BY IPFS CORPORATION

Lara Roeske Fernandez, the Chapter 11 Trustee (the "Trustee"), by and through undersigned counsel and pursuant to Fed. R. Bankr. P. 3007 and 11 U.S.C. § 502, hereby objects to Claim No. 70 filed by IPFS Corporation ("IPFS") and seeks entry of an order deeming the Claim fully satisfied, and in support states as follows:

## Jurisdiction

1. The Court has jurisdiction to consider this Objection and the relief requested herein pursuant to 28 U.S.C. §§ 157 and 1334.

2. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The Trustee has standing to object to the Claim pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007.

## The Claim

5. On August 17, 2026, IPFS filed proof of claim number 70-1 (the "Claim"), asserting a claim against the Debtor in the amount of $1,231.54 secured by the unearned premium of a financed insurance policy.

6. The Claim states that the basis for the Claim is "money loaned" for Debtor's property insurance policy. *See* the Claim.

## Background

7. This case was commenced on September 2, 2025 (the "Petition Date") by the filing of an involuntary petition against Homemakers Real Estate, LLC (the "Debtor").

8. On May 21, 2026, this Court entered its Order (1) Denying Motion to Dismiss and Motion to Abstain, (2) Entering Order for Relief, and (3) Setting Deadlines (Doc. No. 229), which provided, in part, a limited period of time for Kenneth G. Dixon and Horton S. Johnson to resolve the issue of ownership and control of the Debtor before the appointment of a Chapter 11 Trustee.

9. That resolution did not timely occur, and the Trustee was appointed to administer the Debtor's estate on June 12, 2026, by Order Approving Appointment of Chapter 11 Trustee (Doc. No. 252).

## **Objection**

10. The Claim arises from a Premium Finance Agreement ("Agreement") under which IPFS financed the premiums for the Debtor's commercial property insurance. The Agreement provides for repayment of the amount financed in eleven (11) monthly installments of $600.75 each, commencing November 7, 2025. *See* the Claim.

11. The Debtor executed the Agreement after the Petition Date, and it became effective in October 2025. The purpose of the Agreement was to provide insurance coverage for the Debtor's property. Maintaining Debtor's property insurance is a necessary, ordinary-course expense of preserving the estate.

12. Section 363(c)(1) of the Bankruptcy Code authorizes the Trustee to use property of the estate in the ordinary course of business, and to enter transactions in the ordinary course of business, without notice or hearing.

13. In the ordinary course of business, the Trustee paid the remaining installments due under the Agreement. As a result, the entire balance owed under the Agreement has been paid in full**.**

14. Because all amounts owed to IPFS under the Agreement have been paid, no amount remains due and owing on the Claim.

15. The Trustee reserves the right to amend or supplement this Objection.

## **Conclusion**

WHEREFORE, the Trustee respectfully requests that the Court enter an order (i) sustaining this Objection, (ii) deeming the Claim fully satisfied, and (iii) granting such other and further relief as the Court deems just and proper.

Dated: September 17, 2026

Respectfully submitted,

*/s/ Rhys P. Leonard*
RHYS P. LEONARD
Florida Bar No.: 59176
rleonard@trenam.com
ANTHONY P. MARZOCCA
Florida Bar No. 1068857
amarzocca@trenam.com
TRENAM, KEMKER, SCHARF, BARKIN,
FRYE, O'NEILL & MULLIS, P.A.
101 East Kennedy Boulevard, Suite 2700
Tampa, Florida 33602
Tel: (813) 223-7474 | Fax: (813) 229-6553
*Counsel to Chapter 11 Trustee*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 17, 2026, a true and correct copy of the foregoing was furnished by CM/ECF to all registered CM/ECF recipients, by email to IPFS Corporation, c/o Lisa Chandler (lisa.chandler@ipfs.com), and by U.S. Mail, postage prepaid to: IPFS Corporation, 30 Montgomery Street, Suite 501, Jersey City, NJ 07302.

*/s/ Rhys P. Leonard*
Rhys P. Leonard