**ORDERED.**

**Dated: September 21, 2026**

Grace E. Robson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| Homemakers Real Estate, LLC, | ) | Case No. 6:25-bk-05570-GER |
| | ) | Chapter 11 |
| Debtor. | ) | |
| | ) | |

**ORDER (1) SHORTENING TIME AND**
**(2) SCHEDULING HEARING ON DISCLOSURE STATEMENTS**

THIS CASE came before the Court for entry of an appropriate order. Lara Roeske Fernandez, in her capacity as the duly appointed Chapter 11 Trustee ("Trustee") has filed the *Chapter 11 Trustee's Plan of Liquidation* (Doc. No. 394) ("Trustee's Plan") and the *Disclosure Statement for Chapter 11 Trustee's Plan of Liquidation* (Doc. No. 395) ("Trustee's Disclosure Statement"). Creditor Frank L. Amodeo ("Mr. Amodeo") previously filed his proposed *Plan of Reorganization Proposed by Frank L. Amodeo, a Creditor and Party in Interest* (Doc. No. 303) ("Mr. Amodeo's Plan") and *Disclosure Statement in Support of the Plan of Reorganization Proposed by Frank L. Amodeo, a Creditor and Party in Interest* (Doc. No. 304) ("Mr. Amodeo's Disclosure Statement").[1] The Court, having reviewed the competing Plans and Disclosure

[1] Trustee's Plan and Mr. Amodeo's Plan are collectively referred to as the "Plans," and Trustee's Disclosure Statement and Mr. Amodeo's Disclosure Statement are collectively referred to as the "Disclosure Statements."

Statements, finds it appropriate to shorten the notice required to consider approval of the Disclosure Statements given the amount of time the Debtor has been in bankruptcy. Accordingly, it is

**ORDERED**:

1. The number of days' notice of the hearing to consider the adequacy of the Disclosure Statements and file objections is shortened as provided in this Order.

2. ***Disclosure Statement Hearing***. A hearing will be held on **October 14, 2026 at 1:30 p.m.** at the George C. Young Federal Courthouse, 400 West Washington Street, Sixth Floor, Courtroom D, Orlando, Florida 32801 (the "Disclosure Statement Hearing"), to consider and rule on the adequacy of the Disclosure Statements (Doc. Nos. 304 and 395), and to consider any other matter properly before the Court at that time.

3. ***Service of Disclosure Statements and Plans***. No later than three days after entry of this Order, counsel for Trustee shall serve the Disclosure Statements and Plans upon all parties entitled to service under Federal Rule of Bankruptcy Procedure 3017(d) and the Local Rule 1007-2 Parties in Interest List. Counsel shall then promptly file a certificate of such service.

4. ***Deadline for Objections to Disclosure Statements***. If you object to approval of Trustee's Disclosure Statement and/or Mr. Amodeo's Disclosure Statement, you must file and serve a written objection no later than 7 days before the Disclosure Statement Hearing. The objection must be served on Trustee, counsel for Trustee, Mr. Amodeo, the Debtor, counsel for each official committee (if any), the United States Trustee, and the Parties in Interest List set forth in Local Rule 1007-2. The Court will not consider untimely objections if such delay prejudices the Debtor, other interested parties, or the progress of the case.

5. ***Amendments to Disclosure Statements to Overcome Objections***. Trustee and Mr. Amodeo may file amended disclosure statements prior to the Disclosure Statement Hearing to cure, meet, or otherwise overcome any timely objections filed by the deadline set in paragraph 4. The party filing the amended disclosure statement must serve the amended disclosure statement before the Disclosure Statement Hearing on the objecting parties and the parties listed in paragraph 3. No amended disclosure statement will be approved unless it is a single integrated statement; a mere amendment or supplement to a disclosure statement is insufficient. The Court encourages resolving objections by filing an amended disclosure statement as provided in this paragraph so that the amended disclosure statement can be approved at the Disclosure Statement Hearing.

6. ***Redline for Amendments and Modifications***. Any amendments or modifications to one of the Disclosure Statements filed with the Court must be accompanied by a redline comparison (which redline must be filed under separate notice of filing).

7. ***Disapproval***. If the Court does not approve either of the Disclosure Statements, then the Court will consider the resulting delay along with all other relevant factors in deciding whether the case should be dismissed or converted at the Disclosure Statement Hearing.

8. ***Continuances***. The Disclosure Statement Hearing may be continued from time to time by announcement made in open Court without further notice.

9. ***Procedures Governing Court Appearances***. All parties must attend the hearing in person. Remote appearances are only permitted in limited circumstances as set forth in Judge Robson's Hearing Procedures.[2] Unrepresented parties who do not have a device that enables them to access the procedures should call the Courtroom Deputy at 407-237-8141 no later than 3:00 p.m. one (1) business day before the date of the hearing.

[2] https://www.flmb.uscourts.gov/orlando/robson/Judge_Robson_Hearing_Procedures.pdf?id=1.

10. ***Appropriate Attire***. You are reminded that Local Rule 5072-1(b)(18) requires that all persons appearing before the Court should dress in appropriate business attire consistent with their financial abilities.

11. ***Avoid Delays at Security Checkpoints***. Please note that a photo ID is required for entry into the courthouse. As of February 2, 2026, you may not bring a cell phone or a computer into the Courthouse unless you are an attorney with a valid Florida Bar identification card or a pro hac vice order, or the presiding judge has entered a specific order authorizing you to bring your cell phone or computer into the Courthouse. *See* Rule 7.02 of the Local Rules of the United States District Court for the Middle District of Florida and Rule 5073-1 of this Court's Local Rules.

# # #

Attorney Rhys P. Leonard shall serve copies of this Order and file proof of such service as directed in paragraph 3 above.