**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
www.flmb.uscourts.gov

In re:

HOMEMAKERS REAL ESTATE, LLC,

Case No. 6:25-bk-05570-GER

Chapter 11

Debtor.
_____________________________________/

**NOTICE OF OPPORTUNITY TO**
**OBJECT AND REQUEST FOR HEARING**

If you object to the relief requested in this paper you must file a response with the Clerk of Court at the George C. Young Federal Courthouse, 400 W Washington Street, Suite 5100, Orlando, Florida 32801 within thirty (30) days from the date of the attached proof of service, plus an additional three days if this paper was served on any party by U.S. Mail.

If you file and serve a response within the time permitted, the Court will either notify you of a hearing date or the Court will consider the response and grant or deny the relief requested in this paper without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, and the Court may grant or deny the relief requested without further notice or hearing.

**You should read these papers carefully and discuss them with your attorney if you have one. If the paper is an objection to your claim in this bankruptcy case, your claim may be reduced, modified, or eliminated if you do not timely file and serve a response.**

**OBJECTION TO CLAIM NO. 67 OF PEDIXON, LLC**

Lara Roeske Fernandez, the Chapter 11 Trustee (the "Trustee"), by and through undersigned counsel and pursuant to Fed. R. Bankr. P. 3007 and 11 U.S.C. § 502, hereby objects to Claim No. 67 filed by PEDIXON, LLC ("Pedixon") and seeks entry of an order disallowing

Claim No. 67 (the "Claim") in its entirety, or in the alternative reducing it to the amount substantiated by competent evidence, and in support states as follows:

**Jurisdiction**

1. The Court has jurisdiction to consider this Objection and the relief requested herein pursuant to 28 U.S.C. §§ 157 and 1334.

2. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The Trustee has standing to object to the Claim pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007.

**The Claim**

5. On July 30, 2026, Pedixon filed the Claim, asserting a claim against the Homemakers Real Estate, LLC (the "Debtor") in the amount of $4,779,864.58.

6. The Claim states that the basis for the Claim is "Guarantee of indebtedness" and asserts that the Debtor is a guarantor of obligations (the "Loan") under a consolidated loan agreement dated September 14, 2023 (the "Loan Agreement"). *See* Claim.

7. The Claim asserts that all or part of the Claim is secured by a lien on real property, with the basis for perfection stated as a recorded purchase option / right of first refusal. *See* Claim.

**Background**

8. This case was commenced on September 2, 2025 (the "Petition Date") by the filing of an involuntary petition against the Debtor.

9. On May 21, 2026, this Court entered its Order (1) Denying Motion to Dismiss and Motion to Abstain, (2) Entering Order for Relief, and (3) Setting Deadlines (Doc. No. 229) (the "Order for Relief"), which provided, in part, a limited period of time for Kenneth G. Dixon and

Horton S. Johnson to resolve the issue of ownership and control of the Debtor before the appointment of a Chapter 11 Trustee.

10. That resolution did not timely occur, and the Trustee was appointed to administer the Debtor's estate on June 12, 2026, by Order Approving Appointment of Chapter 11 Trustee (Doc. No. 252).

11. On June 16, 2026, Horton S. Johnson (purportedly on behalf of the Debtor) filed bankruptcy schedules for the Debtor (the "Schedules"). *See* Doc. No. 255.

12. On July 14, 2026, the Trustee raised her concern at the initial status conference that, given the history of this case, all purported creditors listed on the Schedules be required to file proofs of claim under penalty of perjury to participate in the Debtor's bankruptcy case, and she subsequently filed her Motion to (I) Require Certain Creditors with Scheduled Claims to File Proofs of Claim and (II) Extend Time for Certain Creditors to File Proofs of Claim. *See* Doc. No. 318.

13. On July 22, 2026, this Court entered its Order Granting Chapter 11 Trustee's Motion to (I) Require Certain Creditors with Scheduled Claims to File Proofs of Claim and (II) Extend Time for Certain Creditors to File Proofs of Claim (Doc. No. 320) requiring all creditors listed on the Debtor's Schedules to file a proof of claim in order to participate in the Debtor's bankruptcy case and/or receive distributions from the Debtor's bankruptcy estate.

14. On August 31, 2026, the Trustee filed her Emergency Motion to Approve Compromise of Controversy Resolving (I) Unauthorized Post-Petition Transfer Claim Against Pedixon LLC and ZPD LLC, (II) Special Assessment Demand by Cape Crossing Condominium Association, Inc. and (III) Proof of Claim 7-1 Filed by Cape Crossing Condominium Association, Inc. (the "Compromise Motion"). Doc. No. 372. The Compromise Motion was granted by an

order of the Court entered on September 2, 2026 (the "Compromise Order") (Doc. No. 379) to resolve a dispute over the postpetition rental income that had been diverted from the Debtor as discussed in the Compromise Motion and below.

**Objection**

15. A filed proof of claim is deemed allowed unless objected to. *See* 11 U.S.C. § 502(a). Bankruptcy Rule 3001(c) requires a claimant whose claim is based on a writing to file the writing with the claim, and the attachment of supporting documentation is a mandatory prerequisite to establishing a claim's prima facie validity. *In re Taylor*, 363 B.R. 303, 307-08 (Bankr. M.D. Fla. 2007).

16. A creditor may claim the full debt notwithstanding recoveries from non-debtors, but a creditor "cannot collect more, in total, than the amount that is owed." *Nuveen Mun. Tr. Ex rel. Nuveen High Yield Mun. Bond Fund v. WithumSmith Brown, P.C.*, 692 F.3d 283, 296 (3d Cir. 2012).

17. As mentioned above, the Claim asserts that the Debtor owes Pedixon $4,779,864.58, but that figure is stated as a gross amount owed with no payment history or evidence to reflect any accounting for value that Pedixon or its affiliates may have already recaptured on account of the same debt from other co-obligors. On the present record, and based on the Claim and its attachments, it is unclear whether, and to what extent, the Claim has already been satisfied in whole or in part by not only other co-obligors but with funds from the Debtor, or to what extent, if any, and on what basis, the Claim is secured.

18. Further, the Loan Agreement (which the Trustee does not concede is enforceable, *see infra*), requires Pedixon to collect $100,000 per month, funded from the unit rental income, to be applied to the balance of the Loan. The Claim does not disclose how much rental income was

collected prepetition and applied under this mechanism, or whether those applications were already taken into account with the figure stated in the Claim. Objections to claims are sustained where the creditor could not prove it had credited payments actually received. *In re Thornburg*, 596 B.R. 766, 770 (Bankr. M.D. Fla. 2018).

19. Finally, the Trustee notes that the Claim may be unenforceable under certain provisions of the Bankruptcy Code and/or applicable state laws regarding the repayment of debts. *See* 11 U.S.C. §§ 502(b) & (d). Undertaking a determination of the applicability of those laws requires a fact intensive analysis examining, among other things, the dates that certain transfers or payments were made, and the amounts of interest charged and received, along with a review of all other charges or costs incurred in connection with a loan. The Claim as filed presently does not contain sufficient information to permit the Trustee to perform this analysis, and therefore, is not entitled to prima facie validity. *See Taylor*, 363 B.R. at 308.

20. For all of the foregoing reasons, the Claim should be disallowed to the extent it is unenforceable under Florida law, reduced by all value recaptured in respect of the Loan, or at minimum Pedixon should be required to prove enforceability and the net amount actually due by a preponderance of the evidence. *Id.*

21. The Trustee reserves the right to amend or supplement this Objection, including upon receipt of any documentation Pedixon may produce, and to assert any additional grounds for disallowance, reduction, subordination, or recharacterization of the Claim as equity.[1]

---

[1] Pursuant to the Order (1) Granting Ore Tenus Motion for Order Directing Parties to Judicial Mediation, (2) Directing a Judicial Settlement Conference, and (3) Appointing the Hon. Jason A. Burgess as Settlement Judge, entered on September 11, 2026 (Doc. No. 386), the Debtor and Pedixon will undertake a mediation on October 19, 2026, to attempt to resolve, among other things, disputed issues related to the Claim. The Trustee's reservation of rights herein shall expressly include the right to amend or supplement this Objection following the outcome of the judicial settlement conference.

## Conclusion

22. WHEREFORE, the Trustee respectfully requests that the Court enter an order (i) sustaining this Objection, (ii) disallowing the Claim in its entirety or in the alternative, reducing the amount of the Claim to the net amount actually due, and (iii) granting such other and further relief as the Court deems just and proper.

Dated: October 2, 2026

Respectfully submitted,

/s/ Anthony P. Marzocca

RHYS P. LEONARD
Florida Bar No.: 59176
rleonard@trenam.com
ANTHONY P. MARZOCCA
Florida Bar No.: 1068857
amarzocca@trenam.com
TRENAM, KEMKER, SCHARF, BARKIN,
FRYE, O'NEILL & MULLIS, P.A.
101 East Kennedy Boulevard, Suite 2700
Tampa, Florida 33602
Tel: (813) 223-7474 | Fax: (813) 229-6553
*Counsel to Chapter 11 Trustee*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 2, 2026, a true and correct copy of the foregoing was furnished by CM/ECF to all registered CM/ECF recipients, and by U.S. Mail, postage prepaid to Pedixon, LLC, c/o Jeffrey S. Ainsworth, Esq., 1501 E. Concord Street, Orlando, FL 32803.

/s/ Anthony P. Marzocca
Anthony P. Marzocca