**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
www.flmb.uscourts.gov

In re:

HOMEMAKERS REAL ESTATE, LLC, Case No. 6:25-bk-05570-GER

Chapter 11

Debtor.
_______________________________________/

**NOTICE OF OPPORTUNITY TO**
**OBJECT AND REQUEST FOR HEARING**

If you object to the relief requested in this paper you must file a response with the Clerk of Court at the George C. Young Federal Courthouse, 400 W Washington Street, Suite 5100, Orlando, Florida 32801 within thirty (30) days from the date of the attached proof of service, plus an additional three days if this paper was served on any party by U.S. Mail.

If you file and serve a response within the time permitted, the Court will either notify you of a hearing date or the Court will consider the response and grant or deny the relief requested in this paper without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, and the Court may grant or deny the relief requested without further notice or hearing.

**You should read these papers carefully and discuss them with your attorney if you have one. If the paper is an objection to your claim in this bankruptcy case, your claim may be reduced, modified, or eliminated if you do not timely file and serve a response.**

**OBJECTION TO CLAIM NO. 71-1 OF TIERED CAPITAL, INC.**

Lara Roeske Fernandez, the Chapter 11 Trustee (the "Trustee"), by and through undersigned counsel and pursuant to Fed. R. Bankr. P. 3007 and 11 U.S.C. § 502, hereby objects to Claim No. 71-1 filed by Tiered Capital, Inc. ("Tiered Capital") and seeks entry of an order

disallowing Claim No. 71-1 (the "Claim") in its entirety, or in the alternative reducing it to the amount substantiated by competent evidence, and in support states as follows:

**Jurisdiction**

1. The Court has jurisdiction to consider this Objection and the relief requested herein pursuant to 28 U.S.C. §§ 157 and 1334.

2. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The Trustee has standing to object to the Claim pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007.

**The Claim**

5. On August 19, 2026, Tiered Capital filed the Claim, asserting a general unsecured claim against Homemakers Real Estate, LLC (the "Debtor") in the amount of $125,000.00. The Claim states that it does not include interest or other charges, is not based on a lease, is not subject to a right to setoff, and is not entitled to priority under 11 U.S.C. § 507(a).

6. The Claim states that the basis for the Claim is "Funds advanced on Debtor's behalf, October 2023" and, as noted in the Declaration of Frank L. Amodeo in Support of the Proof of Claim of Tiered Capital, Inc. (the "Amodeo Declaration"), by an oral agreement under which the Debtor allegedly agreed to repay Tiered Capital for funds that Cape Crossing Vacation Rentals, LLC ("CCVR") advanced to PEDixon, LLC ("Pedixon") on the Debtor's behalf. *See* Claim.

7. The addendum to the Claim states that the alleged repayment agreement "was not reduced to a written contract, promissory note, or loan agreement" and "was an oral agreement." *See* Claim.

8. The accounting records attached to the Claim as Exhibit 1 reflect eleven advances by CCVR to Pedixon between October 3 and October 31, 2023, totaling $102,500.00. Tiered Capital alleges that the remaining $22,500.00 "rests on the Debtor's own scheduling of the obligation" and on an unspecified "continuing review" of records not reflected in the Claim. Claim at p. 6.

## **Background**

9. This case was commenced on September 2, 2025, by the filing of an involuntary petition against the Debtor.

10. On May 21, 2026, this Court entered its Order (1) Denying Motion to Dismiss and Motion to Abstain, (2) Entering Order for Relief, and (3) Setting Deadlines (Doc. No. 229), which provided, in part, a limited period of time for Kenneth G. Dixon and Horton S. Johnson to resolve the issue of ownership and control of the Debtor before the appointment of a Chapter 11 Trustee.

11. That resolution did not timely occur, and the Trustee was appointed to administer the Debtor's estate on June 12, 2026, by Order Approving Appointment of Chapter 11 Trustee. Doc. No. 252.

12. On June 16, 2026, Horton S. Johnson (purportedly on behalf of the Debtor) filed bankruptcy schedules for the Debtor (the "Schedules"). *See* Doc. No. 255.

13. On July 14, 2026, the Trustee raised her concern at the initial status conference that, given the history of this case, all purported creditors listed on the Schedules be required to file proofs of claim under penalty of perjury to participate in the Debtor's bankruptcy case, and she subsequently filed her Motion to (I) Require Certain Creditors with Scheduled Claims to File Proofs of Claim and (II) Extend Time for Certain Creditors to File Proofs of Claim. *See* Doc. No. 318.

14. On July 22, 2026, this Court entered its Order Granting Chapter 11 Trustee's Motion to (I) Require Certain Creditors with Scheduled Claims to File Proofs of Claim and (II) Extend Time for Certain Creditors to File Proofs of Claim (Doc. No. 320) requiring all creditors listed on the Debtor's Schedules to file a proof of claim in order to participate in the Debtor's bankruptcy case and/or receive distributions from the Debtor's bankruptcy estate.

**Objection**

15. A filed proof of claim is deemed allowed unless objected to. *See* 11 U.S.C. § 502(a). Bankruptcy Rule 3001(c) requires a claimant whose claim is based on a writing to file the writing with the claim, and the attachment of supporting documentation is a mandatory prerequisite to establishing a claim's prima facie validity. *In re Taylor*, 363 B.R. 303, 307-08 (Bankr. M.D. Fla. 2007).

**I. The Claim is prima facie invalid and Tiered Capital cannot carry its burden to prove validity.**

16. A claim based on a writing that is unsupported by the required documentation is not entitled to prima facie validity. *Id.* Thus, a claim that lacks prima facie validity is subject to being "quickly disallowed upon a valid objection," unless the claimant can adduce sufficient evidence to establish the validity and amount of the claim by a preponderance of the evidence. *Id.*

17. Here, there is no written agreement, note, or loan document, and the Claim is therefore stripped of any presumption of validity. The Claim's own supporting records document advances of only $102,500.00, and Tiered Capital concedes that its records do not, standing alone, document the full $125,000.00 asserted, with the remaining $22,500.00 resting on the Debtor's scheduling of the obligation. A debtor's scheduling of a claim does not relieve a claimant from its independent evidentiary burden once a required proof of claim has been objected to. *Id.* That is especially so here, where the Schedules were filed by Horton S. Johnson, the same individual who

signed the Claim as Tiered Capital's authorized agent. The scheduled figure is not independent corroboration of the Claim, but is in fact Tiered Capital's own self-referential assertion.

18. The Claim's own supporting records are also internally inconsistent. Exhibit 1 to the Claim states a total of $102,501.00 rather than the $102,500.00 asserted, and it lists an October 17, 2023 advance of $12,509.00" rather than the $12,500.00 reflected elsewhere. As noted in *In re Taylor*, internal inconsistencies in supporting documents is a basis for finding that a claim is not facially valid. 363 B.R. at 307-08.

19. The Claim is therefore not entitled to prima facie validity, at least as to the undocumented portion, and Tiered Capital bears the ultimate burden of proving the validity and amount of the Claim by a preponderance of the evidence. *Taylor*, 363 B.R. at 308.

**II. Tiered Capital is not the proper claimant and holds no enforceable right to payment against the Debtor.**

20. On the face of the Claim and its exhibits, the funds at issue were advanced by CCVR, not by Tiered Capital. The accounting records attached to the Claim reflect advances made by CCVR, and the Amodeo Declaration states that each advance "consisted of funds that Cape Crossing Vacation Rentals would otherwise have remitted upstream to Tiered Capital." Claim at pp. 5, 14. The Claim affirmatively states that it was not acquired from anyone else. Claim at p. 1.

21. Under Florida law, a parent corporation and its subsidiaries are separate legal entities, and a parent may not recover on a claim belonging to a subsidiary absent a transfer or assignment of the subsidiary's rights. *Unijax, Inc. v. Factory Ins. Ass'n*, 328 So. 2d 448, 451-53 (Fla. 1st DCA 1976). A parent's theory that it is the "ultimate" beneficiary of funds its subsidiaries advanced does not make the parent the real party in interest or supply it with the subsidiary's cause of action. *Id.* Where the record shows that the relevant transactions ran through affiliated entities rather than the parent itself, the parent has no recoverable claim of its own. *See GFN Corp. v.*

*KPMG Peat Marwick*, 820 So. 2d 944, 946 (Fla. 3d DCA 2002). No assignment from CCVR to Tiered Capital is alleged or attached to the Claim.

22. Tiered Capital's alternative characterization, i.e., that Tiered Capital was "the party deprived of funds" because the advances would otherwise have flowed upstream to it, fares no better. To recover in unjust enrichment or on a comparable equitable theory under Florida law, the claimant itself must have directly conferred the benefit on the Debtor and an indirect benefit flowing through a related entity is insufficient absent a piercing of the corporate veil. *CFLB P'ship, LLC v. Diamond Blue Int'l, Inc.*, 352 So. 3d 357, 259 (Fla. 3d DCA 2022); *Peoples Nat. Bank of Com. v. First Union Nat'l Bank of Fla., N.A.*, 667 So. 2d 876, 879 (Fla. 3d DCA 1996). Tiered Capital did not confer any direct benefit on the Debtor because, by its own account, it was CCVR that advanced the funds to Pedixon.

23. Separately, the Claim exhibits contradict the premise that the advances discharged any obligation of the Debtor. The Amodeo Declaration states that it was Tiered Capital that "entered into a consolidated loan agreement" with Pedixon in September of 2023, and that monthly payments were due to Pedixon under that arrangement. Claim at p. 13. Exhibit 1 to the Claim is captioned as a record of "Pedixon Interest Payments," and each October 2023 entry is described as a "Partial Interest Payment to" Pedixon. Claim at p. 9. If the advances serviced interest owed on Tiered Capital's own consolidated loan, no obligation of the Debtor was discharged, and no right of reimbursement against the Debtor arises. The Claim is therefore not enforceable under the Debtor and is not an allowable claim. 11 U.S.C. § 502(b)(1).

## III. The alleged oral agreement is not enforceable against the Debtor.

24. The Claim rests entirely on an oral agreement that was never reduced to writing. The only evidence of the agreement or its terms is the Amodeo Declaration.

25. To the extent the alleged agreement is construed as a promise by the Debtor to answer for amounts owed to Pedixon, it is barred by Florida's statute of frauds, which provides that no action shall be brought to charge a defendant upon any special promise to answer for the debt, default, or miscarriage of another person unless the agreement, or some note or memorandum of it, is in writing and signed by the party to be charged. § 725.01, Fla. Stat. Florida courts enforce this bar against oral promises to pay or assume the debt of a third party. *Riba v. Pila*, 543 So. 2d 429, 430 (Fla. 2d DCA 1989). Tiered Capital invokes no written memorandum, and the burden of establishing any exception to the statute, such as the "leading object" or main-purpose rule, would rest on Tiered Capital, which the undocumented, affiliate-driven arrangement described in the Amodeo Declaration does not satisfy.

26. Because a claim that is unenforceable against the Debtor under applicable law is not allowable, the Claim should be disallowed on this independent ground. 11 U.S.C. § 502(b)(1); *see also In re Evans Prods. Co.*, 60 B.R. 863, 865 n.3 (S.D. Fla. 1986) (explaining that bankruptcy court has affirmative duty under § 502(b)(1) to determine whether claim was cognizable as legal obligation under applicable law).

**<u>Reservation of Rights</u>**

27. The Trustee reserves the right to amend or supplement this Objection, including upon receipt of any documentation Tiered Capital may produce, and to assert any additional grounds for disallowance, reduction, subordination, or recharacterization of the Claim.

**Conclusion**

28. WHEREFORE, the Trustee respectfully requests that the Court enter an order (i) sustaining this Objection, (ii) disallowing the Claim in its entirety, and (iii) granting such other and further relief as the Court deems just and proper.

Dated: October 2, 2026

Respectfully submitted,

/s/ Anthony P. Marzocca
RHYS P. LEONARD
Florida Bar No.: 59176
rleonard@trenam.com
ANTHONY P. MARZOCCA
Florida Bar No.: 1068857
amarzocca@trenam.com
TRENAM, KEMKER, SCHARF, BARKIN,
FRYE, O'NEILL & MULLIS, P.A.
101 East Kennedy Boulevard, Suite 2700
Tampa, Florida 33602
Tel: (813) 223-7474 | Fax: (813) 229-6553
*Counsel to Chapter 11 Trustee*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 2, 2026, a true and correct copy of the foregoing was furnished by CM/ECF to all registered CM/ECF recipients, and by U.S. Mail, postage prepaid to: Tiered Capital, Inc., 4409 Hoffner Avenue, #348, Orlando, FL 32812.

/s/ Anthony P. Marzocca
Anthony P. Marzocca