**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
**www.flmb.uscourts.gov**

In re:

HOMEMAKERS REAL ESTATE, LLC,

Debtor.
_____________________________________/

Case No. 6:25-bk-05570-GER

Chapter 11

**NOTICE OF OPPORTUNITY TO**
**OBJECT AND REQUEST FOR HEARING**

If you object to the relief requested in this paper you must file a response with the Clerk of Court at the George C. Young Federal Courthouse, 400 W Washington Street, Suite 5100, Orlando, Florida 32801 within thirty (30) days from the date of the attached proof of service, plus an additional three days if this paper was served on any party by U.S. Mail.

If you file and serve a response within the time permitted, the Court will either notify you of a hearing date or the Court will consider the response and grant or deny the relief requested in this paper without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, and the Court may grant or deny the relief requested without further notice or hearing.

**You should read these papers carefully and discuss them with your attorney if you have one. If the paper is an objection to your claim in this bankruptcy case, your claim may be reduced, modified, or eliminated if you do not timely file and serve a response.**

## OBJECTION TO CLAIM NO. 65-1 FILED BY TAMAMOI LLC

Lara Roeske Fernandez, the Chapter 11 Trustee (the "Trustee"), by and through undersigned counsel and pursuant to Fed. R. Bankr. P. 3007 and 11 U.S.C. § 502, objects to Claim No. 65-1 filed by Tamamoi LLC ("Tamamoi"), and seeks entry of an order allowing Claim 65-1 (the "Claim") as secured but disallowing any deficiency of the Claim as unsecured. In support, the Trustee states:

**Jurisdiction**

1. The Court has jurisdiction to consider this Objection and the relief requested herein pursuant to 28 U.S.C. §§ 157 and 1334.

2. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The Trustee has standing to object to the Claim pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007.

**The Claim**

5. Tamamoi filed the Claim on July 30, 2026, asserting a secured claim[1] on account of money owed of $3,378,797.64, and an unsecured claim of $0.00, for a total amount of $3,378,797.64. Claim at p. 2.

6. As to the Debtor, the Final Judgment adjudicates only an *in rem* foreclosure of Tamamoi's mortgage lien against the Units. The Debtor was named in the State Court Action, and is implicated by the Claim, only in its capacity as the owner of the Collateral.

**Background**

7. This bankruptcy case was commenced on September 2, 2025, by the filing of an involuntary petition against the Debtor.

8. On May 21, 2026, this Court entered its Order (1) Denying Motion to Dismiss and Motion to Abstain, (2) Entering Order for Relief, and (3) Setting Deadlines (Doc. No. 229), which

---

[1] The Claim is secured by a mortgage lien on the real property located at 202 Ivory Coral Lane, Units 206, 303, 305, 402, 403, 404, 504, 505, Merritt Island, Florida 32953 (the "Collateral" or the "Units") and the Uniform Final Judgment of Mortgage Foreclosure entered on May 18, 2026 (the "Foreclosure Judgment") in *Tamamoi, LLC v. Canaveral Crossroads, LLC, et al.*, Case No. 052024CA023943XXCABC, in the Circuit Court of the Eighteenth Judicial Circuit in and for Brevard County, Florida (the "State Court Action").

provided, in part, a limited period of time for Kenneth G. Dixon and Horton S. Johnson to resolve the issue of ownership and control of the Debtor before the appointment of a Chapter 11 Trustee.

9. That resolution did not timely occur, and the Trustee was appointed to administer the Debtor's estate on June 12, 2026, by Order Approving Appointment of Chapter 11 Trustee. Doc. No. 252.

10. On June 16, 2026, Horton S. Johnson (purportedly on behalf of the Debtor) filed bankruptcy schedules for the Debtor (the "Schedules"). *See* Doc. No. 255.

11. On July 14, 2026, the Trustee raised her concern at the initial status conference that, given the history of this case, all purported creditors listed on the Schedules be required to file proofs of claim under penalty of perjury to participate in the Debtor's bankruptcy case, and she subsequently filed her Motion to (I) Require Certain Creditors with Scheduled Claims to File Proofs of Claim and (II) Extend Time for Certain Creditors to File Proofs of Claim. *See* Doc. No. 318.

12. On July 22, 2026, this Court entered its Order Granting Chapter 11 Trustee's Motion to (I) Require Certain Creditors with Scheduled Claims to File Proofs of Claim and (II) Extend Time for Certain Creditors to File Proofs of Claim (Doc. No. 320) requiring all creditors listed on the Debtor's Schedules to file a proof of claim in order to participate in the Debtor's bankruptcy case and/or receive distributions from the Debtor's bankruptcy estate.

**Objection**

13. A filed proof of claim is deemed allowed unless objected to. *See* 11 U.S.C. § 502(a). Whether a claim is enforceable—and therefore allowable—is governed by non-bankruptcy law. 11 U.S.C. § 502(b)(1).

14. The Trustee objects to the Claim only insofar as it may be construed to seek an unsecured claim for any deficiency after liquidation of the Collateral. Because the Debtor is neither an obligor nor a guarantor on the obligations underlying the Foreclosure Judgment, the Trustee seeks confirmation that no unsecured claim will be allowed. *See In re Prof. Invs. Ins. Grp., Inc.*, 232 B.R. 870, 888 (Bankr. N.D. Tex. 1999). The Trustee does not object to Tamamoi's *in rem* rights with respect to the Collateral as asserted in the Claim.

**Reservation of Rights**

15. The Trustee reserves all rights with respect to the Claim.[2] Nothing herein constitutes a waiver of, or admission concerning, any matter.

**Conclusion**

WHEREFORE, the Trustee respectfully requests that the Court enter an order (i) sustaining this Objection; (ii) determining that Claim No. 65-1 filed by Tamamoi, LLC is enforceable against the Debtor and its estate solely *in rem* against the Collateral, and is allowed, if at all, only as a secured claim limited to the value of the Collateral under 11 U.S.C. § 506(a); (iii) disallowing the Claim to the extent it asserts any *in personam* liability of the Debtor or any unsecured deficiency claim against the Debtor or the estate; and (iv) granting such other and further relief as the Court deems just and proper.

---

[2] Notwithstanding this reservation of rights, the Trustee notes that certain parties-in-interest in this case, along with parties-in-interest in the pending chapter 11 case of Canaveral Crossroads styled *In re Canaveral Crossroads, LLC*, Case No. 6:25-bk-05426, pending in this Court, have raised allegations that certain loans, including the loan at issue in the State Court Action, may be unenforceable due to Florida state usury laws. The Trustee's position with respect to the loan underlying the Claim is that because the Debtor is neither a guarantor of that obligation, nor an "obligor" as defined by applicable state law in any capacity with respect to that loan, the Trustee lacks standing to assert any claim of usury with respect to the Claim or its underlying obligations and does not intend to pursue any such argument with respect to the Claim. *See Gunn Plumbing, Inc. v. Dania Bank*, 252 So. 2d 1, 4 (Fla. 1971); *Freeman v. JPMorgan Chase Bank N.A.*, 675 Fed. Appx. 926, 935, n. 9 (11th Cir. Jan. 13, 2017); *Adana Investing, Inc. v. Wells Fargo Bank, N.A.*, 2017 WL 3668553, at *14 (S.D. Fla. Apr. 10, 2017).

Dated: October 6, 2026

Respectfully submitted,

/s/ Anthony P. Marzocca
RHYS P. LEONARD
Florida Bar No.: 59176
rleonard@trenam.com
ANTHONY P. MARZOCCA
Florida Bar No.: 1068857
amarzocca@trenam.com
TRENAM, KEMKER, SCHARF, BARKIN,
FRYE, O'NEILL & MULLIS, P.A.
101 East Kennedy Boulevard, Suite 2700
Tampa, Florida 33602
Tel: (813) 223-7474 | Fax: (813) 229-6553
*Counsel to Chapter 11 Trustee*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 6, 2026, a true and correct copy of the foregoing was furnished by CM/ECF to all registered CM/ECF recipients, and by U.S. Mail, postage prepaid, to Tamamoi LLC, c/o Elizabeth Wulff, McMichael Taylor Gray, LLC, 3550 Engineering Drive, Suite 260, Peachtree Comers, GA 30092, and to the Office of the United States Trustee, and to any other parties entitled to service under Fed. R. Bankr. P. 3007(a) and the Local Rules.

/s/ Anthony P. Marzocca
Anthony P. Marzocca