**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
**www.flmb.uscourts.gov**

In re:

HOMEMAKERS REAL ESTATE, LLC,

Case No. 6:25-bk-05570-GER
Chapter 11

Debtor.
_______________________________________/

**NOTICE OF FILING E-MAIL SENT TO CHAPTER 11 TRUSTEE**

PLEASE TAKE NOTICE that Lara Roeske Fernandez, the Chapter 11 Trustee (the "Trustee") in the above-captioned case, by and through undersigned counsel, hereby files this Notice of Filing (the "Notice") to advise the Court and all parties-in-interest that the Trustee received the unsolicited email correspondence attached hereto as **Exhibit A** (the "Email").

PLEASE TAKE FURTHER NOTICE that, on October 20, 2026, the Trustee received the Email, which was sent by Claire Suzanne Holland and which, among other things, requests legal advice concerning the status of this bankruptcy case. The Trustee did not solicit the Email and has no attorney-client or other relationship with the sender.

PLEASE TAKE FURTHER NOTICE that the Trustee files the Email solely for purposes of transparency and disclosure to the Court and parties-in-interest. The Trustee is not authorized to provide legal advice to any persons.

PLEASE TAKE FURTHER NOTICE that, by filing this Notice, the Trustee makes no representation as to the accuracy, completeness, or contents of the Email, takes no position with respect to any statement or request contained therein, and does not adopt or endorse any matter set forth in the Email. The Trustee reserves all rights with respect to the Email and its contents, and

nothing in this Notice or the attached exhibit shall constitute, or be deemed to constitute, a waiver of any right, claim, defense, or privilege of the Trustee or the estate.

PLEASE TAKE FURTHER NOTICE that a true and correct copy of the Email is attached hereto as Exhibit A.

Dated: October 22, 2026

Respectfully submitted,

/s/ Anthony P. Marzocca
RHYS P. LEONARD
Florida Bar No. 59176
rleonard@trenam.com
ANTHONY P. MARZOCCA
Florida Bar No. 1068857
amarzocca@trenam.com
TRENAM, KEMKER, SCHARF, BARKIN,
FRYE, O'NEILL & MULLIS, P.A.
101 East Kennedy Boulevard, Suite 2700
Tampa, Florida 33602
Tel: (813) 223-7474 | Fax: (813) 229-6553
*Counsel to Chapter 11 Trustee*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 22, 2026, a true and correct copy of the foregoing was furnished by CM/ECF to all registered CM/ECF recipients, and by U.S. Mail, postage prepaid, to Claire Suzanne Holland, 1130 University Boulevard, Suite B9-361, Tuscaloosa, AL 35401, and to the Office of the United States Trustee, and to any other parties entitled to service under Fed. R. Bankr. P. 3007(a) and the Local Rules.

/s/ Anthony P. Marzocca
Anthony P. Marzocca

# Exhibit A

**Email**

**Lara Roeske Fernandez**

**From:** Claire Holland <claire.suzanne.holland@gmail.com>
**Sent:** Tuesday, October 20, 2026 2:09 PM
**To:** Lara Roeske Fernandez
**Subject:** IAM Irrevocable Trust, Dated 6-1-2002: Three condo units involved in Bankruptcy Petition #: 6:25-bk-05570-GER

ⓘ External email ❯

Dear Attorney Fernandez:

I am seeking a way to intervene, on behalf of the IAM Irrevocable Trust cited above, in Bankruptcy Petition #: 6:25-bk-05570-GER. I understand I must have leave of Court to do so. However, if you can save me the time of preparing such an intervention, only to be denied, I would appreciate it. I have no experience in bankruptcy law. It is only by spending hundreds of hours reading the file at issue, and reading all the property records regarding the complex property trades and assignments and movements of these condo units, that I can see now how the Trust lost these 3 units. And, that final understanding was very recent.

The Trust received a quit claim deed signed by Kenneth G. Dixon, for a unit involved in the case. By the terms of the quit claim deed, it was payment of a debt. My understanding was that the existing mortgage would be paid from the rental income for the unit. I have seen through the pleadings in this bankruptcy case that Mr. Dixon is being accused of the same conduct: not paying over the income for these units for necessary expenses of the units. Given the fact that consideration passed according to the terms of the deed, prepared by Mr. Dixon, I feel it necessary to try to file a claim for this unit.

In the foreclosure and other litigation regarding Unit 403, proper and consistent service of notices could have given the Trust an opportunity to object to the unit being revoked from the Trust. Property records indicate that some documents state I was served and I was not. For example, the appeal of the judgment and lis pendens pleadings which gave rise to this loss, were described as having been sent to my home address, which is an insecure rural street mailbox. Because it is an insecure mailbox, all professional and financial documents are sent to my legal mailing address: 1130 University Boulevard, Suite B9-361, Tuscaloosa, AL 35401. My State Bar of Georgia formal address for anyone seeking to locate me is that address.

Because of the Byzantine conflicts involved in the bankruptcy case, I have no idea if this lack of service or incorrect service was intentional. However, given the bad faith of the parties involved , it is reasonable to assume that it might have been. I believe I was formally served with the final judgment regarding the unit-

--but, not the pleadings which led to it. By that time, there is no way I could have financially afforded to file an appeal. The parties involved were well aware of that.

This is but an example of the 3 units which disappeared from the Trust with no notice to me. The information on the other 2 units being revoked from the Trust is that one of the parties simply revoked an assignment of the Trust's option. As you might suspect, there was no notice to the Trust.

Those two options which were revoked were purchased for $158,000.00. A mortgage due to the Trust was swapped for the 2 condos. The condos were being rented, and the rental income was to pay for the mortgage and expenses until the Trust chose to sell them. By the time I, as Trustee, made the decision to sell, both units had vanished and now appear in this bankruptcy.

I have requested that IMQA Investments give notice to the court by amendment to their claim, that these two units mentioned just above are, and should be thusly set aside, as spousal support within their current claim. IMQA Investments received the $158,000 in exchange for the 2 units. These units were described as 22 Ivory Coral Lane Units 102 and 103. IMQA Investments has refused to do so.

This is not an effort to interfere in the bankruptcy with no cause, only to rile the parties even more. However, my lack of bankruptcy experience, I have concluded, is not an excuse not to follow up. Moreover, the Trust was mentioned recently in the case documents. The more I read the records in both the case at issue and the real estate documents prior to, the more I know that I have served as some kind of unsuspecting pawn. Anyone I have shared this with, although non-attorneys, have been sure there's a way to set out this claim. My reluctance has only been the inability to afford counsel, and lack of bankruptcy expertise.

I do not expect you to be explicit in your response, given your neutral position. However, if you can answer that it is or is not too late to file a claim, I, and my son, would appreciate it. In the alternative, if this claim meets the standards by which an exception could be granted, please let me know.

The beneficiary of the IAM Irrevocable Trust is my son who is disabled. This the reason for the adult trust. I am not informing you of this to influence you, it simply might answer a question in your thought bubble. Because of this cruel shell game my son's sole support is now his Social Security income, which is, of course, not sufficient. Plans were made over his lifetime for these Trust assets to support his extraordinary needs. The parties who took away these units from the Trust are well aware of the needs of this beneficiary. Perhaps this is a microcosm of the bankruptcy case itself.

With respect,

Claire Holland
Trustee, IAM Irrevocable Trust
Legal Guardian for Gentry Fields, Beneficiary of the IAM Trust

Claire Suzanne Holland, Esq.
*833-228-6699 Voicemail and Fax*
*205-534-2539 Cell/Text*
*State Bar of Georgia #361060*
*Mediator Credentialed in Georgia/Alabama*