**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

In re:

HOMEMAKERS REAL ESTATE, LLC, Case No. 6:25-bk-05570-GER

Debtor. Chapter 11

______________________________/

**OBJECTION[1] TO TRUSTEE'S OBJECTION TO CLAIM NO. 4-2 OF IMQA INVESTMENTS INCORPORATED (DOC. # 411) AND REQUEST FOR HEARING**

COMES NOW the Claimant, IMQA Investments Incorporated, by and through its undersigned attorneys, and files this its Objection to Trustee's Objection to Claim No. 4-2 of IMQA Investments Incorporated (Doc. No. 411) and Request for Hearing, and in support thereof states as follows:

1. On or about September 28, 2026, Lara Roeske Fernandez, the Chapter 11 Trustee filed an objection to Claim No. 4-2 of IMQA Investments Incorporated by negative notice. (Doc. # 411).

2. The Claimant, IMQA Investments Incorporated. objects to the Objection and would request an evidentiary hearing on the subject matter of the Claim and the Objection to the Claim.

3. The Objection is a technical objection, based upon the Claimant not attaching the supporting documentation for the proof of claim.

4. In particular, the Trustee acknowledges the validity of the Claim, in the amount of $350,000.00, but disputes the remainder of the Claim if IMQA Investments, should it fail "to prove the validity of the Remainder."

---

[1] The Claimant IMQA Investments Incorporated. believes this Objection is moot, as the parties have reached a Settlement, as to all issues in the case, however, this Objection is filed, as an abundance of caution, in case the Settlement should fall through, to preserve the issues.

5. There is no dispute that during the relevant time period, Homemakers Real Estate, LLC did not pay the expenses of Homemakers Real Estate, LLC, because as is common knowledge at this point, all of the income from Homemakers Real Estate, LLC went to Ken Dixon or one of his entities.

6. There is no evidence to refute that parties like Frank Amodeo, CTO Holdings, Inc. and IMQA Investments Incorporated stepped up and made payments for utilities and other expenses for the benefit of Homemakers Real Estate, LLC, and should be repaid for their payments made.

7. Accordingly, the Objection to Claim No. 4-2 of IMQA Investments Incorporated should be overruled, and the Court should enter an order allowing Claim No. 4-2 of IMQA Investments Incorporated, in its entirety.

WHEREFORE, the Creditor IMQA Investments Incorporated prays this Court enter an Order overruling the Objection to Claim No. 4-2 of IMQA Investments Incorporated and enter an order allowing Claim No. 4-2 of IMQA Investments Incorporated as amended, and in its entirety.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been provided to all parties receiving notice via ECF and via Email to Lara Roeske Fernandez, Esquire lfernandez@trenam.com, this 27th day of October, 2026.

*/s/ Lawrence M. Kosto*

Lawrence M. Kosto, Esquire
KOSTO & ROTELLA, P.A.
Fla. Bar No.: 0765325
1517 East Robinson Street
Post Office Box 113
Orlando, Florida 32802

Telephone: (407) 425-3456
Facsimile: (407) 423-9002
Attorneys for Petitioning Creditors, IMQA
Investments Incorporated