FILED ORL INTAKE - USBC
16 NOV 2026 PM12:43

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

In re: Case No. 6:25-bk-05570-GER

HOMEMAKERS REAL ESTATE, LLC, Chapter 11

Debtor.
______________________________________/

# FRANK AMODEO'S EXPEDITED MOTION TO CONDITIONALLY APPROVE HIS THIRD AMENDED DISCLOSURE STATEMENT AND TO SET HIS THIRD AMENDED PLAN FOR CONFIRMATION WITH THE TRUSTEE'S PLAN

On November 13, 2026, this court said it will set a hearing on my third amended disclosure statement once I file it. (Doc. 465 at 2). On November 16, 2026, I filed the Third Amended Plan and the Third Amended Disclosure Statement, and I filed the redlines under separate notice. (Docs. ___, ___, ___). I ask this court to conditionally approve the Third Amended Disclosure Statement, as this court did the Trustee's, and to set confirmation of the Third Amended Plan for December 3, 2026, the day this court hears confirmation of the Trustee's plan. (Doc. 465 ¶ 1(b)).

**The Third Amended Disclosure Statement gives creditors adequate information, and no other disclosure statement in this case describes the settlement.**

A disclosure statement must give a creditor enough information "to make an informed judgment about the plan." *11 U.S.C. § 1125(a)(1).* The Third Amended Disclosure Statement does. It describes the Global Settlement Agreement: the $850,000 the Estate receives, the claims the agreement allows, and the claims it withdraws or disallows. (Doc. ___ § 2.J). It states the administrative claims on file, $412,534.13, and the order in which the Settlement Payment is spent. (Doc. ___ § 3.F). It projects every month of five years, works the liquidation analysis pool by pool, and lists every tax claim. (Doc. ___ Exs. B, C, E). It states the Plan's risks, including the rents the Trustee now collects. (Doc. ___ §§ 4.B, 5).

The Trustee's disclosure statement predates the settlement. On October 12, 2026, the Trustee wrote that the PEDixon and ZPD claims were "subject to the October 19, 2026 mediation," that those claims total $6,160,031.25, and that unsecured claims "could exceed $9,700,000.00." (Doc. 434 at 16, 17, 19). The settlement ended each of those statements. On October 14, 2026, I told this court that whatever came of the settlement, "the disclosure statement needs to be amended to include it." (Oct. 14, 2026 Hr'g Tr. 8:5–19). The Trustee has not amended her disclosure statement. A creditor who wants to know what the

settlement pays, and to whom, can learn it from one disclosure statement, and it is mine.

The Third Amended Disclosure Statement also answers the objections to the statement before it. The Tax Collector objected to my reservation of a challenge to the tax assessments. (Doc. 460). The Third Amended Plan now limits any contest to what section 505 and Florida law permit. (Doc. ___ § 4.5). Claim 69 is withdrawn, the PEDixon and ZPD classes are gone, and the Plan sets a release amount for every Unit it sells. (Doc. ___ §§ 4.2, 6.12).

**This court conditionally approved the Trustee's disclosure statement, and mine merits the same order.**

On October 15, 2026, this court found that the Trustee's statement "appears to contain adequate information," approved it conditionally, and combined its final approval with confirmation of her plan. (Doc. 437 at 2 & ¶¶ 1, 3). The Bankruptcy Code permits that course. *11 U.S.C. § 105(d)(2)(B)(vi)*. I ask for the same order. Conditional approval decides nothing against any party: every objection to the Third Amended Disclosure Statement is preserved for the combined hearing, as every objection to the Trustee's was. (Doc. 437 ¶ 7). Conditional approval does one thing. It lets me ask creditors to vote. *11 U.S.C. § 1125(b)*.

**Section 1129(c) requires this court to weigh both plans together, and December 3 is the day.**

This court may confirm only one plan. When two plans qualify, "the court shall consider the preferences of creditors and equity security holders in determining which plan to confirm." *11 U.S.C. § 1129(c)*. The first step is to decide which plans are confirmable. *In re Holley Garden Apartments, Ltd.*, 238 B.R. 488, 493 (Bankr. M.D. Fla. 1999). This court cannot take that step for one plan on December 3 and for the other weeks later, and creditors cannot state a preference between two plans when they have been asked to vote on one. My memorandum sets out why the Third Amended Plan should be the plan this court confirms. (Doc. ___).

On November 13, 2026, this court warned that denial of confirmation of the Trustee's plan will raise dismissal or conversion. (Doc. 465 ¶ 5). Every unsecured creditor that has voted has rejected her plan. If the Third Amended Plan is before this court on the same day, this court has a third course: a plan that pays those creditors in full. The same hearing already takes up the settlement both plans depend on. (Doc. 465 ¶ 1(a)).

**Cause exists to shorten notice: the redlines confine the review to the settlement, and every party has had the settlement since November 12.**

The rules give creditors twenty-eight days' notice of the deadline to object to a disclosure statement and to a plan. *Fed. R. Bankr. P. 2002(b)*. For cause, this

court may reduce that period. *Fed. R. Bankr. P. 9006(c)(1)*. Rule 9006(c)(2) lists the periods this court may not reduce, and Rule 2002(b) is not among them.

On September 21, 2026, this court shortened the notice for the first disclosure-statement hearing "given the amount of time the Debtor has been in bankruptcy." (Doc. 397 at 2). That cause has grown. The redlines show every change from the Second Amended Plan and Disclosure Statement, which the parties have had since October 19, 2026. (Docs. 440, 441, ___). The changes carry out the settlement. On November 12, 2026, the Trustee served the settlement motion on every creditor that filed a claim. (Doc. 459). The creditors whose claims the settlement fixes signed it. (Doc. 459 at 39–72).

I propose this schedule. No hearing remains on this court's calendar in this case before December 3, 2026. (Doc. 465 ¶ 1). This court conditionally approves the Third Amended Disclosure Statement now, on the papers, or after an expedited hearing on the first date this court has. Any party that objects to the Third Amended Disclosure Statement files its objection by November 20, 2026, and this court resolves the objections before or at the December 3, 2026 hearing. Within two days after this court's order, I serve the Third Amended Plan, the Third Amended Disclosure Statement, the order, and a ballot on every party Rule 3017(d) and the Local Rule 1007-2 Parties in Interest List require. *Fed. R. Bankr. P. 3017(d)*. Ballots and objections to confirmation fall due December 1, 2026, two

days before the hearing. The ballot, attached as Exhibit A, gives each creditor and interest holder a place to state which plan it prefers. If this court finds that time too short, this court should keep December 3 for the settlement and the fee applications and continue confirmation of both plans, together, to the first date twenty-eight days after I serve. Either way, both plans are heard on one day.

**Relief Requested**

1. Consider this motion on an expedited basis.

2. Conditionally approve the Third Amended Disclosure Statement (Doc. ___), on the papers or after an expedited hearing on the first available date, on the terms of paragraph 1 of the October 15, 2026 order. (Doc. 437 ¶ 1).

3. Fix November 20, 2026 as the deadline to object to the Third Amended Disclosure Statement, and resolve any objection before or at the December 3, 2026 hearing.

4. Set final approval of the Third Amended Disclosure Statement and confirmation of the Third Amended Plan (Doc. ___) for the December 3, 2026 evidentiary hearing, with confirmation of the Trustee's plan. (Doc. 465 ¶ 1(b)).

5. Reduce the notice Rule 2002(b) requires, direct me to serve the solicitation package within two days after the order, and fix December 1, 2026 as the deadline to object to confirmation and to accept or reject the Third Amended Plan. *Fed. R. Bankr. P. 9006(c)(1), 3017(c).*

6. Approve the ballot attached as Exhibit A, which gives each creditor and interest holder a place to state which plan it prefers. *11 U.S.C. § 1129(c).*

7. In the alternative to paragraphs 4 and 5, continue confirmation of both plans to one hearing on the first available date twenty-eight days after I serve the solicitation package.

8. Grant such relief as is appropriate or fair.

Respectfully submitted this 16th day of November, 2026.

Frank L. Amodeo
*Pro se*
1311 Hoffner Avenue
Orlando, Florida 32809
(407) 406-1315
flahome32801@gmail.com

## CERTIFICATE OF SERVICE

I certify that on November 16, 2026, I filed this motion in paper form with the clerk of court. When the clerk dockets it, the CM/ECF system will serve it electronically on every party registered to receive notice in this case.

Dated: November 16, 2026

Frank L. Amodeo
*Pro se*

**EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

In re:

HOMEMAKERS REAL ESTATE, LLC,
Debtor.
______________________________/

Case No. 6:25-bk-05570-GER
Chapter 11

**BALLOT FOR ACCEPTING OR REJECTING**
**FRANK L. AMODEO'S THIRD AMENDED PLAN OF REORGANIZATION**
**CLASS ___ — ____________________________**

Frank L. Amodeo (the "Plan Proponent") filed the Third Amended Plan of Reorganization (Doc. No. ___) (the "Plan") and the Third Amended Disclosure Statement (Doc. No. ___). By Order dated November ___, 2026 (Doc. No. ___), the Court conditionally approved the Third Amended Disclosure Statement and set the Confirmation Hearing for December 3, 2026, at 11:30 a.m. The Court will consider the Chapter 11 Trustee's Plan of Liquidation (Doc. No. 394) at the same hearing, and the Court may confirm only one plan.

**This ballot must be received no later than December 1, 2026, (a) through CM/ECF; (b) through the Chapter 11 eBallots link on the Creditors tab at www.flmb.uscourts.gov; (c) at https://pacer.flmb.uscourts.gov/cmecf/ballots/submission.asp; or (d) by mail to the George C. Young Federal Courthouse, 400 West Washington Street, Suite 5100, Orlando, Florida 32801.**

**ACCEPTANCE OR REJECTION OF THE PLAN**

The undersigned, the holder of a Class ___ claim against, or interest in, the Debtor (Proof of Claim No. ______) in the unpaid amount of $________________:

(Check one box only)

☐ ACCEPTS THE PLAN

☐ **REJECTS THE PLAN**

**PREFERENCE BETWEEN THE TWO PLANS (11 U.S.C. § 1129(c))**

If the Court finds that both plans can be confirmed, the undersigned prefers:

(Check one box only)

☐ FRANK L. AMODEO'S THIRD AMENDED PLAN OF REORGANIZATION

☐ **THE CHAPTER 11 TRUSTEE'S PLAN OF LIQUIDATION**

Dated: ______________, 2026

Creditor: ______________________________

Signature: ______________________________

Print name: ______________________________

Title: ______________________________

Address: ______________________________

______________________________