**ORDERED.**

**Dated: November 19, 2026**

Grace E. Robson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| Homemakers Real Estate, LLC, | ) | Case No. 6:25-bk-05570-GER |
| | ) | Chapter 11 |
| Debtor. | ) | |
| | ) | |

**ORDER (I) CONDITIONALLY APPROVING THIRD AMENDED DISCLOSURE STATEMENT, (II) SCHEDULING COMBINED DISCLOSURE STATEMENT AND CONFIRMATION HEARING, (III) SETTING RELATED DEADLINES, AND (IV) SETTING DEADLINE FOR FILING ADMINISTRATIVE EXPENSE APPLICATIONS**

THIS CASE came before the Court on November 19, 2026 at 9:30 a.m. Creditor Frank L. Amodeo ("Plan Proponent") has filed the *Third Amended Plan of Reorganization Proposed by Frank L. Amodeo, a Creditor and Party in Interest* (Doc. No. 468) (the "Plan") and the *Third Amended Disclosure Statement in Support of the Third Amended Plan of Reorganization Proposed by Frank L. Amodeo, a Creditor and Party in Interest* (the "Disclosure Statement") (Doc. No. 467). Plan Proponent also filed *Frank Amodeo's Expedited Motion to Conditionally Approve His Third Amended Disclosure Statement and to Set His Third Amended Plan for Confirmation With the Trustee's Plan* (the "Motion") (Doc. No. 469). The Court has determined that the Disclosure

Statement appears to contain adequate information within the meaning of 11 U.S.C. § 1125[1] and should be conditionally approved. Therefore, the Court will hold a combined hearing to consider final approval of the Disclosure Statement and confirmation of the Plan. The Court will also set the combined hearing for the same date and time as the combined hearing on final approval of the Trustee's Disclosure Statement and confirmation of Trustee's Plan.[2] Accordingly, it is

**ORDERED**:

1. The Motion (Doc. No. 469) is **GRANTED IN PART** as set forth herein.

2. The number of days' notice of the hearing to consider the adequacy of the Disclosure Statement and confirm the Plan, as well as to file objections thereto, is shortened as provided in this Order.

3. Conditional Approval of Disclosure Statement. The Court conditionally approves the Disclosure Statement, subject to the rights of parties to object to the Disclosure Statement as described in paragraph 9 below.

4. Procedures Governing Court Appearances. All parties must attend the hearing in person. Remote appearances are only permitted in limited circumstances as set forth in Judge Robson's Hearing Procedures available at https://www.flmb.uscourts.gov/judges/robson/. Unrepresented parties who do not have a device that enables them to access the procedures should call the Courtroom Deputy at (407) 237-8141 no later than 3:00 p.m. one (1) business day before the date of the hearing.

---

[1] Unless otherwise stated, statutory references are to the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532.

[2] *See Order (I) Conditionally Approving Amended Disclosure Statement, (II) Scheduling Combined Disclosure Statement and Confirmation Hearing, (III) Setting Related Deadlines, and (IV) Setting Deadline for Filing Administrative Expense Applications* (Doc. No. 437); *Order (1) Setting Hearing on Motion to Approve Compromise, (2) Rescheduling Combined Disclosure Statement and Confirmation Hearing Regarding Trustee's Plan, and (3) Setting Related Deadlines* (Doc. No. 465). "Trustee's Disclosure Statement" refers to the *First Amended Disclosure Statement for Chapter 11 Trustee's Plan of Liquidation* (Doc. No. 434), and "Trustee's Plan" refers to *Chapter 11 Trustee's Plan of Liquidation* (Doc. No. 394).

5. Confirmation Hearing/Final Hearing on Disclosure Statement. The Court will conduct an evidentiary hearing (the "Confirmation Hearing") on **December 3, 2026 at 11:30 a.m.** at the George C. Young Federal Courthouse, 400 West Washington Street, Sixth Floor, Courtroom D, Orlando, Florida 32801 on:

(a) final approval of the Disclosure Statement and confirmation of the Plan, including timely filed objections;

(b) motions under § 1129(b);

(c) if the notice period described in paragraph 14(a) below has expired, professionals' applications for compensation and expense reimbursement; and

(d) other applications for allowance of administrative expenses.

6. Adjournment. The Confirmation Hearing may be adjourned from time to time by announcement made in open court without further notice.

7. Redline for Amendments and Modifications. Any amendments or modifications to the Plan or Disclosure Statement filed with the Court must be accompanied by a redline comparison (which redline must be filed under separate notice of filing).

8. Service of Solicitation Package. **No later than two (2) days after entry of this Order**, the Plan Proponent must serve all parties entitled to service under Federal Rule of Bankruptcy Procedure 3017(d) and the Local Rule 1007-2 Parties in Interest List with copies of the Plan, Disclosure Statement, this Order, and ballots for accepting or rejecting the Plan. The Plan Proponent must file proof of such service within three (3) days thereafter.

9. Deadline for Objections to Disclosure Statement. If you object to approval of the Disclosure Statement, you must file and serve a written objection no later than **November 27, 2026**. You must serve the Plan Proponent, counsel for the Plan Proponent, the Debtor (if the Debtor

is not the Plan Proponent), counsel for the Debtor (if the Debtor is not the Plan Proponent), the Trustee (if any), counsel for the Trustee (if any), counsel for each official committee (if any), the United States Trustee, and the Local Rule 1007-2 Parties in Interest List. The Court will not consider untimely objections if such delay prejudices the Debtor, other interested parties, or the progress of the case.

10. Deadline for Objections to Confirmation. If you object to confirmation of the Plan, you must file and serve a written objection no later than **November 27, 2026**. You must serve the parties listed in paragraph 9 above. However, any objection based on the Plan Proponent's failure to meet the requirements of § 1129(a)(8) may be raised at the Confirmation Hearing. The Court will not consider untimely objections if such delay prejudices the Debtor, other interested parties, or the progress of the case.

11. Deadline for Acceptance or Rejection of the Plan. Creditors and other parties in interest must file their written acceptance or rejection of the Plan (ballot) so as to be received no later than **November 27, 2026**. Ballots should be submitted:

(a) through CM/ECF for those users with a login and password;

(b) through the Chapter 11 eBallots link on the Creditors tab on the Court's website, www.flmb.uscourts.gov;

(c) at https://pacer.flmb.uscourts.gov/cmecf/ballots/submission.asp; or

(d) by mail to George C. Young Federal Courthouse, 400 West Washington Street, Suite 5100, Orlando, Florida 32801.

12. Deadline for Election of Application of § 1111(b). An election under § 1111(b) must be filed no later than **November 30, 2026**.

13. Administrative Expense Application Deadline. A party asserting entitlement to allowance of an administrative expense under § 503(b), including professionals seeking compensation and expense reimbursement under §§ 328 and 330, must file an application for allowance of the administrative expense no later than fourteen (14) days before the Confirmation Hearing. The Court will consider the application at the Confirmation Hearing if the notice period described in paragraph 14(a) below has expired. Otherwise, the Court will consider applications for allowance of administrative expenses with an unexpired notice period or applications that accrue after the Administrative Expense Application Deadline in the normal course.

14. Fee Applications by Professionals. The following procedures apply to fee applications by professionals seeking compensation and expense reimbursement:

(a) Filing and Service. Applicants must file and serve a notice of the filing of the fee application on the parties listed in paragraph 9 above. The notice must conform to the Court's Negative Notice Legend for All Fee Applications as published in the Court's Procedure Manual, available on the Court's website (www.flmb.uscourts.gov).

(b) Contents. Fee applications must comply with Local Rule 2016-1 and include the total amount of fees and costs sought to be approved, without deduction of any prepetition retainer and interim fee awards. The fee application may include estimates of fees and costs expected to be incurred after the date of those included in the fee application through the time of the hearing on the fee application. If the actual fees and costs incurred during this period are less than the estimated amount, Court approval of the fee application will authorize payment of the actual fees and costs. If the actual fees and costs exceed the estimated amount, the applicant may file a supplemental fee application.

15. Confirmation Affidavit. Two (2) days prior to the Confirmation Hearing, the Plan Proponent should file a confirmation affidavit containing the factual bases upon which the Plan Proponent relies in establishing that each of the applicable requirements of § 1129 is met.

16. Ballot Tabulation. In accordance with Local Rule 3018-1(d), the Plan Proponent must file a ballot tabulation no later than two (2) days prior to the Confirmation Hearing.

17. Dismissal or Conversion. If (a) the Plan Proponent fails to serve this Order and file proof of such service; (b) the Court disapproves the Disclosure Statement (or any amended disclosure statement); or (c) the Court denies confirmation of the Plan, then the Court will consider the resulting delay along with all other relevant factors in deciding whether the case should be dismissed or converted.

18. Avoid Delays at Courthouse Security Checkpoints. You must show a photo I.D. to enter the Courthouse. As of February 2, 2026, you may not bring a cell phone or a computer into the Courthouse unless you are an attorney with a valid Florida Bar identification card or a pro hac vice order, or the presiding judge has entered a specific order authorizing you to bring your cell phone or computer into the Courthouse. *See* Rule 7.02 of the Local Rules of the United States District Court for the Middle District of Florida and Rule 5073-1 of this Court's Local Rules.

# # #

Frank L. Amodeo shall serve copies of this Order and file proof of such service as directed in paragraph 8 above.