**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

In re:

HOMEMAKERS REAL ESTATE, LLC, Case No. 6:25-bk-05570-GER

Debtor. Chapter 11

_______________________________________/

**MOTION OF IMQA INVESTMENTS INCORPORATED TO TEMPORARILY ALLOW CLAIM NO. 4 FOR VOTING PURPOSES UNDER FED. R. BANKR. P. 3018(a)(4)**

COMES NOW the Claimant, IMQA Investments Incorporated ("IMQA"), by and through its undersigned attorneys, and moves this Court under Federal Rule of Bankruptcy Procedure 3018(a)(4) for an order temporarily allowing Claim No. 4 of IMQA in the amount of $350,000.00 for the purpose of voting to accept or reject the Third Amended Plan of Reorganization filed by Frank L. Amodeo (Doc. No. 468) and the Chapter 11 Trustee's Plan of Liquidation (Doc. No. 394), and in support thereof states as follows:

**Background**

1. On February 2, 2026, IMQA filed Claim No. 4-2 as a general unsecured claim in the amount of $360,459.40. On September 28, 2026, IMQA amended the claim by Claim No. 4-3, which attaches the underlying promissory note.

2. On September 28, 2026, Lara Roeske Fernandez, the Chapter 11 Trustee (the "Trustee"), objected to Claim No. 4-2 by negative notice. (Doc. No. 411). The Trustee acknowledged "the validity of the Claim up to $350,000.00" and disputed only the remaining $10,459.40. (Doc. No. 411 ¶¶ 5, 16).

3. On October 27, 2026, IMQA objected to the Trustee's objection and requested an evidentiary hearing. (Doc. No. 447). The Trustee's objection remains pending.

4. On November 12, 2026, the Trustee moved to approve the Global Settlement Agreement. Under the settlement, Claim No. 4 is allowed "as a general unsecured claim in the amount of $350,000.00." (Doc. No. 459 ¶ 18(f)). The Trustee's motion asks this Court to hold the Trustee's claim objections in abeyance and to deem them resolved on the Effective Date of the settlement. (Doc. No. 459 at 13).

5. On November 19, 2026, this Court conditionally approved the Third Amended Disclosure Statement, fixed November 27, 2026 as the deadline for ballots, required the ballot tabulation two days before the hearing, and set a combined evidentiary hearing for December 3, 2026 at 11:30 a.m. on the settlement and on confirmation of both plans. (Doc. No. 485 ¶¶ 5, 11, 16).

6. IMQA timely cast its ballots on both plans in the full amount of Claim No. 4, $360,459.40. On November 12, 2026, IMQA rejected the Trustee's plan, and on November 20, 2026, IMQA accepted the Third Amended Plan. (Clerk's Chapter 11 Ballot Report, Case No. 6:25-bk-05570, Ballot Nos. 5, 17).

7. IMQA is not an insider of the Debtor. IMQA's claim is classified in Class 9 (general unsecured claims) of the Third Amended Plan and in Class 7 of the Trustee's plan.

**<u>Basis for Relief</u>**

8. A filed claim is deemed allowed unless a party in interest objects. *11 U.S.C. § 502(a)*. Only the holder of a claim allowed under section 502 may accept or reject a plan. *11 U.S.C. § 1126(a)*. Rule 3018(a)(4) provides that, even if an objection to a claim has been filed, "the court may, after notice and a hearing, temporarily allow a claim or interest in an amount that the court considers proper for voting to accept or reject a plan." *Fed. R. Bankr. P. 3018(a)(4)*.

9. Temporary allowance is appropriate where the objection cannot be heard before the confirmation hearing or where hearing it in full would delay the case. *In re Armstrong*, 294 B.R. 344, 354 (B.A.P. 10th Cir. 2003).

10. Both circumstances exist here. The Trustee does not dispute $350,000.00 of IMQA's claim, and the settlement the Trustee asks this Court to approve fixes the claim in that amount. Under the Trustee's own motion, the objection is resolved only on the Effective Date, which will not occur before the December 3, 2026 hearing. Without temporary allowance, IMQA, a non-insider unsecured creditor holding an undisputed $350,000.00 claim, cannot have its ballot counted. Trying the objection before the hearing would spend estate funds to litigate a $10,459.40 difference that the settlement already resolves.

11. The amount of $350,000.00 is the proper amount for voting because it is the amount the Trustee concedes and the amount fixed by the settlement. Temporary allowance for voting purposes does not determine final allowance of the claim, and IMQA reserves all of its rights as to the full amount of Claim No. 4, including the matters raised in its response (Doc. No. 447), pending approval and effectiveness of the settlement.

WHEREFORE, the Claimant, IMQA Investments Incorporated, respectfully requests that this Court enter an Order (a) hearing this Motion at the December 3, 2026 evidentiary hearing; (b) temporarily allowing Claim No. 4 of IMQA Investments Incorporated (Claim No. 4-2, as amended by Claim No. 4-3) in the amount of $350,000.00 for the purpose of voting to accept or reject the Third Amended Plan (Doc. No. 468) and the Trustee's Plan (Doc. No. 394); (c) directing that the ballots timely cast by IMQA Investments Incorporated be counted in that amount in the ballot tabulation for each plan; (d) providing that temporary allowance is without prejudice to final

allowance of Claim No. 4 and to the Trustee's objection (Doc. No. 411) and IMQA's response (Doc. No. 447); and (e) granting such other and further relief as the Court deems just and proper.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been provided to all parties receiving notice via ECF and via Email to Lara Roeske Fernandez, Esquire, lfernandez@trenam.com, this 24th day of November, 2026.

/s/ Lawrence M. Kosto
Lawrence M. Kosto, Esquire
KOSTO & ROTELLA, P.A.
Fla. Bar No.: 0765325
1517 East Robinson Street
Post Office Box 113
Orlando, Florida 32802
Telephone: (407) 425-3456
Facsimile: (407) 423-9002
Attorneys for Petitioning Creditors, IMQA Investments Incorporated