**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

In re:

HOMEMAKERS REAL ESTATE, LLC, Case No. 6:25-bk-05570-GER

Debtor. Chapter 11

_______________________________________/

**MOTION OF HORTON S. JOHNSON TO TEMPORARILY ALLOW CLAIM NO. 5 FOR VOTING PURPOSES UNDER FED. R. BANKR. P. 3018(a)(4)**

Creditor Horton S. Johnson ("Johnson"), through undersigned counsel, moves under Federal Rule of Bankruptcy Procedure 3018(a)(4) for an order temporarily allowing Claim No. 5 in the amount of $1,297,493.97 for the purpose of voting to accept or reject the Third Amended Plan of Reorganization filed by Frank L. Amodeo (Doc. No. 468) and the Chapter 11 Trustee's Plan of Liquidation (Doc. No. 394), and states:

**Background**

1. On February 5, 2026, Johnson filed Claim No. 5. On July 30, 2026, Johnson amended the claim by Claim No. 5-2, which asserts a general unsecured claim of $2,594,987.93.

2. On September 28, 2026, Lara Roeske Fernandez, the Chapter 11 Trustee (the "Trustee"), objected to the full amount of Claim No. 5-2. (Doc. No. 412 ¶ 5). The objection remains pending.

3. On November 12, 2026, the Trustee moved to approve the Global Settlement Agreement. Under the settlement, Claim No. 5 "shall be allowed as a general unsecured claim in the amount of $1,297,493.97." (Doc. No. 459 ¶ 18(g)). The Trustee's motion asks the Court to hold the Trustee's claim objections in abeyance and to deem them resolved on the Effective Date of the settlement. (Doc. No. 459 at 13).

4. On November 19, 2026, the Court conditionally approved the Third Amended Disclosure Statement, fixed November 27, 2026 as the ballot deadline, required the ballot tabulation two days before the hearing, and set a combined evidentiary hearing for December 3, 2026 at 11:30 a.m. on the settlement and on confirmation of both plans. (Doc. No. 485 ¶¶ 5, 11, 16).

5. Johnson timely cast ballots on both plans. On November 17, 2026, Johnson rejected the Trustee's plan in the amount of $1,297,493.97. On November 19, 2026, Johnson accepted the Third Amended Plan in Class 10, in the amount of $2,594,987.93, and accepted it in Class 11 on account of his interest in the Debtor. (Clerk's Chapter 11 Ballot Report, Case No. 6:25-bk-05570, Ballot Nos. 9, 12, 13).

6. Johnson is the Debtor's owner and an insider. Claim No. 5 is the only claim in Class 10 (insider unsecured claims) of the Third Amended Plan and is a general unsecured claim in Class 7 of the Trustee's plan. Johnson does not ask that his acceptance be counted toward 11 U.S.C. § 1129(a)(10).

**Basis for Relief**

7. A filed claim is deemed allowed unless a party in interest objects. *11 U.S.C. § 502(a)*. Only the holder of a claim allowed under section 502 may accept or reject a plan. *11 U.S.C. § 1126(a)*. Rule 3018(a)(4) provides that, even if an objection to a claim has been filed, "the court may, after notice and a hearing, temporarily allow a claim or interest in an amount that the court considers proper for voting to accept or reject a plan." *Fed. R. Bankr. P. 3018(a)(4)*.

8. Temporary allowance is appropriate where the objection cannot be heard before the confirmation hearing or where hearing it in full would delay the case. *In re Armstrong*, 294 B.R. 344, 354 (B.A.P. 10th Cir. 2003).

9. Both circumstances exist here. The Trustee has agreed, in the settlement she asks the Court to approve, to allow Claim No. 5 at $1,297,493.97. Under the Trustee’s own motion, her objection is resolved only on the Effective Date, which will not occur before the December 3, 2026 hearing. Without temporary allowance, Class 10 of the Third Amended Plan has no voting claim, and Johnson’s ballots on both plans cannot be counted. Trying the objection before the hearing would spend estate funds to litigate an amount the Trustee no longer disputes.

10. The amount of $1,297,493.97 is the proper amount for voting because it is the amount the Trustee agreed to in the settlement. Temporary allowance for voting purposes does not determine final allowance of the claim, and Johnson reserves all rights as to Claim No. 5 pending approval and effectiveness of the settlement.

WHEREFORE, Creditor Horton S. Johnson respectfully requests that the Court enter an Order (a) hearing this Motion at the December 3, 2026 evidentiary hearing; (b) temporarily allowing Claim No. 5-2 of Horton S. Johnson in the amount of $1,297,493.97 for the purpose of voting to accept or reject the Third Amended Plan (Doc. No. 468) and the Trustee’s Plan (Doc. No. 394); (c) directing that the ballots timely cast by Horton S. Johnson be counted in that amount in the ballot tabulation for each plan; (d) providing that temporary allowance is without prejudice to final allowance of Claim No. 5 and to the Trustee’s objection (Doc. No. 412); and (e) granting such other and further relief as the Court deems just and proper.

Dated: November 24, 2026.

/s/ Matthew A. Leibert
MATTHEW A. LEIBERT, Esquire
Florida Bar No. 752266
Law Office Matthew A. Leibert
5782A S. Semoran Blvd.
Orlando, Florida 32822
Telephone: (407) 425-2005
Counsel for Horton Johnson, Creditor

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 24, 2026, I electronically filed the foregoing with the Clerk of Court through the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

/s/ Matthew A. Leibert
MATTHEW A. LEIBERT, Esquire