**United States Bankruptcy Court**
**Middle District of Florida**
**Orlando Division**

FILED ORL INTAKE - USDC
24 NOV 2026 PM3:43

In re: Case No. 6:25-bk-05570-GER

Homemakers Real Estate, LLC, Chapter 11

Debtor.
_______________________________________/

# FRANK AMODEO'S NOTICE CLARIFYING HIS NOVEMBER 19, 2026 WITHDRAWAL AND RENEWING HIS CLAIMS MOTIONS

On November 25, 2026, I renewed my motions for leave to object to the claims of Mainstreet Community Bank of Florida, Tamamoi, LLC, and the Carton Family Trust of 1992, and my request that this court act on its own under section 502(d). I file this notice so that this court and every party know why I renewed them, and what I do and do not ask.

## On November 19, 2026, I spoke imprecisely, and I meant to withdraw only the expedited nature of the rulings I had requested.

My Third Amended Disclosure Statement asked this court to rule on an expedited basis on my right to object. (Doc. 467 at 12). At the November 19, 2026 hearing, this court asked why I needed that ruling now, and I withdrew the request without prejudice. (Ex. A, Tr. 6:4–24). The order entered the same day considers withdrawn, without prejudice, my section 502(d) motion and both of my motions for leave. (Doc. 486). My words on the record left room for that reading, and the

difference in understanding is mine to correct. I meant to withdraw only the request for speed.

The withdrawal without prejudice harmed no one, and I do not ask this court to revisit its order. On November 25, 2026, I filed four papers instead:

- my renewed motion for leave to object to Claims 63-1 and 64-1 of Mainstreet Community Bank of Florida;
- my renewed motion for leave to object to Claim 65-1 of Tamamoi, LLC;
- my renewed motion for leave to object to Claim 66-1 of the Carton Family Trust of 1992; and
- my renewed request that this court comply with section 502(d) on its own and disallow Claims 65-1 and 66-1.

**The renewed motions are not material to confirmation, and I do not ask this court to hear them before December 3, 2026.**

On December 3, 2026, this court will hear the Trustee's plan and mine together, along with motions under section 1129(b). (Doc. 465 ¶ 1(c); Doc. 485 ¶ 5(b)). Each plan will be confirmed, if at all, under the cramdown provisions of section 1129(b). This court may confirm only one of them, and in choosing, this court "shall consider the preferences of creditors and equity security holders." *11 U.S.C. § 1129(c)*. This court also weighs the type of each plan, its treatment of creditors and equity security holders, and its feasibility. *In re Holley Garden Apartments, Ltd.*, 238 B.R. 488, 493 (Bankr. M.D. Fla. 1999). Those four factors decide which plan is fairer to the greater number of creditors and better serves the

purposes of the Bankruptcy Code. This court will decide those questions however Mainstreet, Tamamoi, and the Carton Trust vote, or whether they vote at all.

**The joint sale motion turns the claims fight into a question of distribution, and the claims must be decided before any money reaches these creditors.**

On November 23, 2026, the Trustee and Mainstreet moved to sell seventeen of the Debtor's twenty-six Units at auction by December 31, 2026, to deem Mainstreet's claims allowed in full for all purposes, and to pay Mainstreet the proceeds. (Doc. 493 ¶¶ 1–3, 13, 15, 17). That motion would dispose of most of the Estate, and fix the largest claims against it, outside any plan and without a plan's protections. A sale under section 363 may not dictate the terms of a plan that creditors have not voted on and this court has not confirmed. *In re Braniff Airways, Inc.*, 700 F.2d 935, 940 (5th Cir. 1983). I object to that motion separately.

The Trustee's own plan makes no distribution on a disputed claim until the claim becomes allowed. (Doc. 394 at 20–21). An objection on file is what keeps the Estate's money in the Estate until this court rules. Mainstreet, Tamamoi, and the Carton Trust should not receive money from this Estate that the law may not entitle them to keep.

**This court should grant leave and hear the objections before the Estate distributes any money to these creditors.**

This court need not address the renewed motions now. Before any funds are distributed to Mainstreet, Tamamoi, or the Carton Trust, this court should grant leave, permit the objections, and hear and decide them, together with my section 502(d) request. I file this notice because this court and the parties are better served by a clear record than by uncertainty about what I withdrew and what I still ask.

Respectfully submitted this 25th day of November, 2026.

Frank L. Amodeo
*Pro se*
1311 Hoffner Avenue
Orlando, Florida 32809
(407) 406-1315
flahome32801@gmail.com

# CERTIFICATE OF SERVICE

On November 25, 2026, I filed this notice and its Exhibit A in paper form with the clerk of court. I am not a registered CM/ECF user. When the clerk dockets this notice, the CM/ECF system will serve the notice and its exhibit electronically on every party registered to receive notice in this case, including the Chapter 11 Trustee, the Trustee's counsel, counsel for Mainstreet Community Bank of Florida, counsel for Tamamoi, LLC and the Carton Family Trust of 1992, and the United States Trustee.

Dated: November 25, 2026

Frank L. Amodeo
*Pro se*

# EXHIBIT A

Transcript of Hearing, November 19, 2026
(Realtime Reporters, Inc., certified November 22, 2026)
In re Homemakers Real Estate, LLC, No. 6:25-bk-05570-GER (Bankr. M.D. Fla.)

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 6:25-bk-05570-GER

IN RE:

HOMEMAKERS REAL ESTATE, LLC,

DEBTOR.

_______________________________/

HEARING

BEFORE: THE HONORABLE GRACE E. ROBSON

DATE: NOVEMBER 19, 2026

TIME: 9:30 a.m. - 9:34 a.m.

LOCATION: UNITED STATES BANKRUPTCY COURT
400 WEST WASHINGTON STREET
ORLANDO, FL 32801

A P P E A R A N C E S

APPEARING IN PERSON:

AUDREY ALESKOVSKY, ESQUIRE, on behalf of U.S. Trustee

FRANK AMODEO, Pro Se

JEFFREY AINSWORTH, ESQUIRE, on behalf of PEDIXON and ZPD

JUSTIN LUNA, ESQUIRE, on behalf of Mainstreet Community Bank

APPEARING VIA ZOOM:

RHYS LEONARD on behalf of Lara Fernandez, Chapter 11 Trustee

GERALD WASHINGTON, ESQUIRE, on behalf of Carton Family Trust and Tamamoi LLC

I N D E X

Mr. Amodeo regarding Third Amended Disclosure Statement ......................5
Ruling by the Court ............................5
Request for expedited ruling on the ability to object withdrawn by Mr. Amodeo ....................6
CERTIFICATE OF REPORTER .......................9

P R O C E E D I N G S

THE CLERK: All rise. The United States Bankruptcy Court for the Middle District of Florida is now in session, the Honorable Grace E. Robson presiding. God save the United States and this Honorable Court.

THE COURT: Good morning. Please be seated. We're here on Homemakers Real Estate LLC, Case Number 25-5570. Let's take appearances in the courtroom first. Ms. Aleskovsky.

MS. ALESKOVSKY: Good morning, Your Honor. Audrey Aleskovsky on behalf of the United States Trustee.

THE COURT: Okay. Mr. Luna.

MR. LUNA: Good morning, Your Honor. Justin Luna on behalf of Mainstreet Community Bank.

MR. AMODEO: Frank Amodeo, Pro Se, the plan proponent.

THE COURT: Okay. And then on Zoom, Mr. Leonard.

MR. LEONARD: Good morning, Your Honor. Rhys Leonard on behalf of Lara Fernandez, the Chapter 11 Trustee.

THE COURT: Okay. Good morning. And Mr. Washington.

MR. WASHINGTON: Good morning, Your Honor. Gerald Washington on behalf of Carton Family Trust and Tamamoi LLC.

THE COURT: All right. Thank you. Is there anyone that wanted to make an appearance that has not done so? No? Okay.

So, Mr. Amodeo, we're here on your Third Amended Disclosure Statement. I didn't see, at least as of yesterday, whether there were any responses or objections. But given the time frame slip, let's see first if you've received any comments?

MR. AMODEO: I have received none. I have talked to a variety of the creditors and I think most are ready for the 3rd, so...

THE COURT: Okay. Did anyone want to be heard in connection with the Third Amended Disclosure Statement as far as deficiency? Obviously confirmation is a separate issue, but any reason why we shouldn't allow the disclosure statement and plan to go out? No? Okay.

So then I've reviewed it. It's very thorough. And we'll go ahead and let that be circulated to the creditors for -- to solicit the votes. So, Mr. Amodeo, I guess you'll be taking

care of that?

MR. AMODEO: I will take care of that, Your Honor.

THE COURT: All right. In the meanwhile, what else do we need to -- I guess that kind of takes care of everything that's set for today. And I know -- part of your paper asked for an expedited ruling on the ability to object to --

MR. AMODEO: Yes.

THE COURT: So, I mean, it's not set separately, or anything like that. But why do you think it's necessary now? Or do you think it's --

MR. AMODEO: No, I still think it's necessary now because the creditors who may have objections will be voting on the Trustee's plan. But let me just -- I'll pull that back for the moment, Your Honor. I think I'll live on my plan and my evidence on the 3rd, so...

THE COURT: Okay. So if -- well --

MR. AMODEO: I'll withdraw it without prejudice. Let me do that.

THE COURT: Okay. All right. So then withdrawn without prejudice. And do you know the document number? I know it's like 400 and

something, but do you -- okay, I'll find it and we'll make a note of it.

MR. AMODEO: 467, I think, but I'll take a look at it when I get back to the office.

THE COURT: All right. Anything else we should discuss this morning? No? Okay. So then, I guess, Mr. Luna, we'll see you in a little bit as well, I guess, for the other cases.

Okay. So if there's nothing else, then I'll issue the order and then Mr. Amodeo can -- I guess -- do you get electronic notices in the case?

MR. AMODEO: No, with this case. But I'm monitoring Pacer continually. So I'll know when it comes out and I'll have everything ready to go in the mail this afternoon.

THE COURT: Okay. All right. Very good. So then -- oh, Mr. Ainsworth, did you want to make an appearance? We're almost done. We're basically done here.

MR. AINSWORTH: Just watching, Your Honor. But Jeffrey Ainsworth on behalf of PEDIXON.

THE COURT: Okay. So just to let you know, I approved Mr. Amodeo's Third Amended Disclosure Statement for solicitation. I don't know if you

had a position that you wanted to take on that.

MR. AINSWORTH: No position, Your Honor.

THE COURT: Okay. All right. Well, I appreciate you all coming here in this weather. It's quite something. So glad to see you're dry. He has a raincoat there.

All right. So then court is adjoined until 10:00.

(WHEREUPON, the proceeding was concluded at 9:34 a.m.)

CERTIFICATE OF REPORTER

STATE OF FLORIDA

COUNTY OF ORANGE

I, SANDRA A. BATTAGLIA, NOTARY PUBLIC, CERTIFY THAT I WAS AUTHORIZED TO AND MY OFFICE DID TRANSCRIBE, FROM DIGITAL RECORDING, THE FOREGOING PROCEEDINGS AND THAT THE TRANSCRIPT IS A TRUE RECORD.

I FURTHER CERTIFY THAT I AM NOT A RELATIVE, EMPLOYEE, ATTORNEY OF COUNSEL OF ANY OF THE PARTIES, NOR AM I FINANCIALLY INTERESTED IN THE ACTION.

DATED THIS 22ND DAY OF NOVEMBER 2026.

Sandra A. Battaglia

______________________________

SANDRA A. BATTAGLIA, RPR, FPR-C
NOTARY PUBLIC - STATE OF FLORIDA

**1**

10:00 [1] 8/8
11 [2] 2/9 4/23
19 [1] 1/13

**2**

2026 [2] 1/13 9/13
22ND [1] 9/13
25-5570 [1] 4/9

**3**

32801 [1] 1/16
3rd [2] 5/15 6/19

**4**

400 [2] 1/15 6/25
467 [1] 7/3

**5**

5570 [1] 4/9

**6**

6:25-bk-05570-GER [1] 1/4

**9**

9:30 [1] 1/14
9:34 [2] 1/14 8/10

**A**

a.m [3] 1/14 1/14 8/10
ability [2] 3/8 6/8
ACTION [1] 9/12
adjoined [1] 8/7
afternoon [1] 7/16
ahead [1] 5/23
AINSWORTH [3] 2/5 7/18 7/22
ALESKOVSKY [3] 2/3 4/10 4/12
all [9] 4/2 5/4 6/4 6/23 7/5 7/17 8/3 8/4 8/7
allow [1] 5/20
almost [1] 7/19
AM [2] 9/10 9/12
Amended [4] 3/3 5/8 5/17 7/24
AMODEO [7] 2/4 3/2 3/8 4/17 5/7 5/25 7/10
Amodeo's [1] 7/24
any [4] 5/9 5/12 5/20 9/11
anyone [2] 5/5 5/16
anything [2] 6/11 7/5
appearance [2] 5/5 7/19
appearances [1] 4/9
APPEARING [2] 2/2 2/8
appreciate [1] 8/4
approved [1] 7/24
are [1] 5/15
as [4] 5/9 5/18 5/18 7/8
asked [1] 6/7
at [3] 5/8 7/4 8/9
ATTORNEY [1] 9/11
AUDREY [2] 2/3 4/12
AUTHORIZED [1] 9/7

**B**

back [2] 6/17 7/4
Bank [2] 2/7 4/16
BANKRUPTCY [3] 1/2 1/15 4/3
basically [1] 7/20
BATTAGLIA [2] 9/6 9/19
be [5] 4/7 5/16 5/23 5/25 6/16
because [1] 6/15
BEFORE [1] 1/12
behalf [10]
bit [1] 7/8
bk [1] 1/4
but [8] 5/10 5/19 6/11 6/17 7/1 7/3 7/13 7/22

**C**

can [1] 7/10
care [3] 6/1 6/2 6/6
Carton [2] 2/10 5/2
case [4] 1/4 4/8 7/12 7/13
cases [1] 7/8
CERTIFICATE [2] 3/9 9/2
CERTIFY [2] 9/6 9/10
Chapter [2] 2/9 4/23
circulated [1] 5/24
comes [1] 7/15
coming [1] 8/4
comments [1] 5/12
Community [2] 2/7 4/16
concluded [1] 8/9
confirmation [1] 5/19
connection [1] 5/17
continually [1] 7/14
COUNSEL [1] 9/11
COUNTY [1] 9/4
court [6] 1/2 1/15 3/5 4/3 4/6 8/7
courtroom [1] 4/10
creditors [3] 5/14 5/24 6/15

**D**

DATE [1] 1/13
DATED [1] 9/13
DAY [1] 9/13
DEBTOR [1] 1/8
deficiency [1] 5/18
did [3] 5/16 7/18 9/7
didn't [1] 5/8
DIGITAL [1] 9/8
disclosure [5] 3/4 5/8 5/18 5/20 7/24
discuss [1] 7/6
DISTRICT [2] 1/2 4/3
DIVISION [1] 1/3
do [7] 6/5 6/11 6/12 6/22 6/24 7/1 7/11
document [1] 6/25
don't [1] 7/25
done [3] 5/6 7/19 7/20
dry [1] 8/5

**E**

electronic [1] 7/11
else [3] 6/5 7/5 7/9
EMPLOYEE [1] 9/11
ESQUIRE [4] 2/3 2/5 2/6 2/10
ESTATE [2] 1/7 4/8
everything [2] 6/6 7/15
evidence [1] 6/19
expedited [2] 3/6 6/8

**F**

Family [2] 2/10 5/2
far [1] 5/18
Fernandez [2] 2/9 4/22
FINANCIALLY [1] 9/12
find [1] 7/1
first [2] 4/10 5/11
FL [1] 1/16
FLORIDA [4] 1/2 4/4 9/3 9/20
FOREGOING [1] 9/8
FPR [1] 9/19
FPR-C [1] 9/19
frame [1] 5/11
FRANK [2] 2/4 4/17
FURTHER [1] 9/10

**G**

GER [1] 1/4
GERALD [2] 2/10 5/2
get [2] 7/4 7/11
given [1] 5/10
glad [1] 8/5
go [3] 5/21 5/23 7/15
God [1] 4/5
good [7] 4/7 4/11 4/15 4/21 4/24 5/1 7/17
GRACE [2] 1/12 4/5
guess [5] 5/25 6/5 7/7 7/8 7/11

**H**

had [1] 8/1
has [2] 5/5 8/6
have [4] 5/13 5/13 6/15 7/15
He [1] 8/6
heard [1] 5/17
HEARING [1] 1/11
here [4] 4/8 5/7 7/20 8/4
HOMEMAKERS [2] 1/7 4/8
Honor [8] 4/11 4/15 4/21 5/1 6/3 6/18 7/21 8/2
HONORABLE [3] 1/12 4/4 4/6

**I**

I'll [8] 6/17 6/18 6/21 7/1 7/3 7/9 7/14 7/15
I'm [1] 7/13
I've [1] 5/22
if [4] 5/11 6/20 7/9 7/25
in [11]
INTERESTED [1] 9/12
is [5] 4/4 5/4 5/19 8/7 9/9
issue [2] 5/19 7/10
it [6] 5/22 6/21 7/1 7/2 7/4 7/15
it's [7] 5/22 6/10 6/12 6/13 6/14 6/25 8/5

**J**

JEFFREY [2] 2/5 7/22
just [3] 6/17 7/21 7/23
JUSTIN [2] 2/6 4/15

**K**

kind [1] 6/5
know [6] 6/7 6/24 6/25 7/14 7/23 7/25

**L**

Lara [2] 2/9 4/22
least [1] 5/9
LEONARD [3] 2/9 4/20 4/22
let [4] 5/23 6/17 6/22 7/23
let's [2] 4/9 5/11
like [2] 6/11 6/25
little [1] 7/8
live [1] 6/18
LLC [4] 1/7 2/11 4/8 5/3
LOCATION [1] 1/15
look [1] 7/4
LUNA [4] 2/6 4/14 4/16 7/7

**M**

mail [1] 7/16
Mainstreet [2] 2/6 4/16
make [3] 5/5 7/2 7/19

**M**

may [1] 6/15
me [2] 6/17 6/22
mean [1] 6/10
meanwhile [1] 6/4
MIDDLE [2] 1/2 4/3
moment [1] 6/18
monitoring [1] 7/14
morning [7] 4/7 4/11 4/15 4/21 4/24 5/1 7/6
most [1] 5/15
Mr [9] 3/2 3/8 4/14 5/7 5/25 7/7 7/10 7/18 7/24
Mr. [2] 4/20 4/25
Mr. Leonard [1] 4/20
Mr. Washington [1] 4/25
Ms [1] 4/10
my [3] 6/18 6/19 9/7

**N**

necessary [2] 6/12 6/15
need [1] 6/5
NO [7] 1/4 5/6 5/21 6/14 7/6 7/13 8/2
none [1] 5/13
NOR [1] 9/12
not [3] 5/6 6/10 9/10
NOTARY [2] 9/6 9/20
note [1] 7/2
nothing [1] 7/9
notices [1] 7/11
NOVEMBER [2] 1/13 9/13
now [3] 4/4 6/12 6/15
number [2] 4/9 6/25

**O**

object [2] 3/8 6/8
objections [2] 5/10 6/16
Obviously [1] 5/19
office [2] 7/4 9/7
oh [1] 7/18
okay [14]
on [19]
or [3] 5/10 6/11 6/12
ORANGE [1] 9/4
order [1] 7/10
ORLANDO [2] 1/3 1/16
other [1] 7/8
out [2] 5/21 7/15

**P**

Pacer [1] 7/14
paper [1] 6/7
part [1] 6/7
PARTIES [1] 9/11
PEDIXON [2] 2/5 7/22
PERSON [1] 2/2
plan [4] 4/17 5/21 6/16 6/18
Please [1] 4/7
position [2] 8/1 8/2
prejudice [2] 6/22 6/24
presiding [1] 4/5
Pro [2] 2/4 4/17
proceeding [1] 8/9
PROCEEDINGS [1] 9/8
proponent [1] 4/18
PUBLIC [2] 9/6 9/20
pull [1] 6/17

**Q**

quite [1] 8/5

**R**

raincoat [1] 8/6
RE [1] 1/6
ready [2] 5/15 7/15
REAL [2] 1/7 4/8
reason [1] 5/20
received [2] 5/11 5/13
RECORD [1] 9/9
RECORDING [1] 9/8
regarding [1] 3/2
RELATIVE [1] 9/10
REPORTER [2] 3/9 9/2
Request [1] 3/6
responses [1] 5/10
reviewed [1] 5/22
RHYS [2] 2/9 4/22
right [7] 5/4 6/4 6/23 7/5 7/17 8/3 8/7
rise [1] 4/2
ROBSON [2] 1/12 4/5
RPR [1] 9/19
ruling [3] 3/5 3/6 6/8

**S**

SANDRA [2] 9/6 9/19
save [1] 4/5
Se [2] 2/4 4/17
seated [1] 4/7
see [4] 5/8 5/11 7/7 8/5
separate [1] 5/19
separately [1] 6/11
session [1] 4/4
set [2] 6/6 6/10
should [1] 7/6
shouldn't [1] 5/20
slip [1] 5/11
so [16]
solicit [1] 5/24
solicitation [1] 7/25
something [2] 7/1 8/5
STATE [2] 9/3 9/20
statement [5] 3/4 5/8 5/18 5/21 7/25
STATES [5] 1/2 1/15 4/2 4/6 4/12
still [1] 6/14
STREET [1] 1/15

**T**

take [4] 4/9 6/2 7/3 8/1
takes [1] 6/6
taking [1] 5/25
talked [1] 5/14
Tamamoi [2] 2/11 5/3
Thank [1] 5/4
that [14]
that's [1] 6/6
then [8] 4/19 5/22 6/23 7/7 7/9 7/10 7/18 8/7
there [3] 5/4 5/9 8/6
there's [1] 7/9
think [6] 5/14 6/12 6/12 6/14 6/18 7/3
Third [4] 3/2 5/7 5/17 7/24
this [6] 4/6 7/6 7/13 7/16 8/4 9/13
thorough [1] 5/23
time [2] 1/14 5/10
today [1] 6/6
TRANSCRIBE [1] 9/7
TRANSCRIPT [1] 9/9
TRUE [1] 9/9
Trust [2] 2/11 6/3
Trustee [4] 2/3 2/9 4/13 4/23
Trustee's [1] 6/16

**U**

U.S [1] 2/3
UNITED [5] 1/2 1/15 4/2 4/5 4/12
until [1] 8/7

**V**

variety [1] 5/14
very [2] 5/22 7/17
VIA [1] 2/8
votes [1] 5/25
voting [1] 6/16

**W**

want [2] 5/16 7/18
wanted [2] 5/5 8/1
was [2] 8/9 9/7
WASHINGTON [4] 1/15 2/10 4/25 5/2
watching [1] 7/21
we [3] 5/20 6/5 7/5
we'll [3] 5/23 7/2 7/7
we're [4] 4/8 5/7 7/19 7/19
weather [1] 8/4
well [3] 6/20 7/8 8/3
were [1] 5/9
WEST [1] 1/15
what [1] 6/5
when [2] 7/4 7/14
WHEREUPON [1] 8/9
whether [1] 5/9
who [1] 6/15
why [2] 5/20 6/11
will [2] 6/2 6/16
withdraw [1] 6/21
withdrawn [2] 3/8 6/24
without [2] 6/21 6/24

**Y**

Yes [1] 6/9
yesterday [1] 5/9
you [12]
you'll [1] 5/25
you're [1] 8/5
you've [1] 5/11
your [10]

**Z**

ZOOM [2] 2/8 4/19
ZPD [1] 2/5