**United States Bankruptcy Court**
**Middle District of Florida**
**Orlando Division**

FILED ORL INTAKE - USBC
24 NOV 2026 PM3:42

In re: Case No. 6:25-bk-05570-GER

Homemakers Real Estate, LLC, Chapter 11

Debtor.
_______________________________________/

## FRANK AMODEO RENEWS HIS REQUEST THAT THIS COURT COMPLY WITH SECTION 502(d) AND DISALLOW CLAIMS 65 AND 66

Section 502(d) commands this court to disallow the claim of any entity that received an avoidable transfer and has not returned it.[1] Tamamoi, LLC holds Claim 65-1 for $3,378,797.64. The Carton Family Trust of 1992 holds Claim 66-1 for $383,505.45. Each took payments from Homemakers on a debt Homemakers never owed, and neither has returned a dollar. This is not an objection to a claim, and it does not depend on my right to make one. The claimants and the Chapter 11 Trustee supplied the record that triggers the statute. On October 21, 2026, I first made this request. (Doc. 444). I renew it now.

---

[1] 11 U.S.C. § 502(d) provides:

> Notwithstanding subsections (a) and (b) of this section, the court shall disallow any claim of any entity from which property is recoverable under section 542, 543, 550, or 553 of this title or that is a transferee of a transfer avoidable under section 522(f), 522(h), 544, 545, 547, 548, 549, or 724(a) of this title, unless such entity or transferee has paid the amount, or turned over any such property, for which such entity or transferee is liable under section 522(i), 542, 543, 550, or 553 of this title.

**On November 19, 2026, I withdrew a request for speed, and the order entered that day swept this motion in with it.**

My Third Amended Disclosure Statement asked this court to rule on an expedited basis on my motion for leave to object to these claims, so that claims the law does not allow would not cast votes that count. (Doc. 467 at 12). At the November 19, 2026 hearing, I withdrew that request without prejudice, because I will rely on my plan and my evidence at the confirmation hearing, not on the vote. (Ex. B, Tr. 6:4–19). I said nothing on the record about this motion. The order entered the same day considers this motion withdrawn without prejudice, together with my two motions for leave to object. (Doc. 486). I abandoned none of them. By separate papers filed today, I renew the motions for leave, and here I renew this motion.

**The Case Management Order does not reach this motion, and the Trustee has declined to act.**

The Case Management Order requires leave before a party files "an objection to a proof of claim." (Doc. 359 ¶ 3). I have filed no objection. Section 502(d) operates "[n]otwithstanding subsections (a) and (b)," and subsection (a) is the one that provides for objections. The statute gives its command to one actor, and that actor is this court.

The Order's own authority favors hearing me now. Leave to object "is not generally accorded an individual creditor unless the . . . trustee refuses to object."

(Doc. 359 at 2 n.7) (quoting *In re Thompson*, 965 F.2d 1136, 1147 (1st Cir. 1992)). On October 6, 2026, the Trustee objected to Claims 65-1 and 66-1 only to bar a deficiency, conceded the claimants' in rem rights, and announced that the Trustee "does not intend to pursue" usury. (Docs. 424, 425 ¶¶ 14–15 & n.2). The Trustee's amended disclosure statement says it again. (Doc. 434 at 18).

**Homemakers owed Tamamoi and the Carton Trust nothing, and the claimants say so themselves.**

Canaveral Crossroads, LLC signed both notes. In November 2020, Canaveral Crossroads quitclaimed the Units to Homemakers, which has owned them since. (Doc. 434 at 12). In January 2026, Tamamoi told this court eight times that Canaveral Crossroads is "an entity unrelated to this bankruptcy." (Doc. 82 ¶¶ 4, 8, 12, 16, 20, 24, 28, 32). The Carton Trust told it the same thing. (Doc. 81 ¶ 4). The Trustee agrees that Homemakers "is neither an obligor nor a guarantor on the obligations underlying the Foreclosure Judgment." (Docs. 424, 425 ¶ 14).

**Homemakers paid $500,515.60 on those debts from its own account.**

Between October 2021 and May 2023, Homemakers paid every monthly installment on Tamamoi's nine notes and on the Carton note from the Homemakers Wells Fargo checking account. (Ex. A). Through December 2022, Homemakers paid FDRE, Inc., the claimants' servicer, $25,025.78 a month for ten Units. That figure is Tamamoi's $22,439.70 for nine Units plus the Carton installment of $2,586.08. From January through May 2023, Homemakers paid Tamamoi directly and paid FDRE for the Carton Unit. (Ex. A). The twenty installments total:[2]

| | |
|---|---|
| Tamamoi, nine notes, 20 × $22,439.70 | $448,794.00 |
| Carton Trust, one note, 20 × $2,586.08 | 51,721.60 |
| **Total** | **$500,515.60** |

Homemakers made every one of these payments within four years before the petition, the reach the Florida statute allows and section 544(b) brings into this case. *Fla. Stat. § 726.110(2); 11 U.S.C. § 544(b).*

**Every payment Homemakers made went to interest, and interest the law forfeits bought Homemakers nothing.**

The Florida statute makes a transfer avoidable when the debtor made it "without receiving a reasonably equivalent value in exchange" while insolvent.

[2] FDRE applied a $1,050.00 credit to the October 2021 check, which Homemakers paid as $23,975.78. (Ex. A). Between March 2021 and November 2023, Homemakers paid FDRE, Tamamoi, and two other lenders $1,166,008.69 in all, including payoffs and installments on other Units. (*Id.*).

*Fla. Stat. § 726.106(1)*. A debtor receives value when "an antecedent debt is secured or satisfied." *Fla. Stat. § 726.104(1)*. Homemakers had no antecedent debt to Tamamoi or the Carton Trust; the Trustee says so. Transfers "*solely* for the benefit of third parties do not furnish fair consideration," and an indirect benefit counts only to the extent it preserved the debtor's net worth. *Rubin v. Manufacturers Hanover Trust Co.*, 661 F.2d 979, 991–92 (2d Cir. 1981) (quoting *Klein v. Tabatchnick*, 610 F.2d 1043, 1047 (2d Cir. 1979)). Not one of these payments reduced what either claimant lent.

Interest that Florida forfeits reduced no lawful debt. A lender that willfully violates the usury statute "shall forfeit the entire interest so charged," and a court may enforce only "the actual principal sum." *Fla. Stat. § 687.04*. On a loan of $500,000 or less, the ceiling is 18 percent a year. *Fla. Stat. § 687.03(1)*. Tamamoi's own judgment charges $135.53 a day on each Unit's share of $2,166,147.25 in principal, or $270,768.41. (Claim 65-1 at 9). That rate is 18.27 percent a year, and the statute "affords no leeway." *Ellis Nat'l Bank of Tallahassee v. Davis*, 359 So. 2d 466, 468 (Fla. 1st DCA 1978).

The claimants' own figures prove that every dollar went to interest. Tamamoi lent $227,500 on each Unit. (Doc. 82 ¶¶ 8, 12, 16, 20, 24, 28, 32). After twenty months of Homemakers' payments, its judgment calls $270,768.41 a Unit principal, $43,268.41 more than it lent on each one. (Claim 65-1 at 9). The Carton

Trust lent $285,000, and after the same twenty months it claims $295,299.33 of principal. (Claim 66-1 at 8; Doc. 81 ¶ 4). A lender that collects money for twenty months and still claims more principal than it advanced credited none of that money to principal. Neither claimant has accounted for what FDRE kept when the loans funded. That accounting decides whether the rate passed 25 percent, the line beyond which no Florida court may enforce the debt at all. *Fla. Stat. § 687.071(7).*

Homemakers made these payments while it was not paying its debts as they came due. In September 2021, Homemakers paid late charges on the mortgages against its Units. On January 28, 2022, Homemakers cured four months of arrears on nineteen other mortgages in a single wire. (Ex. A). A debtor "who is generally not paying his or her debts as they become due is presumed to be insolvent." *Fla. Stat. § 726.103(2).*

**The Trustee chose a side of the usury question, and the Trustee's choice triggers section 502(d).**

The Trustee cannot hold both halves of the claimants' position. If Homemakers stands in the borrower's shoes, it may raise usury. The statute then forfeits the interest, pays double the interest back to "the party from whom such usurious interest has been reserved, taken, or exacted," and shrinks both claims. *Fla. Stat. § 687.04.* If Homemakers owed nothing, as the Trustee says, then it paid $500,515.60 on debts that were not its own. (Docs. 424, 425 ¶¶ 14–15 & n.2).

Every dollar of that money went to interest, and every dollar is a transfer avoidable under section 544(b) and recoverable under section 550. Either way, the claims cannot stand at face value. On the Trustee's own premise, section 502(d) applies now.

**The claims overstate even what the claimants' own judgments award.**

The Bankruptcy Code fixes a claim "as of the date of the filing of the petition," and it excludes "unmatured interest." *11 U.S.C. § 502(b), (b)(2).* Claim 65-1 ignores both limits. It carries interest through May 14, 2026, more than eight months after the September 2, 2025 petition, and it adds Brevard County taxes Tamamoi paid the day after the petition. It also lists the same $17,530.59 twice — once as back taxes paid August 26, 2025, and again as "2022 Back Taxes for Unit 303, 503 and 505." (Claim 65-1 at 9–10). At $135.53 a day on eight Units, the 254 days after the petition carry $275,396.96 of interest. The three items come to:

| | |
|---|---|
| Interest, 9/2/25 to 5/14/26 | $275,396.96 |
| Taxes paid 9/3/25 | 20,965.51 |
| Back taxes counted twice | 17,530.59 |
| **Total** | **$313,893.06** |

In January 2026, Tamamoi told this court the debt was $3,069,220.83. (Doc. 82 ¶ 35). Claim 65-1 also names Unit 403 as collateral, although neither Tamamoi's judgment nor this court's stay-relief order reaches that Unit. (Claim 65-1 at 2, 11–12; Doc. 135 ¶ 2). The Carton Trust captions its itemization "As of

Petition Date: 9/2/2025" and then adds fees it billed on September 11 and 23, 2025. (Claim 66-1 at 8).

**This court must apply section 502(d) before any proceeds of the Units reach Tamamoi or the Carton Trust.**

Under the Trustee's plan, Tamamoi and the Carton Trust receive the net sale proceeds of their Units up to the allowed amount of each claim. (Doc. 394 at 21–22). On August 27, 2026, this court abated both claimants' requests to conduct foreclosure sales, and either claimant may move to un-abate. (Doc. 361 ¶¶ 1–2). On December 3, 2026, this court will hear confirmation of both plans. (Doc. 485 ¶ 5). Money paid to either claimant will not come back without another lawsuit. Section 502(d) exists "to preclude entities which have received voidable transfers from sharing in the distribution of the assets of the estate unless and until the voidable transfer has been returned to the estate." *In re Mid Atlantic Fund, Inc.*, 60 B.R. 604, 609 (Bankr. S.D.N.Y. 1986).

The statute's "unless" clause adds no element to disallowance; it states "an exception to the general rule that a claim based on an avoidable transfer must be disallowed." *In re America West Airlines, Inc.*, 217 F.3d 1161, 1165–66 (9th Cir. 2000). Tamamoi and the Carton Trust can overcome the bar by returning what they took. They have not done it. "'Shall' creates an obligation not subject to judicial

discretion." *United States v. Peters*, 783 F.3d 1361, 1364 (11th Cir. 2015).

Congress gave the command to this court, and it made the command "shall."

## Relief Requested

1. Comply with *11 U.S.C. § 502(d)* and disallow Claim 65-1 of Tamamoi, LLC and Claim 66-1 of the Carton Family Trust of 1992, unless and until each claimant has paid the amount, or turned over the property, for which it is liable under *11 U.S.C. § 550*.

2. Decide the section 502(d) question before any distribution on Claim 65-1 or Claim 66-1, and continue the abatement of both claimants' requests to conduct foreclosure sales until this court decides it. (Doc. 361 ¶ 1).

3. Direct Tamamoi, the Carton Trust, and their servicer, FDRE, Inc., to file an accounting of every payment they received on the Units since May 1, 2019, and of how each payment was applied.

4. Grant such relief as is appropriate or fair.

Respectfully submitted this 25th day of November, 2026.

Frank L. Amodeo
*Pro se*
1311 Hoffner Avenue
Orlando, Florida 32809
(407) 406-1315
flahome32801@gmail.com

## CERTIFICATE OF SERVICE

On November 25, 2026, I filed this motion and its Exhibits A and B in paper form with the clerk of court. I am not a registered CM/ECF user. When the clerk dockets this motion, the CM/ECF system will serve the motion and its exhibits electronically on every party registered to receive notice in this case, including the Chapter 11 Trustee, the Trustee's counsel, counsel for Tamamoi, LLC and the Carton Family Trust of 1992, and the United States Trustee.

Dated: November 25, 2026

Frank L. Amodeo
*Pro se*

# EXHIBIT A

Homemakers Real Estate, LLC

Payments made to FDRE, Inc.; Tamamoi, LLC; TACIRA and DRCIRA

All Dates (QuickBooks report printed July 12, 2024)

# Homemakers Real Estate, LLC

## Payments made to FDRE, Inc.; Tamamol, LLC; TACIRA and DRCIRA

All Dates

| VENDOR | DATE | TRANSACTION TYPE | NUM | MEMO/DESCRIPTION | ACCOUNT FULL NAME | AMOUNT |
|---|---|---|---|---|---|---|
| **DRCIRA, LLC** | | | | | | |
| DRCIRA, LLC | 04/06/2021 | Check | 2676 | April 2021 2nd mortgage pmt | Homemakers Wells Fargo Checking | -$1,000.00 |
| DRCIRA, LLC | 04/23/2021 | Check | 2679 | Jan-Feb-Mar-May 2021 | Homemakers Wells Fargo Checking | -$2,075.00 |
| DRCIRA, LLC | 07/06/2021 | Check | 2684 | July 2021 pmt | Homemakers Wells Fargo Checking | -$500.00 |
| DRCIRA, LLC | 08/03/2021 | Check | 2689 | August 2021 Payment | Homemakers Wells Fargo Checking | -$500.00 |
| DRCIRA, LLC | 09/28/2021 | Check | 2693 | Sept 1, 2021 pmt plus 5% late fee | Homemakers Wells Fargo Checking | -$525.00 |
| DRCIRA, LLC | 09/30/2021 | Check | 2696 | October 1, 2021 pmt | Homemakers Wells Fargo Checking | -$500.00 |
| DRCIRA, LLC | 10/25/2021 | Check | 2700 | Nov 1st payment | Homemakers Wells Fargo Checking | -$500.00 |
| DRCIRA, LLC | 11/23/2021 | Check | 2705 | Dec 1st pmt | Homemakers Wells Fargo Checking | -$500.00 |
| DRCIRA, LLC | 12/27/2021 | Check | 2709 | January 1, 2022 pmt | Homemakers Wells Fargo Checking | -$500.00 |
| DRCIRA, LLC | 01/11/2022 | Check | wire | 50% final payoff of Balloon due on 2nd & 3rd mortgage loan | Homemakers Wells Fargo Checking | -$104,576.80 |
| **Total for DRCIRA, LLC** | | | | | | **-$111,176.80** |
| **FDRE, Inc.** | | | | | | |
| FDRE, Inc. | 03/31/2021 | Check | wire transf | April 1st mortgage pmts 19 Units x $1,100 | Homemakers Wells Fargo Checking | -$20,900.00 |
| FDRE, Inc. | 04/23/2021 | Check | 2681 | May 1, 2021 mortgages Cape Crossing | Homemakers Wells Fargo Checking | -$43,995.51 |
| FDRE, Inc. | 04/23/2021 | Check | 2682 | Loan Modification-103 Parrotfish B2 #101 | Homemakers Wells Fargo Checking | -$1,600.00 |
| FDRE, Inc. | 07/06/2021 | Check | 2686 | July 2021 pmt minus $5107.02 overpay for may & June Unit 202-406 | Homemakers Wells Fargo Checking | -$61,328.19 |
| FDRE, Inc. | 08/03/2021 | Check | 2688 | August 2021 Payment | Homemakers Wells Fargo Checking | -$66,435.21 |
| FDRE, Inc. | 09/22/2021 | Check | ACH Pmt | Sept 1st mortage pmts + 5% late fee | Homemakers Wells Fargo Checking | -$70,806.97 |
| FDRE, Inc. | 09/30/2021 | Check | 2695 | Oct 1, 2021 pmt on 10 units minus credit | Homemakers Wells Fargo Checking | -$23,975.78 |
| FDRE, Inc. | 10/26/2021 | Check | 2699 | Nov 1st payment | Homemakers Wells Fargo Checking | -$25,025.78 |
| FDRE, Inc. | 11/23/2021 | Check | 2704 | Dec 1st pmt | Homemakers Wells Fargo Checking | -$25,025.78 |
| FDRE, Inc. | 12/27/2021 | Check | 2708 | January 1, 2022 pmt on (10) units | Homemakers Wells Fargo Checking | -$25,025.78 |
| FDRE, Inc | 01/21/2022 | Check | 2712 | february 1st pmt on (10) units | Homemakers Wells Fargo Checking | -$25,025.78 |
| FDRE, Inc. | 01/28/2022 | Check | wire | (19) mortgage pmts for Oct 1, Nov 1, Dec 1, Jan 1) | Homemakers Wells Fargo Checking | -$173,919.61 |
| FDRE, Inc. | 02/10/2022 | Check | 2713 | March 1st payment on (10) mortgages-Cape Crossing | Homemakers Wells Fargo Checking | -$25,025.78 |
| FDRE, Inc. | 03/08/2022 | Check | 2726 | April 1st mortgage pmts on (10) cape crossing units | Homemakers Wells Fargo Checking | -$25,025.78 |
| FDRE, Inc. | 04/19/2022 | Check | 2730 | may 1, 2022 payment - (10) units | Homemakers Wells Fargo Checking | -$25,025.78 |
| FDRE, Inc. | 05/18/2022 | Check | 2731 | June 1st Mortgage on (10) units Cape Crossing | Homemakers Wells Fargo Checking | -$25,025.78 |
| FDRE, Inc. | 06/09/2022 | Check | 2738 | 7/1/22 monthly pmt | Homemakers Wells Fargo Checking | -$25,025.78 |
| FDRE, Inc. | 07/01/2022 | Check | 2742 | August 1st pmt on (10) units | Homemakers Wells Fargo Checking | -$25,025.78 |
| FDRE, Inc. | 08/15/2022 | Check | 2745 | LOST BY USPS - sept 1st 2022 pmt / stop pmt reference #A223747139 | Homemakers Wells Fargo Checking | $0.00 |
| FDRE, Inc. | 08/25/2022 | Check | 2747 | REPLACEMENT Sept 1 2022 pmt | Homemakers Wells Fargo Checking | -$25,025.78 |
| FDRE, Inc. | 09/28/2022 | Check | 2749 | Oct 1st Payment on (29) units | Homemakers Wells Fargo Checking | -$25,025.78 |
| FDRE, Inc. | 10/24/2022 | Check | 2752 | Nov 1st payment on (10) units | Homemakers Wells Fargo Checking | -$25,025.78 |
| FDRE, Inc. | 11/21/2022 | Check | 2765 | December 1st mortgage pmt (10 units) | Homemakers Wells Fargo Checking | -$25,025.78 |
| FDRE, Inc. | 12/28/2022 | Check | 2778 | Jan 1st pmt - 2709 Cutlass-104 | Homemakers Wells Fargo Checking | -$2,586.08 |
| FDRE, Inc. | 01/13/2023 | Check | 2781 | Feb 1st pmt on 2709 Cutlass #104 mortgage | Homemakers Wells Fargo Checking | -$2,586.08 |
| FDRE, Inc. | 02/14/2023 | Check | 2784 | March 1st pmt - 2709 Cutlass #104 | Homemakers Wells Fargo Checking | -$2,586.08 |
| FDRE, Inc. | 03/22/2023 | Check | 2787 | April 1st pmt on 2709 Cutlass 104 | Homemakers Wells Fargo Checking | -$2,586.08 |
| FDRE, Inc. | 04/21/2023 | Check | 2790 | May 1st pmt on (1) unit | Homemakers Wells Fargo Checking | -$2,586.08 |
| FDRE, Inc. | 11/08/2023 | Bill Payment (Check) | 2 | -- | Clearing Account | -$8,000.00 |
| **Total for FDRE, Inc.** | | | | | | **-$832,452.59** |
| **TACIRA, LLC** | | | | | | |
| TACIRA, LLC | 04/23/2021 | Check | 2680 | Jan-Feb-Mar-May 2021 Pmts | Homemakers Wells Fargo Checking | -$2,075.00 |
| TACIRA, LLC | 07/06/2021 | Check | 2685 | July 2021 Pmt | Homemakers Wells Fargo Checking | -$500.00 |
| TACIRA, LLC | 08/03/2021 | Check | 2690 | August 2021 Payment | Homemakers Wells Fargo Checking | -$500.00 |
| TACIRA, LLC | 09/28/2021 | Check | 2694 | Sept 1, 2021 pmt plus 5% late fee | Homemakers Wells Fargo Checking | -$525.00 |
| TACIRA, LLC | 09/30/2021 | Check | 2697 | October 1, 2021 pmt | Homemakers Wells Fargo Checking | -$500.00 |
| TACIRA, LLC | 10/25/2021 | Check | 2701 | Nov 1st payment | Homemakers Wells Fargo Checking | -$500.00 |
| TACIRA, LLC | 11/23/2021 | Check | 2706 | Dec 1st pmt | Homemakers Wells Fargo Checking | -$500.00 |
| TACIRA, LLC | 12/27/2021 | Check | 2710 | Jan 1, 2022 pmt | Homemakers Wells Fargo Checking | -$500.00 |
| TACIRA, LLC | 01/11/2022 | Check | wire | 50% final payoff of Balloon due on 2nd & 3rd mortgage loan | Homemakers Wells Fargo Checking | -$104,576.80 |
| **Total for TACIRA, LLC** | | | | | | **-$110,176.80** |
| **Tamamol, LLC** | | | | | | |
| Tamamol, LLC | 12/28/2022 | Check | 2779 | Jan 1st pmt - (9) Units | Homemakers Wells Fargo Checking | -$22,439.70 |
| Tamamol, LLC | 01/13/2023 | Check | 2782 | Feb 1st pmt on (9) mortgages | Homemakers Wells Fargo Checking | -$22,439.70 |
| Tamamol, LLC | 02/14/2023 | Check | 2785 | March 1st pmt on (9) units | Homemakers Wells Fargo Checking | -$22,439.70 |
| Tamamol, LLC | 03/29/2023 | Check | 2788 | April 1st mortgage pmt on (9) cape crossing units | Homemakers Wells Fargo Checking | -$22,439.70 |
| Tamamol, LLC | 04/21/2023 | Check | 2791 | May 1st mortgage pmt on (9) units | Homemakers Wells Fargo Checking | -$22,439.70 |
| **Total for Tamamol, LLC** | | | | | | **-$112,198.50** |
| | | | | | | **-$1,166,008.69** |

# EXHIBIT B

Transcript of Hearing, November 19, 2026
(Realtime Reporters, Inc., certified November 22, 2026)
In re Homemakers Real Estate, LLC, No. 6:25-bk-05570-GER (Bankr. M.D. Fla.)

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 6:25-bk-05570-GER

IN RE:

HOMEMAKERS REAL ESTATE, LLC,

DEBTOR.

________________________________/

HEARING

BEFORE: THE HONORABLE GRACE E. ROBSON

DATE: NOVEMBER 19, 2026

TIME: 9:30 a.m. - 9:34 a.m.

LOCATION: UNITED STATES BANKRUPTCY COURT
400 WEST WASHINGTON STREET
ORLANDO, FL 32801

A P P E A R A N C E S

APPEARING IN PERSON:

AUDREY ALESKOVSKY, ESQUIRE, on behalf of U.S. Trustee

FRANK AMODEO, Pro Se

JEFFREY AINSWORTH, ESQUIRE, on behalf of PEDIXON and ZPD

JUSTIN LUNA, ESQUIRE, on behalf of Mainstreet Community Bank

APPEARING VIA ZOOM:

RHYS LEONARD on behalf of Lara Fernandez, Chapter 11 Trustee

GERALD WASHINGTON, ESQUIRE, on behalf of Carton Family Trust and Tamamoi LLC

I N D E X

Mr. Amodeo regarding Third .......................5
Amended
Disclosure Statement
Ruling by the Court ............................5
Request for expedited ruling ...................6
on the
ability to object withdrawn by Mr. Amodeo
CERTIFICATE OF REPORTER ........................9

P R O C E E D I N G S

THE CLERK: All rise. The United States Bankruptcy Court for the Middle District of Florida is now in session, the Honorable Grace E. Robson presiding. God save the United States and this Honorable Court.

THE COURT: Good morning. Please be seated. We're here on Homemakers Real Estate LLC, Case Number 25-5570. Let's take appearances in the courtroom first. Ms. Aleskovsky.

MS. ALESKOVSKY: Good morning, Your Honor. Audrey Aleskovsky on behalf of the United States Trustee.

THE COURT: Okay. Mr. Luna.

MR. LUNA: Good morning, Your Honor. Justin Luna on behalf of Mainstreet Community Bank.

MR. AMODEO: Frank Amodeo, Pro Se, the plan proponent.

THE COURT: Okay. And then on Zoom, Mr. Leonard.

MR. LEONARD: Good morning, Your Honor. Rhys Leonard on behalf of Lara Fernandez, the Chapter 11 Trustee.

THE COURT: Okay. Good morning. And Mr. Washington.

MR. WASHINGTON: Good morning, Your Honor. Gerald Washington on behalf of Carton Family Trust and Tamamoi LLC.

THE COURT: All right. Thank you. Is there anyone that wanted to make an appearance that has not done so? No? Okay.

So, Mr. Amodeo, we're here on your Third Amended Disclosure Statement. I didn't see, at least as of yesterday, whether there were any responses or objections. But given the time frame slip, let's see first if you've received any comments?

MR. AMODEO: I have received none. I have talked to a variety of the creditors and I think most are ready for the 3rd, so...

THE COURT: Okay. Did anyone want to be heard in connection with the Third Amended Disclosure Statement as far as deficiency? Obviously confirmation is a separate issue, but any reason why we shouldn't allow the disclosure statement and plan to go out? No? Okay.

So then I've reviewed it. It's very thorough. And we'll go ahead and let that be circulated to the creditors for -- to solicit the votes. So, Mr. Amodeo, I guess you'll be taking

care of that?

MR. AMODEO: I will take care of that, Your Honor.

THE COURT: All right. In the meanwhile, what else do we need to -- I guess that kind of takes care of everything that's set for today. And I know -- part of your paper asked for an expedited ruling on the ability to object to --

MR. AMODEO: Yes.

THE COURT: So, I mean, it's not set separately, or anything like that. But why do you think it's necessary now? Or do you think it's --

MR. AMODEO: No, I still think it's necessary now because the creditors who may have objections will be voting on the Trustee's plan. But let me just -- I'll pull that back for the moment, Your Honor. I think I'll live on my plan and my evidence on the 3rd, so...

THE COURT: Okay. So if -- well --

MR. AMODEO: I'll withdraw it without prejudice. Let me do that.

THE COURT: Okay. All right. So then withdrawn without prejudice. And do you know the document number? I know it's like 400 and

something, but do you -- okay, I'll find it and we'll make a note of it.

MR. AMODEO: 467, I think, but I'll take a look at it when I get back to the office.

THE COURT: All right. Anything else we should discuss this morning? No? Okay. So then, I guess, Mr. Luna, we'll see you in a little bit as well, I guess, for the other cases.

Okay. So if there's nothing else, then I'll issue the order and then Mr. Amodeo can -- I guess -- do you get electronic notices in the case?

MR. AMODEO: No, with this case. But I'm monitoring Pacer continually. So I'll know when it comes out and I'll have everything ready to go in the mail this afternoon.

THE COURT: Okay. All right. Very good. So then -- oh, Mr. Ainsworth, did you want to make an appearance? We're almost done. We're basically done here.

MR. AINSWORTH: Just watching, Your Honor. But Jeffrey Ainsworth on behalf of PEDIXON.

THE COURT: Okay. So just to let you know, I approved Mr. Amodeo's Third Amended Disclosure Statement for solicitation. I don't know if you

had a position that you wanted to take on that.

MR. AINSWORTH: No position, Your Honor.

THE COURT: Okay. All right. Well, I appreciate you all coming here in this weather. It's quite something. So glad to see you're dry. He has a raincoat there.

All right. So then court is adjoined until 10:00.

(WHEREUPON, the proceeding was concluded at 9:34 a.m.)

CERTIFICATE OF REPORTER

STATE OF FLORIDA
COUNTY OF ORANGE

I, SANDRA A. BATTAGLIA, NOTARY PUBLIC, CERTIFY THAT I WAS AUTHORIZED TO AND MY OFFICE DID TRANSCRIBE, FROM DIGITAL RECORDING, THE FOREGOING PROCEEDINGS AND THAT THE TRANSCRIPT IS A TRUE RECORD.

I FURTHER CERTIFY THAT I AM NOT A RELATIVE, EMPLOYEE, ATTORNEY OF COUNSEL OF ANY OF THE PARTIES, NOR AM I FINANCIALLY INTERESTED IN THE ACTION.

DATED THIS 22ND DAY OF NOVEMBER 2026.

Sandra A. Battaglia

_________________________________
SANDRA A. BATTAGLIA, RPR, FPR-C
NOTARY PUBLIC - STATE OF FLORIDA

**1**

10:00 [1] 8/8
11 [2] 2/9 4/23
19 [1] 1/13

**2**

2026 [2] 1/13 9/13
22ND [1] 9/13
25-5570 [1] 4/9

**3**

32801 [1] 1/16
3rd [2] 5/15 6/19

**4**

400 [2] 1/15 6/25
467 [1] 7/3

**5**

5570 [1] 4/9

**6**

6:25-bk-05570-GER [1] 1/4

**9**

9:30 [1] 1/14
9:34 [2] 1/14 8/10

**A**

a.m [3] 1/14 1/14 8/10
ability [2] 3/8 6/8
ACTION [1] 9/12
adjoined [1] 8/7
afternoon [1] 7/16
ahead [1] 5/23
AINSWORTH [3] 2/5 7/18 7/22
ALESKOVSKY [3] 2/3 4/10 4/12
all [9] 4/2 5/4 6/4 6/23 7/5 7/17 8/3 8/4 8/7
allow [1] 5/20
almost [1] 7/19
AM [2] 9/10 9/12
Amended [4] 3/3 5/8 5/17 7/24
AMODEO [7] 2/4 3/2 3/8 4/17 5/7 5/25 7/10
Amodeo's [1] 7/24
any [4] 5/9 5/12 5/20 9/11
anyone [2] 5/5 5/16
anything [2] 6/11 7/5
appearance [2] 5/5 7/19
appearances [1] 4/9
APPEARING [2] 2/2 2/8
appreciate [1] 8/4
approved [1] 7/24
are [1] 5/15
as [4] 5/9 5/18 5/18 7/8
asked [1] 6/7
at [3] 5/8 7/4 8/9
ATTORNEY [1] 9/11
AUDREY [2] 2/3 4/12
AUTHORIZED [1] 9/7

**B**

back [2] 6/17 7/4
Bank [2] 2/7 4/16
BANKRUPTCY [3] 1/2 1/15 4/3
basically [1] 7/20
BATTAGLIA [2] 9/6 9/19
be [5] 4/7 5/16 5/23 5/25 6/16
because [1] 6/15
BEFORE [1] 1/12
behalf [10]
[illegible]
bk [1] 1/4
but [8] 5/10 5/19 6/11 6/17 7/1 7/3 7/13 7/22

**C**

can [1] 7/10
care [3] 6/1 6/2 6/6
Carton [2] 2/10 5/2
case [4] 1/4 4/8 7/12 7/13
cases [1] 7/8
CERTIFICATE [2] 3/9 9/2
CERTIFY [2] 9/6 9/10
Chapter [2] 2/9 4/23
circulated [1] 5/24
comes [1] 7/15
coming [1] 8/4
comments [1] 5/12
Community [2] 2/7 4/16
concluded [1] 8/9
confirmation [1] 5/19
connection [1] 5/17
continually [1] 7/14
COUNSEL [1] 9/11
COUNTY [1] 9/4
court [6] 1/2 1/15 3/5 4/3 4/6 8/7
courtroom [1] 4/10
creditors [3] 5/14 5/24 6/15

**D**

DATE [1] 1/13
DATED [1] 9/13
DAY [1] 9/13
DEBTOR [1] 1/8
deficiency [1] 5/18
did [3] 5/16 7/18 9/7
didn't [1] 5/8
DIGITAL [1] 9/8
disclosure [5] 3/4 5/8 5/18 5/20 7/24
discuss [1] 7/6
DISTRICT [2] 1/2 4/3
DIVISION [1] 1/3
do [7] 6/5 6/11 6/12 6/22 6/24 7/1 7/11
document [1] 6/25
don't [1] 7/25
done [3] 5/6 7/19 7/20
dry [1] 8/5

**E**

electronic [1] 7/11
else [3] 6/5 7/5 7/9
EMPLOYEE [1] 9/11
ESQUIRE [4] 2/3 2/5 2/6 2/10
ESTATE [2] 1/7 4/8
everything [2] 6/6 7/15
evidence [1] 6/19
expedited [2] 3/6 6/8

**F**

Family [2] 2/10 5/2
far [1] 5/18
Fernandez [2] 2/9 4/22
FINANCIALLY [1] 9/12
find [1] 7/1
first [2] 4/10 5/11
FL [1] 1/16
FLORIDA [4] 1/2 4/4 9/3 9/20
FOREGOING [1] 9/8
FPR [1] 9/19
FPR-C [1] 9/19
frame [1] 5/11
FRANK [2] 2/4 4/17
FURTHER [1] 9/10

**G**

GER [1] 1/4
GERALD [2] 2/10 5/2
get [2] 7/4 7/11
given [1] 5/10
glad [1] 8/5
go [3] 5/21 5/23 7/15
God [1] 4/5
good [7] 4/7 4/11 4/15 4/21 4/24 5/1 7/17
GRACE [2] 1/12 4/5
guess [5] 5/25 6/5 7/7 7/8 7/11

**H**

had [1] 8/1
has [2] 5/5 8/6
have [4] 5/13 5/13 6/15 7/15
He [1] 8/6
heard [1] 5/17
HEARING [1] 1/11
here [4] 4/8 5/7 7/20 8/4
HOMEMAKERS [2] 1/7 4/8
Honor [8] 4/11 4/15 4/21 5/1 6/3 6/18 7/21 8/2
HONORABLE [3] 1/12 4/4 4/6

**I**

I'll [8] 6/17 6/18 6/21 7/1 7/3 7/9 7/14 7/15
I'm [1] 7/13
I've [1] 5/22
if [4] 5/11 6/20 7/9 7/25
in [11]
INTERESTED [1] 9/12
is [5] 4/4 5/4 5/19 8/7 9/9
issue [2] 5/19 7/10
it [6] 5/22 6/21 7/1 7/2 7/4 7/15
it's [7] 5/22 6/10 6/12 6/13 6/14 6/25 8/5

**J**

JEFFREY [2] 2/5 7/22
just [3] 6/17 7/21 7/23
JUSTIN [2] 2/6 4/15

**K**

kind [1] 6/5
know [6] 6/7 6/24 6/25 7/14 7/23 7/25

**L**

Lara [2] 2/9 4/22
least [1] 5/9
LEONARD [3] 2/9 4/20 4/22
let [4] 5/23 6/17 6/22 7/23
let's [2] 4/9 5/11
like [2] 6/11 6/25
little [1] 7/8
live [1] 6/18
LLC [4] 1/7 2/11 4/8 5/3
LOCATION [1] 1/15
look [1] 7/4
LUNA [4] 2/6 4/14 4/16 7/7

**M**

mail [1] 7/16
Mainstreet [2] 2/6 4/16
make [3] 5/5 7/2 7/19

**M**

may [1] 6/15
me [2] 6/17 6/22
mean [1] 6/10
meanwhile [1] 6/4
MIDDLE [2] 1/2 4/3
moment [1] 6/18
monitoring [1] 7/14
morning [7] 4/7 4/11 4/15 4/21 4/24 5/1 7/6
most [1] 5/15
Mr [9] 3/2 3/8 4/14 5/7 5/25 7/7 7/10 7/18 7/24
Mr. [2] 4/20 4/25
Mr. Leonard [1] 4/20
Mr. Washington [1] 4/25
Ms [1] 4/10
my [3] 6/18 6/19 9/7

**N**

necessary [2] 6/12 6/15
need [1] 6/5
NO [7] 1/4 5/6 5/21 6/14 7/6 7/13 8/2
none [1] 5/13
NOR [1] 9/12
not [3] 5/6 6/10 9/10
NOTARY [2] 9/6 9/20
note [1] 7/2
nothing [1] 7/9
notices [1] 7/11
NOVEMBER [2] 1/13 9/13
now [3] 4/4 6/12 6/15
number [2] 4/9 6/25

**O**

object [2] 3/8 6/8
objections [2] 5/10 6/16
Obviously [1] 5/19
office [2] 7/4 9/7
oh [1] 7/18
okay [14]
on [19]
or [3] 5/10 6/11 6/12
ORANGE [1] 9/4
order [1] 7/10
ORLANDO [2] 1/3 1/16
other [1] 7/8
out [2] 5/21 7/15

**P**

Pacer [1] 7/14
paper [1] 6/7
part [1] 6/7
PARTIES [1] 9/11
PEDIXON [2] 2/5 7/22
PERSON [1] 2/2
plan [4] 4/17 5/21 6/16 6/18
Please [1] 4/7
position [2] 8/1 8/2
prejudice [2] 6/22 6/24
presiding [1] 4/5
Pro [2] 2/4 4/17
proceeding [1] 8/9
PROCEEDINGS [1] 9/8
proponent [1] 4/18
PUBLIC [2] 9/6 9/20
pull [1] 6/17

**Q**

quite [1] 8/5

**R**

raincoat [1] 8/6
RE [1] 1/6
ready [2] 5/15 7/15
REAL [2] 1/7 4/8
reason [1] 5/20
received [2] 5/11 5/13
RECORD [1] 9/9
RECORDING [1] 9/8
regarding [1] 3/2
RELATIVE [1] 9/10
REPORTER [2] 3/9 9/2
Request [1] 3/6
responses [1] 5/10
reviewed [1] 5/22
RHYS [2] 2/9 4/22
right [7] 5/4 6/4 6/23 7/5 7/17 8/3 8/7
rise [1] 4/2
ROBSON [2] 1/12 4/5
RPR [1] 9/19
ruling [3] 3/5 3/6 6/8

**S**

SANDRA [2] 9/6 9/19
save [1] 4/5
Se [2] 2/4 4/17
seated [1] 4/7
see [4] 5/8 5/11 7/7 8/5
separate [1] 5/19
separately [1] 6/11
session [1] 4/4
set [2] 6/6 6/10
should [1] 7/6
shouldn't [1] 5/20
slip [1] 5/11
so [16]
solicit [1] 5/24
solicitation [1] 7/25
something [2] 7/1 8/5
STATE [2] 9/3 9/20
statement [5] 3/4 5/8 5/18 5/21 7/25
STATES [5] 1/2 1/15 4/2 4/6 4/12
still [1] 6/14
STREET [1] 1/15

**T**

take [4] 4/9 6/2 7/3 8/1
takes [1] 6/6
taking [1] 5/25
talked [1] 5/14
Tamamoi [2] 2/11 5/3
Thank [1] 5/4
that [14]
that's [1] 6/6
then [8] 4/19 5/22 6/23 7/7 7/9 7/10 7/18 8/7
there [3] 5/4 5/9 8/6
there's [1] 7/9
think [6] 5/14 6/12 6/12 6/14 6/18 7/3
Third [4] 3/2 5/7 5/17 7/24
this [6] 4/6 7/6 7/13 7/16 8/4 9/13
thorough [1] 5/23
time [2] 1/14 5/10
today [1] 6/6
TRANSCRIBE [1] 9/7
TRANSCRIPT [1] 9/9
TRUE [1] 9/9
Trust [2] 2/11 5/3
Trustee [4] 2/3 2/9 4/13 4/23
Trustee's [1] 6/16

**U**

U.S [1] 2/3
UNITED [5] 1/2 1/15 4/2 4/5 4/12
until [1] 8/7

**V**

variety [1] 5/14
very [2] 5/22 7/17
VIA [1] 2/8
votes [1] 5/25
voting [1] 6/16

**W**

want [2] 5/16 7/18
wanted [2] 5/5 8/1
was [2] 8/9 9/7
WASHINGTON [4] 1/15 2/10 4/25 5/2
watching [1] 7/21
we [3] 5/20 6/5 7/5
we'll [3] 5/23 7/2 7/7
we're [4] 4/8 5/7 7/19 7/19
weather [1] 8/4
well [3] 6/20 7/8 8/3
were [1] 5/9
WEST [1] 1/15
what [1] 6/5
when [2] 7/4 7/14
WHEREUPON [1] 8/9
whether [1] 5/9
who [1] 6/15
why [2] 5/20 6/11
will [2] 6/2 6/16
withdraw [1] 6/21
withdrawn [2] 3/8 6/24
without [2] 6/21 6/24

**Y**

Yes [1] 6/9
yesterday [1] 5/9
you [12]
you'll [1] 5/25
you're [1] 8/5
you've [1] 5/11
your [10]

**Z**

ZOOM [2] 2/8 4/19
ZPD [1] 2/5